**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 07-21403-Civ-COHN/SNOW**

ANTONIO HERNANDEZ, Individually and
on behalf of all others similarly situated,

                Plaintiff,

v.

INTERNET GAMING ENTERTAINMENT, LTD.,
a foreign corporation, and

IGE U.S. LLC.,
a Delaware corporation,

                Defendants.
_____/

**SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFFS' RESPONSE IN
OPPOSITION TO IGE U.S., LLC'S MOTION TO STAY THIS ACTION PENDING
ARBITRATION, OR ALTERNATIVELY, MOTION TO DISMISS
ANY NON-ARBITRABLE CLAIMS FOR IMPROPER VENUE**

Plaintiff, ANTONIO HERNANDEZ, by and through undersigned counsel, hereby notifies the Court of supplemental authority in support of Plaintiffs' response in opposition to Defendant, IGE U.S., LLC n/k/a AFFINITY MEDIA HOLDINGS, LLC's ("IGE US"), Motion to Stay this Action Pending Arbitration, or Alternatively, Motion to Dismiss Any Non-Arbitrable Claims for Improper Venue. Specifically, Plaintiff notifies the Court of the following:

**Supplemental Authority**

On November 26, 2007, Florida's First District Court of Appeal filed its opinion in

*S.D.S. Autos, Inc. v. Chrzanowski*, 2007 WL 4145222 (Fla. 1st DCA Nov. 26, 2007)[1] addressing the enforceability of a binding arbitration provision that contains an express class action waiver against consumers who file class action claims under Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA").

In *Chrzanowski*, the court held "that the contractual provisions at issue here which purport to prohibit consumers from pursuing class relief for small but numerous claims […] are irreconcilably at odds with the remedial purposes of FDUTPA, contrary to public policy, and unenforceable for that reason." *Id.* at 9  This holding was based, in part, upon the court's acknowledgement that it has previously "held that an arbitration agreement that defeats the remedial purpose of the statute upon which an action is based or deprives the plaintiff of the ability to obtain meaningful relief for alleged statutory violations is unenforceable for public policy reasons." *Id.* at 5 (internal marks and citations omitted).

Based upon *Chrzanowski*, IGE US' motion to stay these proceedings pending arbitration should be denied.  Forcing Plaintiffs to arbitrate their class action claims would effectively prevent them from obtaining the meaningful relief FDUTPA was enacted to afford.

---

[1] This opinion has not yet been released for publication in the permanent law reports.  Until it is released it is subject to revisions or withdrawal.  A copy of this opinion is attached hereto as **Exhibit "A"**.

Respectfully submitted this 29th day of November, 2007.

          s/ C. Richard Newsome
          C. RICHARD NEWSOME, ESQUIRE
          Florida Bar No.: 827258
          Email: newsome@newsomelaw.com
          Newsome Law Firm
          20 N. Orange Ave., Suite 800
          Orlando, Florida 32801
          Telephone: (407) 648-5977
          Facsimile: (407) 648-5282

          DONALD E. HAVILAND, JR., ESQUIRE
          Pennsylvania Bar No.: 66615
          Email: haviland@havilandlaw.com
          MICHAEL J. LORUSSO, ESQUIRE
          Pennsylvania Bar No.: 203684
          Email: lorusso@havilandlaw.com
          The Haviland Law Firm, LLC
          740 S. Third Street, Third Floor
          Philadelphia, PA 19147
          Telephone: (215) 609-4661
          Facsimile: (215) 392-4400

          Attorneys for Plaintiff,
          Antonio Hernandez and the Class

4

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on this 29th day of November, 2007, with the Clerk of Court using the CM/ECF system which will send notice of electronic filing to:

Scott D. Richburg
C. Ryan Maloney
Foley & Lardner LLP
One Independent Drive, Suite 1300
Jacksonville, FL 32201-0240

Richard S. Davis
Foley & Lardner LLP
111 North Orange Avenue, Suite 1800
Orlando, FL 32801-2386

s/ C. Richard Newsome
Florida Bar No.: 827258
Newsome Law Firm