UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ANTONIO HERNANDEZ, Individually and
on behalf of all others similarly situated,

    Plaintiff,

v.

INTERNET GAMING ENTERTAINMENT,
LTD., a foreign corporation, and

IGE U.S., LLC., a Delaware corporation,

    Defendants,

Case No. 07-CIV-21403-COHN/SELTZER

### DEFENDANT, IGE U.S., LLC'S NOTICE OF WITHDRAWAL OF ITS MOTION TO STAY THIS ACTION PENDING ARBITRATION, OR ALTERNATIVELY, MOTION TO DISMISS ANY NON-ARBITRABLE CLAIMS FOR IMPROPER VENUE, AND _UNOPPOSED_ MOTION TO SET DEADLINE TO ANSWER AMENDED COMPLAINT

    Defendant, IGE U.S., LLC n/k/a Affinity Media Holdings, LLC, ("IGE US") hereby gives notice of its withdrawal of its pending Motion to Stay this Action Pending Arbitration, or Alternatively, Motion to Dismiss Any Non-Arbitrable Claims for Improper Venue ("Motion to Stay/Dismiss"), (Dkt. 20 and 21), and moves that the Court enter an order providing that IGE US may file its answer and affirmative defenses to Plaintiff, Antonio Hernandez's ("Plaintiff") Amended Class Action Complaint (Dkt. 5) within twenty (20) days of the date of the Court's order on this motion. In support thereof, IGE US would show the Court as follows:

    1. Plaintiff bases his claims against IGE US in his Amended Class Action Complaint upon the provisions of two agreements, a Terms of Use Agreement ("ToU") and a End User

License Agreement ("EULA") which Plaintiff asserts exists between IGE US and Blizzard Entertainment ("Blizzard").[1]

2. Specifically, Plaintiff expressly asserts that "Defendants . . . entered into valid contracts with Blizzard Entertainment by creating *World of Warcraft* accounts and agreeing to the EULA and ToU." Amended Complaint, ¶ 44. Plaintiff also asserts that he is an intended third party beneficiary of such contracts, with rights to enforce the ToU and EULA agreements against IGE US. See Amended Complaint, ¶ 46.

3. Both the ToU and EULA contain mandatory dispute resolution and arbitration provisions. They also contain forum selection provisions which apply to any non-arbitrable claims and require any litigation to be brought in California. (See IGE US Motion to Stay/Dismiss, pp. 3-5 and 18).

4. In response to Plaintiff's claims based on the ToU and EULA, IGE US filed its Motion to Stay/Dismiss, requesting that the Court apply the dispute resolution and arbitration provisions, as well as the forum selection provisions, of the ToU and EULA agreements Plaintiff seeks to invoke, to Plaintiff's own claims. (Dkt. 20 and 21).

5. In Plaintiff's Response in Opposition to the Motion to Stay/Dismiss (Dkt. 28), Plaintiff has changed his position, and for the first time, now raises questions as to the existence of the very ToU or EULA agreements between IGE US and Blizzard upon which Plaintiff asserts his claims. Opposition, pp. 9-13.

6. Due to Plaintiff's changing positions in the litigation, IGE US believes that the question of whether Plaintiff's claims are subject to arbitration presents factual issues about the

---

[1] Blizzard is the creator and owner of the subject World of Warcraft game. Blizzard is a non-party to this action.

existence, validity and applicability of the ToU and EULA which should be resolved in the context of an affirmative defense to Plaintiff's claims.

7. Accordingly, IGE US withdraws its Motion to Stay/Dismiss at this time so that it may file an answer and affirmative defenses to Plaintiff's Amended Complaint and have the Court resolve the preliminary issues related to the existence of any applicable ToU and/or EULA. IGE US does so subject to and without waiving its right to seek to compel arbitration of Plaintiff's claims to the extent IGE US is determined to be a party to or otherwise bound by the ToU or EULA.

8. IGE US also requests that the Court allow IGE US to file its answer and affirmative defenses within twenty (20) days of the date of the Court's order on this motion, to allow IGE US's counsel sufficient time, particularly in light of the holiday season, to prepare an answer and affirmative defenses to the Amended Complaint, and to review that pleading with IGE US. Such timing will not delay the disposition of this action. As the Court is aware from prior pleadings and orders, the second defendant to this lawsuit, Internet Gaming Entertainment, Ltd., a foreign corporation, has not yet been served with process. The Court has set a December 31, 2007 deadline for such action. (Dkt. 9).

**Local Rule 7.1 Certification**

Pursuant to Local Rule 7.1, counsel for IGE US has conferred with counsel for Plaintiff, who stated that he does not object to the requested extension.

WHEREFORE, Defendant, IGE US withdraws its Motion to Stay/Dismiss and moves the Court to enter an order providing that IGE US may file its answer and affirmative defenses to Plaintiff, Antonio Hernandez's ("Plaintiff") Amended Class Action Complaint (Dkt. 5) within

twenty (20) days of the date of the Court's order on this Motion, together with such other and further relief as the Court deems just and proper.

**FOLEY & LARDNER LLP**

   /s/ Scott D. Richburg            
Scott D. Richburg
Florida Bar No. 0064475
srichburg@foley.com
C. Ryan Maloney
Florida Bar No. 0652903
cmaloney@foley.com
Foley & Lardner LLP
One Independent Drive, Suite 1300
Jacksonville, FL 32202-5017
P. O. Box 240
Jacksonville, FL 32201-0240
Telephone: 904.359.2000
Facsimile: 904.359.8700

and

Richard S. Davis
Florida Bar No. 0991082
rdavis@foley.com
Foley & Lardner LLP
111 North Orange Avenue
Suite 1800
Orlando, FL 32801-2386
Phone: 407-423-7656
Fax: 407-648-1743

Attorneys for Defendant, IGE U.S., LLC

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on this 10th day of December, 2007, with the Clerk of the Court using the CM/ECF system which will send notice of the electronic filing to:

| | |
|---|---|
| C. Richard Newsome<br>Newsome Law Firm<br>20 N. Orange Avenue, Suite 800<br>Orlando, FL  32801 | Donald E. Haviland, Jr.<br>The Haviland law Firm, LLC<br>740 S. Third Street, Third Floor<br>Philadelphia, PA  19147 |

                                                 /s/  Scott D. Richburg
                                      Attorney