UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ANTONIO HERNANDEZ, Individually and
on behalf of all others similarly situated,

    Plaintiff,

v.

INTERNET GAMING ENTERTAINMENT,
LTD., a foreign corporation, and

IGE U.S., LLC., a Delaware corporation,

    Defendants,

Case No. 07-CIV-21403-
COHN/SELTZER

**DEFENDANT IGE U.S., LLC'S ANSWER AND AFFIRMATIVE DEFENSES
TO AMENDED CLASS ACTION COMPLAINT**

Defendant, IGE U.S., LLC n/k/a Affinity Media Holdings, LLC, ("IGE US") answers the respectively numbered allegations of Plaintiff Antonio Hernandez's ("Plaintiff") Amended Class Action Complaint as follows:

**I.**   **Preliminary Statement**

    1. Denied.

    2. As to the first sentence of paragraph 2, admitted only that Internet Gaming Entertainment, Ltd. ("IGE Hong Kong") was involved in certain transactions involving virtual property or currency in connection with the World of Warcraft platform; otherwise, denied. As to the second sentence of paragraph 2, admitted only that the process of selling virtual assets for "real money" is commonly referred to as "real money trade" or "RMT," but denied that RMT involves "generating" such assets or "gold farming," and denied that IGE US or IGE Hong Kong

ever engaged in "gold farming," otherwise, denied.

 3. Denied.

 4. Denied.

## II. Parties

 5. Without knowledge or information sufficient to form a belief; therefore denied.

 6. Admitted that IGE Hong Kong is a foreign entity with its principal place of business in China. Otherwise, denied.

 7. Admitted that IGE US is a Delaware limited liability company and was previously an affiliated company of IGE Hong Kong. Otherwise, denied.

## III. Jurisdiction and Venue

 8. Denied.

 9. Admit that this suit was filed in Miami, Florida; otherwise, denied. Specifically, while IGE US contests Plaintiff's standing to raise any claims under any contract, the ToU and the EULA cited by Plaintiff have mandatory dispute resolution clauses calling for any litigation filed to be heard in the County of Los Angeles, State of California.

 10. Denied.

 11. Denied.

## IV. Facts

 12. Admitted that "Virtual Worlds" are commonly referred to as "massively populated persistent worlds," "synthetic worlds," and "massively multiplayer online role playing games" ("MMORPGS"). Admitted that Virtual Worlds are commonly online computer-generated environments that a large number of consumers can access simultaneously. Otherwise, without knowledge or information sufficient to form a belief, therefore, denied.

13. Without knowledge or information sufficient to form a belief; therefore denied.

14. Denied.

15. Without knowledge or information sufficient to form a belief; therefore denied.

16. Without knowledge or information sufficient to form a belief; therefore denied.

17. Without knowledge or information sufficient to form a belief; therefore denied.

18. Without knowledge or information sufficient to form a belief; therefore denied.

19. Without knowledge or information sufficient to form a belief; therefore denied.

20. Admitted that the World of Warcraft platform utilizes virtual currency for the purposes set forth in that virtual world. Otherwise, denied.

21. Admitted that the World of Warcraft platform incorporates a virtual auction house that has specified features and attributes. Otherwise, denied.

22. Without knowledge or information sufficient to form a belief; therefore denied.

23. Denied.

24. Exhibit B is quoted misleadingly, out of context, and only in part, therefore, denied.

25. Denied.

26. Neither IGE US nor IGE Hong Kong currently operate the website, www.ige.com. Moreover, the mechanics and process of the various transactions that can be accessed through the website www.ige.com varied over time. Therefore, denied as to all parts of this paragraph.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

JACK_803799.1

32. As to the first and second sentences of paragraph 32, without knowledge or information sufficient to form a belief, therefore, denied. As to the remaining allegations of paragraph 32, denied.

