UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 07-21403-CIV-COHN/SELTZER

**ANTONIO HERNANDEZ,**
Individually and on behalf of all
others similarly situated,

        Plaintiff,

v.

**IGE U.S. LLC,**
a Delaware corporation,

        Defendant.
_____/

## JOINT MOTION TO AMEND SCHEDULING ORDER
## WITH INCORPORATED MEMORANDUM OF LAW

Pursuant to Rule 26 of the Federal Rules of Civil Procedure and Local Rule 16.1, Plaintiff Antonio Hernandez ("Mr. Hernandez") and Defendant IGE U.S. LLC ("IGE U.S.") (together, "the Parties") jointly move this Court to amend the November 15, 2007 Scheduling Order to enlarge the pretrial deadlines and to postpone the scheduled August 2008 trial date.

The current Scheduling Order [D.E. 27] assigns this putative class action to the Court's expedited track or "rocket docket." *See* S.D. Fla. L.R. 16.1.A.[1] For reasons that follow, an expedited case management plan is inappropriate for this action involving a putative Class numbering two million people. *See id.*; Fed. R. Civ. P. 23; Amended Class Action Complaint ¶

---

[1] The "Differentiated Case Management" system in Local Rule 16.1 specifies three case management tracks. The "Expedited" track is reserved for "non-complex case[s] requiring only one to three days of trial," and contemplates that discovery will be completed within 90 to 179 of the date of the scheduling order. *See* S.D. Fla. L.R. 16.1.A.2. Under the Court's November 15, 2007 Scheduling Order [D.E. 27], discovery is scheduled to be completed within 174 days.

{M2674043;1}

35 [D.E. 5]. The Scheduling Order does not account for the realities of class action litigation, such as increased discovery burdens and the need for prompt consideration of Rule 23 class certification. The Scheduling Order also does not afford the undersigned counsel for IGE U.S. the time needed to adequately prepare for and advance this case.

The Parties therefore request that the Court amend the Scheduling Order to give them sufficient time to explore and to brief any Rule 23 certification issues and to engage in discovery on the requested declaratory and injunctive relief, class issues, the merits and damages. The Parties further request the Court to postpone the trial date, which is presently scheduled for the three-week period commencing of August 4, 2008 [D.E. 27]. A proposed Amended Scheduling Order is attached as **Exhibit A**.

In support of this motion, the Parties state as follows:

## MEMORANDUM OF LAW

### I. BACKGROUND AND RELEVANT PROCEDURAL HISTORY

This is a class action brought by Mr. Hernandez pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332, purportedly on behalf of all persons in the United States who purchased and played the online video game "World of Warcraft" since November 2004 – a Class allegedly comprising some two million people. *See* Amended Class Action Complaint ¶ 33 & 35. Hernandez filed the Amended Class Action Complaint ("the Amended Complaint") [D.E. 5-1] on August 17, 2007. At the time, IGE U.S. was represented by the law firm Foley & Lardner, LLP.

The Amended Complaint alleges transgressions by IGE U.S. spanning several years and involving numerous alleged "co-conspirators." Among other things, Mr. Hernandez contends that by enabling other World of Warcraft subscribers to use real money to purchase virtual "gold" for use in the game, IGE U.S. has violated the explicit Terms of Use ("TOU") and End User

License Agreement ("EULA") agreed to by all subscribers, including Mr. Hernandez and members of the the Class.

The Amended Complaint sets forth nine (9) separate causes of action against IGE U.S. including, among other claims, Breach of Third-Party Beneficiary Contract (Amended Cmplt. ¶¶ 43-48), violation of the Computer Fraud and Abuse Act (*id.* ¶¶ 53-64), violations of "Consumer Protection Statutes" in all fifty states, the District of Columbia, and Puerto Rico (*id.* ¶¶ 65-76), "Conspiracy" (*id.* ¶¶ 77-80), and tortious interference (*id.* ¶¶ 81-85). On behalf of the putative class, Mr. Hernandez seeks declaratory and injunctive relief, compensatory damages, treble damages, disgorgement, and an award of attorneys' fees and costs.

Twelve days after this action was commenced, the Court entered an order that, among other things, scheduled a trial for March 10, 2008 [D.E. 2]. Service of process was not made on IGE U.S. until September 5, 2007. *See* Return of Service [D.E. 10]. IGE U.S. then moved for an extension of time in which to file an Answer [D.E. 13], which motion the Court granted [D.E. 14]. The Court also continued the trial date until the three-week period commencing August 4, 2008 on the stated ground that it had taken six months to obtain service of process on another defendant (who is no longer a party to this lawsuit). *Id.*

The Magistrate Judge entered the current Scheduling Order [D.E. 27] on November 15, 2007. There is no record of a written conference report filed by the parties in compliance with Local Rule 16.1.B.2, because the parties submitted their report orally. It appears that this case was assigned to an expedited case management track under Local Rule 16.1.A.2(a) in order to squeeze it into the previously-set trial date (August 4, 2008) without regard to the particular issues and case management requirements of class action litigation.