V.   **Class Action Allegations**

33. Admitted only that Plaintiff seeks to represent such classes, but denied that Plaintiff or any of the purported class members have any valid claims, and further denied that this action is appropriate for class action status under Fed. R. Civ. P. 23; otherwise denied.

34. Denied that this action is properly maintainable as a class action under Fed. R. Civ. P. 23.

35. Denied as to the first sentence of paragraph 35. As to the second sentence of paragraph 35, without knowledge or information sufficient to form a belief as to the numbers of subscribers to the World of Warcraft platform in North America, therefore, denied. As to the third sentence of paragraph 35, denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

VI.  **Causes of Action**

## CLAIM I
### Breach of Third Party Beneficiary Contract

43. IGE US incorporates herein by reference its responses to paragraphs 1-42 above.

44. As to the first sentence of paragraph 44, denied that IGE US is a party to the ToU or EULA with Blizzard. As to the second sentence of paragraph 44, without knowledge or information sufficient to form a belief; therefore denied. Otherwise, denied.

45. Admitted that IGE US is not a party to any agreement with Blizzard, therefore, admitted that Plaintiff likewise is not a party to any such agreement.

46. Denied.

47. Denied.

48. Denied.

## CLAIM II
**Conspiracy to Breach Third-Party Beneficiary Contract**

49. IGE US incorporates herein by reference its responses to paragraphs 1-42 above.

50. Denied.

51. Denied.

52. Denied.

## CLAIM III
**Violation of the Computer Fraud and Abuse Act**
**(18 U.S.C.A. § 1030)**

53. IGE US incorporates herein by reference its responses to paragraphs 1-42 above.

54. Denied.

55. The respective ToUs vary over time and speak for themselves. Otherwise, denied.

56. The respective EULAs vary over time and speak for themselves. Otherwise, denied.

57. Denied.

58. Denied.

59. Denied.

5

60. Denied.

61. Denied.

62. Denied.

63. Admitted only that Plaintiff seeks compensatory damages, but denied that Plaintiff is entitled to any damages.

64. Denied.

### CLAIM IV
### Violation of the Florida's Deceptive And Unfair Trade Practices Act

65. IGE US incorporates herein by reference its responses to paragraphs 1-42 above.

66. Admitted only that Plaintiff asserts claims under the Act, but denied that Plaintiff has standing to bring any such claims, that IGE US has violated the Act, or that Plaintiff is entitled to any damages.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Admitted only that Plaintiff seeks such relief and purports to represent certain classes, but denied that Plaintiff is entitled to any relief or that this action is properly maintainable as a class action under Fed. R. Civ. P. 23; otherwise denied.

72. Denied.

### CLAIM V
### Violation of Consumer Protection Statutes Of Remaining 49 States, District of Columbia and Puerto Rico

73. IGE US incorporates herein by reference its responses to paragraphs 1-42 above.

74. As to the first sentence of paragraph 74, denied that Plaintiff or any of the other putative class members are consumers, and without knowledge or information sufficient to form a belief, and therefore, denied as to the remainder of the first sentence of paragraph 74. As to second and third sentences of paragraph 74, without knowledge or information sufficient to form a belief, therefore, denied.

75. Denied.

76. Denied.

## CLAIM VI
### Conspiracy

77. IGE US incorporates herein by reference its responses to paragraphs 1-42 above.

78. Denied.

79. Denied.

80. Denied.

## CLAIM VII
### Tortious Interference with Business Relationship

81. IGE US incorporates herein by reference its responses to all preceding paragraphs above.

82. Without knowledge or information sufficient to form a belief; therefore denied.

83. Denied.

84. Denied.

85. Denied.

## CLAIM VIII
### Conspiracy to Engage in Tortious Interference With Business Relationship

86. IGE US incorporates herein by reference its responses to paragraphs 1-42 above.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

## CLAIM IX
### Trespass to Chattel

91. IGE US incorporates herein by reference its responses to paragraphs 1-42 above

92. Denied.

93. The various ToUs in place from time to time speak for themselves. Otherwise, denied.

94. The various EULAs in place from time to time speak for themselves. Otherwise, denied.

95. Denied.

96. Denied.

97. Denied.

## AFFIRMATIVE DEFENSES

In further defense of this matter, and without admitting that it has the burden of proving any of the following matters, IGE US asserts the following affirmative defenses.