The undersigned attorneys for IGE U.S. first appeared in this action only two weeks ago, pursuant to a stipulation for substitution of counsel filed on March 31, 2008 [D.E. 42] and approved by the Court on April 2, 2008 [D.E. 43]. Since then, the undersigned attorneys have worked diligently to understand the numerous factually and legally complex claims presented by Mr. Hernandez and to digest the case file.

The November 15, 2007 Scheduling Order (attached hereto as **Exhibit B**) [D.E. 27] mandates a fact discovery deadline of May 9, 2008 – or a little over a month after undersigned counsel for IGE U.S. was retained – and an expert discovery deadline of May 23, 2008. Despite this expedited track, very little discovery had been completed in this action prior to the appearance of undersigned counsel.[2] In the past two weeks – since the undersigned was first retained – Mr. Hernandez has served IGE U.S. with two sets of requests for production (attached hereto as composite **Exhibit C**), and two sets of interrogatories (composite **Exhibit D**). By facsimile dated April 9, 2008, IGE U.S. served Mr. Hernandez with its First Request for Production and First Interrogatories (attached as **Exhibit E**).

The scope of the discovery sought by both parties is considerable, particularly in light of the expedited pretrial schedule. For example, one of Mr. Hernandez's requests for production seeks "all documents referring or relating to any method, practice, policy or strategy [considered or used] for marketing, promoting, selling or distributing any product or service." Exh. C, Request No. 5. This request alone seeks the production of a very large of volume of documents.

---

[2]   While the Parties here have been in able to work together in good faith to resolve many disputes, including the instant scheduling issues and certain discovery matters, Plaintiff's counsel contend that they tried unsuccessfully to obtain certain discovery from IGE U.S.'s predecessor counsel. The Parties expect to work cooperatively to materially advance the case going forward.

In addition to the foregoing discovery requests, Mr. Hernandez noticed last month a videotaped deposition of IGE U.S.'s corporate representative later <u>this month</u> (composite **Exhibit F**), as well as certain individual employee identified in IGE US' self disclosure. Six of the notices were served after the undersigned was retained in this matter. The numerous deposition dates are scheduled one after another at the end of April and the beginning of May. For obvious reasons, counsel for IGE U.S. has not had meaningful contact with these witnesses, let alone prepared them to be examined under oath.

## II. ARGUMENT

There are several concrete benefits to amending the Scheduling Order to account for the realities of this putative class action, and no real downside. As explained below, and as agreed by the Parties, allowing sufficient time to engage in discovery and to decide the class certification issues will facilitate an orderly, fair, and efficient disposition of this matter, and will not materially prejudice either side.

### A.   Amending the Scheduling Order Is Appropriate.

It is well within this Court's discretion to manage its docket by amending the Scheduling Order. Indeed, "[t]o make early class determination practicable and to best serve the ends of fairness and efficiency, courts may allow class wide discovery on the certification issue and postpone class wide discovery on the merits." *Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570-71 (11th Cir. 1992). Though the Parties do not anticipate the need for a bifurcated discovery schedule and do not request that relief here, the fact that courts routinely order phased discovery in this context, *see* MANUAL FOR COMPLEX LITIGATION § 21.14 at 256 (4th ed. 2004), underscores the need for a measured approach to discovery in class action

litigation. Rule 23 requires the Court to address the class certification issue promptly. Fed. R. Civ. P. 23(c).

It is imperative that this litigation – which involves nine separate causes of action and a putative class that includes (potentially) millions of people – proceed in an organized and efficient manner. Amending the Scheduling Order to provide for a realistic discovery period and trial date will further that goal. It will enable the Parties to give the issues in this case the considerable attention they demand.

The current fact discovery and expert discovery deadlines are May 9 and 23, 2008, respectively (Exh. B), yet the Parties have only just begun to request and to gather the voluminous documentation and information relevant to this lawsuit. It is readily apparent that each side will need <u>far</u> more time to identify, prepare and depose its many witnesses; to retrieve, review and exchange what promises to be a large volume of documents and complex information; to resolve any discovery disputes; to retain expert witnesses and perpetuate their testimony; and to fully brief and litigate the class certification issues and the merits of Mr. Hernandez's claims. In view of the above issues, this case requires somewhat more realistic time frames, like those afforded by the Court's complex case management track. *See* S.D. Fla. L.R. 16.1.A.2(c).

In short, enlarging the pretrial deadlines and postponing the trial date will serve the interests of justice by facilitating the just, speedy, and inexpensive disposition of this matter in accordance with Rule 1 of the Federal Rules of Civil Procedure, whereas adhering to the current expedited scheduled will serve the interests of no one.