### FIRST AFFIRMATIVE DEFENSE
#### (Arbitration/Venue)

All of Plaintiff's claims are related to the ToU and EULA which Plaintiff alleges exist between IGE US and Blizzard Entertainment ("Blizzard"). To the extent the Court determines that IGE US is a party to, or otherwise bound by, the ToU or EULA, which IGE US denies, all of Plaintiff's claims must be arbitrated in accordance with the mandatory dispute resolution and

arbitration provisions of the ToU and EULA. Moreover, any non-arbitral claims, if any, are required to be litigated in the County of Los Angeles, State of California.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State Claim)

Each and every claim in Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

Upon information and belief, Plaintiff, and Plaintiff's Counsel, engaged in the practice of RMT for their own personal use, enjoyment, benefit and gain. As such, Plaintiff is estopped from seeking the relief claimed in Plaintiff's Amended Complaint.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff waived any claim in connection with RMT as set forth in Plaintiff's Complaint by his, and his counsel's, engaging in RMT, upon information and belief, for their own personal use, enjoyment, benefit and gain.

## FIFTH AFFIRMATIVE DEFENSE

### (Prior Breach)

Plaintiff is barred from any recovery due to his prior breach of the contracts at issue through his participation in RMT and other activities.

## SIXTH AFFIRMATIVE DEFENSE

### (Conditions Precedent)

To the extent the Court determines that IGE US is a party to, or otherwise bound by, the

JACK_803799.1

ToU or EULA, which IGE US denies, Plaintiff is barred from any recovery by his failure to satisfy all conditions precedent specifically including but not limited to failure to provide notice, failure to engage in the required informal negotiations, and failure to conform to the alternative dispute resolution provisions of the relevant agreements.

## SEVENTH AFFIRMATIVE DEFENSE

### (Standing)

Plaintiff lacks standing to bring the current action as he has no ownership or other rights at issue.

## EIGHTH AFFIRMATIVE DEFENSE

### (Contractual Limitations)

To the extent the Court determines that IGE US is a party to, or otherwise bound by, the ToU or EULA, and that Plaintiff is a third party beneficiary of such contracts, which IGE US denies, Plaintiff's claims are barred or limited by the terms of the ToU and/or EULA.

## NINTH AFFIRMATIVE DEFENSE

### (No Conspiracy Without Underlying Claim)

A conspiracy is not actionable in and of itself, but instead requires that there be an actionable underlying tort or wrong which is the object of the conspiracy. In this case, Plaintiff's claims for conspiracy are barred by the failure of Plaintiff's underlying claims to state a claim upon which relief may be granted.

## TENTH AFFIRMATIVE DEFENSE

### (Economic Loss Rule)

To the extent the Court determines that IGE US is a party to, or otherwise bound by, the ToU or EULA, and that Plaintiff is a third party beneficiary of such contracts, which IGE US

denies, Plaintiff's tort and conspiracy claims are barred by the economic loss rule.

### ELEVENTH AFFIRMATIVE DEFENSE

### (No Damages)

Plaintiff has not suffered any actionable "damage," as that term is defined in the Computer Fraud and Abuse Act (CFAA), much less the amount of damage necessary to assert a private right of action under the CFAA. Moreover, the CFAA is inapplicable to Plaintiff's claims.