### B.  Amending the Scheduling Order Will Promote Efficiency and Conserve Litigation Resources.

Enlarging discovery and postponing the trial date also will promote efficiency. For instance, potentially complicated damages discovery – which may not need to proceed if no class is certified on damages – should be avoided if possible. If the Court finds that Plaintiff's principal claim for declaratory and injunctive relief warrants certification of a Class pursuant to Rule 23(b)(2) of the Federal Rules, the relief that may be obtained may help streamline the issues going forward on the merits and damages. At the end of the class certification phase the Court may rule that the case should proceed with a different class or, as IGE U.S. believes, no class at all. Even putting aside IGE U.S.'s recent and unexpected retention of substitute counsel, discovery in this matter promises to impose a _substantial_ burden on IGE US. This is confirmed by a cursory review of the Parties' previously submitted document requests, which call for the review and production of a large volume of material. Expert discovery, too, promises to be substantial. To the extent this discovery burden can be reasonably alleviated without materially prejudicing the Parties, it should be.

### C.  Amending the Scheduling Order Will Not Prejudice Either Party.

The Parties agree that no one will be prejudiced by the relief requested herein. In the event the Class and class claims proposed by Mr. Hernandez are certified, the Class will be entitled to take whatever discovery is appropriate. On the other hand, adhering to the present "rocket docket" calendar will force the Parties to spend considerable time and effort attempting to complete certain arduous and potentially unnecessary discovery under an extremely tight deadline.

### III. CONCLUSION

For all the foregoing reasons, Defendant IGE U.S. LLC and Plaintiff Antonio Hernandez jointly request that the Court amend the current expedited Scheduling Order to enlarge the pretrial deadlines and to postpone the trial date. As set forth in the attached Amended Scheduling Order (Exh. A), the Court should allow fact discovery through September 15, 2008, and expert discovery through October 15, 2008. The Parties jointly propose that the trial in this matter be scheduled for the three-week period commencing February 16, 2009.

### CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1.A.3

Pursuant to Local Rule 7.1.A.3, undersigned counsel for IGE U.S. certifies that on August 15 and 16, 2008, they contacted Plaintiff's counsel, Don Haviland, to confer in a good faith effort to resolve the issues raised by this motion, and that Mr. Haviland agreed to the relief requested herein and agreed to file this motion jointly.

[This space left intentionally blank]

Dated: April 17, 2008

| | |
|---|---|
| **NEWSOME LAW FIRM**<br>20 North Orange Avenue<br>Suite 800<br>Orlando, Florida 32801<br>Tel. (407) 648-5977<br>Fax (407) 648-5252<br>email: newsome@newsomelaw.com<br><br>**THE HAVILAND LAW FIRM, LLC**<br>740 South Third Street, 3rd Floor<br>Philadelphia, Pennsylvania 19147<br>Tel. (215) 609-4661<br>Fax (215) 392-4400<br>email: haviland@havilandlaw.com<br><br><br>By: /s/ C. Richard Newsome<br>C. Richard Newsome<br>Florida Bar No. 827258<br>Donald E. Haviland, Jr.<br>Pennsylvania Bar No. 66615<br><br><br>*Attorneys for Plaintiff Antonio Hernandez* | **AKERMAN SENTERFITT**<br>One S.E. 3rd Avenue, 25th Floor<br>Miami, FL 33131-1714<br>Phone: (305) 374-5600<br>Fax: (305) 374-5095<br>Email: james.miller@akerman.com<br><br><br>By: /s/ Samuel S. Heywood<br>James M. Miller, Esq.<br>Florida Bar Number: 201308<br>Samuel S. Heywood, Esq.<br>Florida Bar Number: 0016604<br><br>*Attorneys for Defendant IGE U.S. LLC* |

## CERTIFICATE OF SERVICE

**I hereby certify** that true and accurate copies of the foregoing was served by using the Southern District of Florida's CM/ECF system on April 17, 2008, on all counsel or parties of record on the attached service list.

                                        By: /s/ Samuel S. Heywood
                                                Samuel S. Heywood, Esq.

## SERVICE LIST

*Hernandez v. IGE U.S. LLC*, Case No. 07-21403-CIV (COHN/SELTZER)

| | |
|---|---|
| C. Richard Newsome<br>newsome@newsomelaw.com<br>**NEWSOME LAW FIRM**<br>20 North Orange Avenue<br>Suite 800<br>Orlando, Florida 32801<br>Tel. (407) 648-5977<br>Fax (407) 648-5252<br><br>Donald E. Haviland, Jr.<br>haviland@havilandlaw.com<br>**THE HAVILAND LAW FIRM, LLC**<br>740 South Third Street, 3rd Floor<br>Philadelphia, Pennsylvania 19147<br>Tel. (215) 609-4661<br>Fax (215) 392-4400<br><br>*Attorneys for Plaintiff Antonio Hernandez* | James M. Miller, Esq.<br>james.miller@akerman.com<br>Samuel S. Heywood<br>samuel.heywood@akerman.com<br>**AKERMAN SENTERFITT**<br>One S.E. 3rd Avenue, 25th Floor<br>Miami, FL 33131-1714<br>Tel. (305) 374-5600<br>Fax (305) 374-5095<br><br><br><br><br><br><br><br>*Attorneys for Defendant IGE U.S. LLC* |