### TWELFTH AFFIRMATIVE DEFENSE

### (Plaintiff Not a Consumer)

With respect to IGE US, Plaintiff is not a "consumer" under the Florida Deceptive and Unfair Trade Practices Act (FDUTPA), or the consumer protection statutes of any other state or territory. Therefore, Plaintiff has no claim against IGE US under FDUTPA, or any other consumer protection statute.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (No Malice)

Even if Plaintiff's allegations are true, which IGE US denies, IGE US did not act with malice or ill will towards Plaintiff or any alleged business relationship of Plaintiff. Therefore, Plaintiff has no claim for tortious interference with business relationship.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (No Direct Interference)

Even if Plaintiff's allegations are true, which IGE US denies, any alleged interference with Plaintiff's business relationship with Blizzard was only an indirect, and not a direct, result of any alleged actions by IGE US. Therefore, Plaintiff has no tortious interference claim against

IGE US.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Privileged Action)

Even if Plaintiff's allegations are true, which IGE US denies, any alleged actions by IGE US were taken only to promote IGE US's own economic self interest, and are therefore justified and privileged and may not form the basis of a tortious interference claim.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Chattel)

The trespass to chattel cause of action only applies to tangible, movable personal property. Plaintiff only alleges interference with intangible and amorphous alleged property rights, and thus has no claim for trespass to chattel.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Property Rights)

Alternatively, Plaintiff agreed in the ToU and EULA that he had no ownership or property rights with respect to anything in World of Warcraft. Accordingly, Plaintiff has no claim for trespass to chattel.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Conflicting Interests)

Plaintiff has interests which conflict with those of the putative class.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Standing to Assert Class Claims)

Plaintiff lacks standing to assert some or all of his claims against IGE US and to represent any putative class with regard to those claims.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Lack of Numerosity)

Class certification is inappropriate in this action because the alleged class members are not so numerous that separate joinder of each member is impracticable.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Lack of Commonality)

Class certification is inappropriate because the claims of or defenses to each claim of Plaintiff do not raise questions of law or fact which are common to the claims of or defenses to the claims of each member of the putative class.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Lack of Typicality)

Class certification is inappropriate because the claims of or defenses to each claim of Plaintiff are not typical of the claims of or defenses to the claims of each member of the putative class.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Lack of Adequacy)

Plaintiff cannot maintain this action as a class action because Plaintiff cannot fairly and adequately protect and represent the interests of each member of the class.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Lack of Superiority)

Class certification is inappropriate because Plaintiff cannot demonstrate that class litigation is superior to other available means for adjudication of the claims raised in this case.

JACK_803799.1

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (No Risk of Inconsistent Adjudications)

Class certification is inappropriate because the prosecution of separate claims or defenses by or against individual members of the purported class will not create a risk of either inconsistent or varying adjudications which will establish incompatible standards of conduct applicable to either Plaintiff, members of the putative class or IGE US.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (No Risk of Inconsistent Adjudications)

Class certification is inappropriate because the prosecution of separate claims of or defenses to claims of Plaintiff and each member of the putative class will not create a risk of adjudications which would, as a practical matter, be dispositive of the interests of Plaintiff and each member of the putative class, or substantially impair or impede the ability of other members of the putative class to protect their interests.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Injunctive Relief Inappropriate)

Class certification is inappropriate because Defendants have not acted or refused to act on grounds generally applicable to all the members of the putative class and final injunctive or declaratory relief concerning the class as a whole is not appropriate.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (No Predominance)

Class certification is not appropriate because the questions of law or fact alleged to be common to the claims of or defenses to the claims of Plaintiff and the claims of or defenses to the claims of each member of the putative class do not predominate over any question of law or

fact affecting Plaintiff individually or individual members of the putative class, and class representation is not superior to other available methods for fair and efficient adjudication of the controversy.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Individual Interests)

Class certification is inappropriate because each member of the putative class has an interest in individually controlling the prosecution of separate claims or defenses.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Other Litigation)

Class certification is not appropriate because some of the members of the putative class may be involved in pending litigation in which questions of law or fact controverted in the subject action are to be adjudicated.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Improper and/or Inconvenient Forum)

Class certification is inappropriate because it is undesirable to concentrate the litigation in the forum where the subject action was instituted.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Class Action Method Not Superior)

Class certification is inappropriate because of the difficulties likely to be encountered in management of the claims of or defenses to claims on behalf of a class.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Class Action)

Plaintiff has failed to meet the pleading requirements of Fed. R. Civ. P. 23.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

**(Due Process)**

Class certification is inappropriate because trial of this case as a class action will deprive IGE US of due process of law in violation of the Constitution of the United States.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

**(Right to Jury Trial)**

Class certification is inappropriate because trial of this case as a class action will deprive IGE US of the right to a jury trial as guaranteed by Article 1, Section 22 of the Constitution of the State of Florida and the 7th Amendment to the Constitution of the United States.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

**(Statutes of Limitations)**

Plaintiff's claims are barred by the applicable statutes of limitations.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

**(Laches, Waiver and Estoppel)**

Plaintiff's claims are barred by the equitable doctrines of laches, waiver and estoppel.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

**(Damages Not Recoverable)**

The damages that Plaintiff seeks in the Amended Complaint are not recoverable or are otherwise limited under applicable law.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

**(Failure to Mitigate)**

Plaintiff has failed to mitigate his damages, if any.

### FORTIETH AFFIRMATIVE DEFENSE

### (Failure to Join All Claims)

Any putative claims available to Plaintiff but not joined in this action are barred for failure to assert those claims in the Amended Complaint.

### FORTY-FIRST AFFIRMATIVE DEFENSE

### (Bond)

Plaintiff's claims against IGE US under FDUTPA are frivolous and without legal or factual merit. Therefore, Plaintiff should be required to post a bond in an amount which the Court finds reasonable to indemnify IGE US for any damages incurred in defending such action, including reasonable attorney's fees.

### FORTY-SECOND AFFIRMATIVE DEFENSE

### (Personal Jurisdiction)

This Court lacks personal jurisdiction over IGE US.

### FORTY-THIRD AFFIRMATIVE DEFENSE

### (ToU and EULA Unenforceable)

The prohibitions on RMT or transfers of virtual assets within the ToU and the EULA are unenforceable.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

### (Additional Defenses)

IGE US reserves the right to raise additional defenses which may become known during further investigation and discovery in this case.

WHEREFORE, Defendant IGE US LLC, n/k/a Affinity Media Holdings LLC prays that: (1) Plaintiff take nothing by way of his Amended Class Action Complaint, (2) the same be

dismissed with prejudice, (3) that Defendants go hence without day, (4) that IGE US be awarded its costs, including its reasonable attorneys' fees, and (5) such other and further relief as the Court deems just and proper.

                **FOLEY & LARDNER LLP**

                Scott D. Richburg
                Florida Bar No. 0064475
                srichburg@foley.com
                C. Ryan Maloney
                Florida Bar No. 0652903
                cmaloney@foley.com
                Foley & Lardner LLP
                One Independent Drive, Suite 1300
                Jacksonville, FL 32202-5017
                P. O. Box 240
                Jacksonville, FL 32201-0240
                Telephone: 904.359.2000
                Facsimile: 904.359.8700

                and

                Richard S. Davis
                Florida Bar No. 0991082
                rdavis@foley.com
                Foley & Lardner LLP
                111 North Orange Avenue
                Suite 1800
                Orlando, FL 32801-2386
                Phone: 407-423-7656
                Fax: 407-648-1743

                Attorneys for Defendant, IGE U.S., LLC

JACK_803799.1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed on this 3rd day of January, 2008, with the Clerk of the Court using the CM/ELF system which will send notice of the electronic filing to:

C. Richard Newsome  
Newsome Law Firm  
20 N. Orange Avenue, Suite 800  
Orlando, FL 32801

Donald E. Haviland, Jr.  
The Haviland law Firm, LLC  
740 S. Third Street, Third Floor  
Philadelphia, PA 19147

_____  
Attorney