# EXHIBIT D

Dockets.Justia.com

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 07-21403-Civ

ANTONIO HERNANDEZ, Individually and )
on behalf of all others similarly situated, )
                                        )
               Plaintiff, )
                                          )
v.                                       )     **Class Action Complaint**
                                          )
INTERNET GAMING ENTERTAINMENT, LTD., )
a foreign corporation, and )
                                          )
IGE U.S. LLC., )
a Delaware corporation, )
                                          )
             Defendants. )
                                          )

## PLAINTIFF'S INTERROGATORIES DIRECTED TO DEFENDANT

Pursuant to Fed.R.Civ.P. 34(b), Plaintiff Antonio Hernandez, ("Plaintiff") hereby requests that Defendant, IGE U.S. LLC., responds to each of the following interrogatories within thirty (30) days of service hereof.

## DEFINITIONS

1.    As used herein, the following terms are defined as indicated:

    a.    "Defendant" means IGE U.S. LLC., and its predecessors, successors, subsidiaries, parent, branches, departments, divisions, or any of its affiliates, including, without limitation, any organization or entity in which Defendant has management or controlling interests, together with all present and former directors, officers, employees, agents, representatives or any other persons acting, or purporting to act, on behalf of the above identified persons or entities.

b.      "You," "your" or "your company" means the Defendant, person, or entity responding to these Interrogatories.

c.      "Person" means, without limitation, any natural person, corporation, partnership, proprietorship, joint venture, association, governmental body (including, without limitation, any government entity or government program defined herein), insurance entity, any group, or any other form of public or private business or legal entity.

d.      "Competitor(s)" means, without limitation, any other person or entity who competes in the development, production, manufacture, distribution, marketing, promotion, pricing or sale of gold in any virtual world.

e.      "Virtual World" means any persistent, simulated environment populated by multiple users via their avatars.

f.      "MMORPG" means a massively multiplayer online role playing game, which is an online virtual world, in which avatars complete quests and/or tasks, form social groups, and engage in persistent, complex interactions.

g.      "Communication" means, without limitation, oral or written communications of all kinds, including correspondence, presentations, any exchange of written or recorded information, face to face meetings or discussions, or electronic, facsimile or telephone transmissions.

h.      "Meeting" means, without limitation, any assembly, convocation, encounter or contemporaneous presence of two or more persons for any purpose, whether planned, arranged, scheduled or not.

i.      "Employee" means, without limitation, current and former employees, including officers, directors, executives, managers, sales personnel, administrative staff, secretaries, clerical staff, messengers, or any other person employed by the Defendant or the Astra Defendant.

j.      "Document" has the same full meaning as construed by Fed.R.Civ.P. 34(a), and includes, without limitation, the original (or identical duplicate when the original is not available) and all non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of all writings, whether handwritten, typed, printed or otherwise produced, which writings or other documents may consist of letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, summaries or records of telephone conversations or interviews, telegrams, notes, reports, compilations, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including, without limitation, engineering, assembly and detail drawings), sketches, photographs, films and sound reproductions, sales literature, advertising literature, promotional literature, presentations, agreements, minutes of meetings, tape recordings, telegrams, mailgrams, facsimile transmissions, or any other tangible materials on which there is any recording or writing of any sort.

k.      In addition, the term "document" also includes "electronic data," which means the original and any non-identical copies of mechanical, facsimile, electronic, magnetic, digital, or other programs (whether private, commercial, or work-in-

progress), programming notes, instructions, comments or remarks, program change logs and activity listings of electronic mail receipts and/or transmittals; output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source codes of all types, programming languages, linkers and compilers, peripheral drives, PRF files, batch files, ASCII files, and any miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists in an active, deleted file or file fragment. Electronic data includes any digitally stored information, including but not limited to any information stored on both work stations and servers, any separate hard drives, memory sticks, website source code, blogs, programs and applications. The term electronic data also includes the file, folder tabs, and/or containers and labels appended to or associated with any physical storage device associated with each original and/or copy.

l.    "Referring to," "relating to," or "regarding" mean, without limitation, the concepts: refer to, discuss, describe, reflect, deal with, pertain to, analyze, evaluate, estimate, constitute, study, survey, project, assess, record, summarize, criticize, report, comment, or otherwise involve, in whole or in part.

m.    "Or" is used in its inclusive sense and shall be construed so as to require the broadest possible response. If, for example, a request calls for information about "A" or "B," you should produce all information about A

4

and all information about B, as well as all information about A and B. (In other words, "or" should be read as "and/or").

.

.

.

.

.

.

.

## INSTRUCTIONS

1.  Pursuant to the Federal Rules of Civil Procedure, these Interrogatories shall be deemed to be continuing in nature so that if Defendant, its directors, officers, employees, agents, representatives or any persons acting, or purporting to act, on behalf of Defendant, subsequently discover or obtain possession, custody, or control of any information previously requested or required to be produced, Defendant shall promptly make such information available.

2.  In producing documents and other materials, you are to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators.

3.  In producing documents, you are requested to produce the original of each document requested together with all non-identical copies and drafts of that document. If the original of any document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4.  If any requested information cannot be produced in full, you are to produce it to the extent possible, indicating what information is being withheld, and the reason that information is being withheld.

5.  A request for each information that "refers" or "relates to" a subject matter extends to each document that constitutes, contains, mentions, discusses, supports, modifies, contradicts, criticizes, concerns, describes, records, reports, or reflects that subject matter.

or that was prepared in connection with, arises from, or is or has been collected, recorded, examined, or considered by, for or on behalf of any present or former agent, representative, officer, employee, attorney, board, committee or subcommittee, or any other person acting or purporting to act on your behalf in relation to the subject matter specified.

6.      Documents not otherwise responsive to these Interrogatories shall be produced if such documents mention, discuss, refer to, or explain the documents that are called for by these Interrogatories, or if such documents are attached to documents called for by these Interrogatories and constitute routing slips, transmittal memoranda, cover sheets or letters, comments, evaluations or similar materials.

7.      Unless otherwise specified herein, all documents shall be produced in the same order as they are kept or maintained by you in the ordinary course of your business.

8.      If documents are maintained in files or folders, copies of said files or folders or other such identifying label information shall also be produced.

9.      Documents shall be produced in such fashion as to identify the department, branch, or office in which they were located and, where applicable, the natural person in whose possession they were found and the business address of each document's custodian(s).

10.     Documents attached to each other should not be separated.

11.     If a document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the document and state the details concerning its loss.

12.    If you claim the attorney-client privilege or any other privilege or work product protection

for any requested information, provide a detailed privilege log that contains at least the

following information for each document that you have withheld:

    a.    state the date of the document;

    b.    identify each and every author of the document;

    c.    identify each and every person who prepared or participated in the

       preparation of the document;

    d.    identify each and every person who received the document;

    e.    identify each and every person from whom the document was received;

    f.    state the present location of the document and all copies thereof;

    g.    identify each and every person having custody or control of the document

       and all copies thereof; and

    h.    provide sufficient information concerning the document and the

       circumstances thereof to explain the claim of privilege or protection and to

       permit the adjudication of the propriety of such claim.

13.    Unless a different period is specified, these Interrogatories relate to the period November

27, 2003 through the present.

14.    Use of the plural and singular tenses in these Interrogatories shall be interchangeable,

such that the plural tense includes the singular tense and *vice versa*.

8

## INTERROGATORIES

1.    State the following:

    a.    The name of the defendant answering these Interrogatories and all names by which you have been known or traded under;

    b.    Address or addresses where the corporation does business;

    c.    The date and place of incorporation;

    d.    The names and addresses of all officers, identifying the particular offices;

    e.    The names and addresses of all entities which hold an ownership or controlling interest in the corporation; and

      f.    The names and addresses of all subsidiaries owned and/or controlled by the corporation.

2.    Identify the names and addresses of all person who have knowledge of any facts relevant to this case and indicate what facts are known by each.

3.    Identify the names, addresses and specialties of any and all proposed expert witnesses, including, but not limited to, those providing opinions of expert testimony with respect to liability, class certification, and damages, and state as to each such witness the subject matter on which he or she is expected to testify, and the substance of facts and opinions to which he or she is expected to testify and a summary of the grounds for each opinion. In addition, attach hereto copies of all proposed expert reports, including all drafts thereof.

4.    Did anyone on your behalf employ, retain or consult a proposed expert, whether that proposed expert has given a report or not, to examine, review, inspect or investigate any

aspects of the factual circumstances or claims alleged in this case or any related case in state or federal court, or any damages relating thereto? If so, state the following:

a.     The names and address of the individual who so employed, retained or consulted the proposed expert;

b.     the name and address of the proposed expert so employed, retained or consulted;

c.     the date that said proposed expert was so employed, retained or consulted;

d.     the field of expertise of said proposed expert;

e.     the amount or rate of compensation promised for the services of the proposed expert; and

  f.  if that proposed expert has rendered any opinions, written or oral, preliminary or

    otherwise, provide the substance for such opinions and attach hereto copies of all

    written opinions and summaries of any oral opinions, including all drafts thereof

    and any related documents, correspondence, memoranda and the like.

5.  In reference to Interrogatories No. 3 and 4, state with regard to each proposed expert the

following:

  a.  the name and address of each school where said expert received training;

  b.  the dates when he/she attended each such institution of learning; and

  c.  a description of the degree received.

6.    In reference to Interrogatory Nos. 3 and 4, has said expert received any specialized training in his/her field? If so, state:

    a.     the type of training received;

    b.     name and address of the institution or place where training was received; and

    c.     the date or dates when said training was received.

7.    In reference to Interrogatory Nos. 3 and 4, state with regard to said proposed expert the following for the past ten years:

    a.     whether the proposed expert was self-employed;

    b.     if not self-employed, state by whom the expert was employed, giving names;

c. dates of employment; and

d. type of work performed during employment.

8. In reference to Interrogatory No. 7, if the proposed expert has not practiced or worked in that expert's field of expertise, state what the nature of the expert's work, retention, consultancy or employment was.

9. In reference to any proposed experts referred to above, state whether those proposed experts have ever written any other reports, evaluations or summaries on anyone's behalf dealing with the same or similar matters for which the expert was hired, retained or consulted in this case. If so, set forth the following:

a. name and address of the person who hired the expert;

b.    a description of the facts of the incident for which the expert was so hired;

c.    if there was a lawsuit filed, set forth a complete caption indicating counsel who were involved;

d.    attach hereto a copy of said report, evaluation or summary, including all drafts thereof and any related documents, correspondence, memoranda and the like.

10.   Have any proposed experts referred to above testified at trial, in depositions, or any other proceeding. If so, state the following with respect to each proposed expert:

a.    the date and place of testimony;

b.    the caption of the proceeding;

      c.     the name and address of court reporting service and court reporter; and

      d.     the name and address of all counsel of record, including the name of the party for whom the proposed expert was engaged, retained or consulted.

11.    As to any proposed expert who prepared a report for you and/or whom you may call as a witness in this case, or any other case relating to the real money trade, state whether that proposed expert reviewed, relied upon, or considered any books, treatises, circulars, commentaries, gazettes, newspapers, notices, pamphlets, journals, quotations, registers, reports, tables, blogs, statutes, codes, ordinances, rules, regulations, administrative codes, or any other document.  If so, for each, state:

      a.     a description everything reviewed, relied upon, or considered;

      b.     the title and subject matter of any materials reviewed, relied upon, or considered;

c.      author and date of distribution or publication of any such materials;

d.      name and address of publisher or distributor of any such materials; and

e.      attach a copy of same hereto.

12.     Identify all potential witnesses who are expected to provide lay (non-expert) opinions

and/or fact witness testimony in this action, and state the subject matter of each witness'

testimony.  As to each opinion, state all facts that this witness has considered or will rely

upon in support of said lay opinions and the grounds for each opinion.  If any such

opinions are in written form, attach to these interrogatory answers a copy of said

opinions.

13. Identify any statements of actual or potential witnesses in your care, custody or control, or about which you are aware, relating to the subject matter of this lawsuit, or the claims of defenses asserted by the parties.

14. As to each and every allegation in the Complaint that you have you denied or plan to deny, set forth the factual basis upon which that denial is predicated, together with the identity of those persons who possess factual knowledge upon which such denial is asserted, and attach hereto copies of each and every document that has been relied upon in setting forth each such denial.

15. As to each and every one of your affirmative defenses, set forth separately as to each defense the factual bases upon which the defense is predicated, together with the name(s) and address(es) of those persons who possess factual knowledge upon which each defense is asserted, and attach hereto copies of each and every document that has been relied upon in setting forth each such affirmative defense.

16.   Identify each person who has knowledge or information regarding the allegations of the Complaint and/or the injuries and damages of the Plaintiff and the Class.

17.   Identify each witness who may provide testimony regarding class certification, and state the subject matter of each witness' testimony.

18.   Identify all known or potential members of the Class, including full name, current residential address, business address, and date of birth.

19.   Please list each question of fact or law that you contend will have to be adjudicated on an individual basis. As part of your answer, please identify all documents that you contend support, rebut, or otherwise relate to your answer.

20.    For each year in the relevant time period, state your gross and net revenues and profits for the sales of your products and/or services, and what percentage of your gross and net profits came from sales within the United States.

21.    Fully describe how and where records (including digital and hard copy) of actual sales transactions for your products and services are recorded and maintained.

22,    Identify all records relating to the sales, marketing, promotion, distribution, and pricing of your products and services that you maintain in digital form, and identify the computer system and software programs used to prepare and maintain the records; and describe the types of information that are recorded, the fields that are used and the record layout.

23.  Identify each of your current and former employees having any responsibilities or duties concerning the marketing, sale, pricing or distribution of your products and services, including, but not limited to, the authority to make, assist in making, recommend or approve decisions with respect to the marketing, sale, pricing or distribution of your products and services, and specify all those to whom they have reported and when.

24.  Identify each person answering these interrogatories and/or providing information used in answering these interrogatories.

21

Dated this 3<u>rd</u> day of April, 2008.

C. RICHARD NEWSOME, ESQUIRE
Florida Bar No.: 827258
Email: newsome@newsomelaw.com
ANDREW F. KNOPF, ESQUIRE
Florida Bar No.: 658871
Email: knopf@newsomelaw.com
Newsome Law Firm
20 N. Orange Ave., Suite 800
Orlando, Florida 32801
Telephone: (407) 648-5977
Facsimile: (407) 648-5282

DONALD E. HAVILAND, JR., ESQUIRE
Pennsylvania Bar No.: 66615
Email: haviland@havilandlaw.com
MICHAEL J. LORUSSO, ESQUIRE
Pennsylvania Bar No.: 203684
Email: lorusso@havilandlaw.com
The Haviland Law Firm, LLC
740 S. Third Street, Third Floor
Philadelphia, PA 19147
Telephone: (215) 609-4661
Facsimile: (215) 392-4400

Attorneys for Plaintiff,
Antonio Hernandez and the Class

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 3, 2008, a copy of the foregoing document is being

served on all counsel of record via U.S. Mail and Facsimile:

James M. Miller
Akerman Senterfitt
1 SE 3rd Ave, Floor 28
Miami, FL 33131-1715

C. Richard Newsome
Florida Bar No.: 827258
Andrew F. Knopf
Florida Bar No.: 658871
Newsome Law Firm

IGE U.S. LLC.

By:

STATE OF _____

COUNTY OF _____

     BEFORE ME, the undersigned authority, personally appeared _____,
who is personally known to me or who produced _____ as identification, and
who deposed and said that the information contained in the foregoing Answers to Interrogatories
is true, to the best of his/her knowledge and belief.

     SWORN TO and SUBSCRIBED before me in the County and State aforesaid this _____
day of _____, 2008.

NOTARY PUBLIC, State of _____

My Commission Expires:

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 07-21403-Civ

ANTONIO HERNANDEZ, Individually and            )
on behalf of all others similarly situated,    )
                                               )
                        Plaintiff,             )
                                               )
v.                                             )        **Class Action Complaint**
                                               )
INTERNET GAMING ENTERTAINMENT, LTD., )
a foreign corporation, and                     )
                                               )
IGE U.S. LLC.,                                 )
a Delaware corporation,                        )
                                               )
                        Defendants.            )
                                               )

## PLAINTIFF'S SECOND SET OF INTERROGATORIES
## ADDRESSED TO DEFENDANT

Pursuant to Fed.R.Civ.P. 33(b), Plaintiff, Antonio Hernandez, ("Plaintiff") hereby requests

that Defendants respond to each of the following Interrogatories within thirty (30) days of service

hereof.

## DEFINITIONS

1.      As used herein, the following terms are defined as indicated:

        a.      "Defendants" means Defendants identified as parties in the Class Action

Complaint, specifically, Internet Gaming Entertainment, Ltd., and IGE US, LLC, and the

predecessors, successors, subsidiaries, parent, branches, departments, divisions, or affiliates of

either of the foregoing companies, including, without limitation, any organization or entity in

which Defendants have management or controlling interests, together with all present and former

directors, officers, employees, agents, representatives or any other persons acting, or purporting to act, on behalf of the above identified persons or entities.

       b.    "You," "your" or "your company" means the Defendant, person, or entity responding to these Interrogatories.

       c.    "Person" means, without limitation, any natural person, corporation, partnership, proprietorship, joint venture, association, governmental body (including, without limitation, any government entity or government program defined herein), insurance entity, any group, or any other form of public or private business, non-business or legal entity.

       d.    "Virtual World" means any persistent, simulated environment populated by multiple users via their avatars.

       e.    "MMORPG" means a massively multiplayer online role playing game, which is an online virtual world, in which avatars complete quests and/or tasks, form social groups, and engage in persistent, complex interactions.

       f.    "World of Warcraft" or "WOW®" means the online role-playing experience published by Blizzard Entertainment, Inc., and includes the various expansion software packs, including, but not limited to, Blizzard Entertainment's "Burning Crusade".

       g.    "Communication" means, without limitation, oral or written communications of all kinds, including correspondence, presentations, any exchange of written or recorded information, face to face meetings or discussions, or electronic, facsimile or telephone transmissions.

h.    "Meeting" means, without limitation, any assembly, convocation, encounter or contemporaneous presence of two or more persons for any purpose, whether planned, arranged, scheduled or not.

i.    "Employee" means, without limitation, current and former employees, including officers, directors, executives, managers, sales personnel, administrative staff, secretaries, clerical staff, messengers, or any other person employed by the Defendants.

j.    "Competitor(s)" means, without limitation, any other person or entity who actually did or potentially could compete with you or any other Defendant in the development, production, manufacture, distribution, marketing, promotion, pricing or sale of any product or service.

k.    "Document" has the same full meaning as construed by Fed.R.Civ.P. 34(a), and includes, without limitation, the original (or identical duplicate when the original is not available) and all non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of all writings, whether handwritten, typed, printed or otherwise produced, which writings or other documents may consist of letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, summaries or records of telephone conversations or interviews, telegrams, notes, reports, compilations, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including, without limitation, engineering, assembly and detail drawings), sketches, photographs, films and sound reproductions, sales literature, advertising literature, promotional literature, presentations,

3

04/09/2008 16:21 FAX 1213924400      The Haviland Law Firm                      @0057024

agreements, minutes of meetings, tape recordings, telegrams, mailgrams, facsimile transmissions, or any other tangible materials on which there is any recording or writing of any sort.

l.      In addition, the term "document" also includes "electronic data," which means the original and any non-identical copies of mechanical, facsimile, electronic, magnetic, digital, or other programs (whether private, commercial, or work-in-progress), programming notes, instructions, comments or remarks, program change logs and activity listings of electronic mail receipts and/or transmittals; output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source codes of all types, programming languages, linkers and compilers, peripheral drives, PRF files, batch files, ASCII files, and any miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists in an active, deleted file or file fragment.  Electronic data includes any digitally stored information, including but not limited to any information stored on both work stations and servers, any separate hard drives, memory sticks, website source code, blogs, programs and applications.  The term electronic data also includes the file, folder tabs, and/or containers and labels appended to or associated with, any physical storage device associated with each original and/or copy.

m.      "Referring to," "relating to," or "regarding" mean, without limitation, the concepts: refer to, discuss, describe, reflect, deal with, pertain to, analyze, evaluate, estimate, constitute, study, survey, project, assess, record, summarize, criticize, report, comment, or otherwise involve, in whole or in part.

4

n.    "Or" is used in its inclusive sense and shall be construed so as to require the broadest possible response.  If, for example, a request calls for information about "A" or "B," you should produce all information about A and all information about B, as well as all information about A and B.  (In other words, "or" should be read as "and/or").

5

## INSTRUCTIONS

1.      "Identify" or "identity," when referring to a document (including drafts), means to state its title, its date, its author, the persons to whom it was directed (including "cc" and "bcc" recipients), the type of document (e.g., letter, memorandum, chart, etc.), and its principal topics. If any such document is no longer in your possession or subject to your control, state what disposition was made of it, and identify its current location, including the location of each copy, and identify the persons which have possession or custody.

2.      "Identify" or "identity," when referring to a natural person, a corporation or other entity (whether connected with a description of documents, or otherwise) means to set forth the name, and if a corporation or other entity, its principal place of business, or, if an individual, the present or last known home address and telephone number, job title, including a description of the duties and responsibilities of the job or position, the office or offices out of which the individual operated and the territory or geographic area served by that individual, the employer, address of employment at the times in question, and the present or last known employer's business address and telephone number. Once an individual, corporation or other entity has been thus identified in an answer to an interrogatory, it shall be sufficient thereafter when identifying that individual, corporation or other entity to state the name and the number of the interrogatory answer in which it is fully identified. With respect to former employees, officers, directors or agents, please state the last known address or employer.

3.      "Identify" or "identity," when referring to a communication, means to state the date of the communication, its type (e.g., letter, phone call, electronic mail or computer message, or face-to-face meeting), the identity and role of each participant (see definition above of

6

"identity" with respect to natural persons), the location where it took place, the identity of each document constituting or reflecting the communication (*see* definition of "identity" with respect to documents above), and the substance of the communication in detail.

4.   "Identify" or "identity," when referring to a meeting, means to state the identity of the natural persons in attendance, the date and place of the meeting, the organizer or sponsor of the meeting, and the substance in detail of every responsive communication occurring at or in connection with the meeting.

5.   Pursuant to the Federal Rules of Civil Procedure, these interrogatories shall be deemed to be continuing in nature so that if you subsequently discover or obtain possession, custody or control of any document, information or knowledge previously requested or covered by these interrogatories, you shall promptly supplement your responses hereto.

6.   If you claim the attorney-client privilege or any other privilege or work product protection with respect to any answer to an interrogatory, provide a detailed privilege log that contains at least the following information for each document that you have withheld:

    a.    state the date of the document;

    b.    identify each and every author of the document;

    c.    identify each and every person who prepared or participated in the preparation of the document;

    d.    identify each and every person who received the document;

    e.    identify each and every person from whom the document was received;

    f.    state the present location of the document and all copies thereof;

    g.    identify each and every person having custody or control of the document and all copies thereof; and

7

     h.     provide sufficient information concerning the document and the circumstances thereof to explain the claim of privilege or protection and to permit the adjudication of the propriety of such claim.

7.     Unless a different period is specified, these interrogatories relate to the period November 27, 2003 through the present.

## INTERROGATORIES

1.    State the following:

  A.    the name of defendant answering these interrogatories and all names by which you have been known or traded under;

  B.    address or addresses where you do business;

  C.    the date and place of incorporation;

  D.    the names and addresses of all officers, identifying the particular offices;

  E.    the names and addresses of all entities which hold an ownership or controlling interest in you; and

  F.    the names and addresses of all entities in which you hold an ownership or controlling interest.

9

04/09/2008  15:23 FAX  1215392400          The Haviland Law Firm                    ☒011/024

2.      Identify each person answering these interrogatories and/or providing information used in answering these interrogatories.

3.      State the total number and percentage (relative to the total number in the United States) of known or potential members of the Class who reside (1) inside the State of Florida; and (2) outside the State of Florida.  For members of the Class residing inside the State of Florida, for each county in Florida, identify the number and percentage (relative to the total number in the State of Florida) of Class members residing therein.  Identify all documents that you contend support, rebut, or otherwise relate to your answer.

4.      Identify every affiliate, vendor, agent, or other party ("Vendors") who, to your knowledge, marketed, distributed and/or sold products or services relating to MMORPGs, particularly WOW®, to known or potential members of the Class, including (1) the Vendor's full name and the name of any company or business association with the Vendor; (2) the location of

the Vendor's place of business; (3) if different, the location(s) where the Vendor marketed, distributed and/or sold products or services to Class members.

5.    Identify every Vendor to whom you provided or from whom you received products or services relating to MMORPGs, particularly WOWs, and specify as to each: (1) the number of volume of product(s) or service(s) provided, by year; (2) the types product(s) or service(s) provided (as broken down in answer to Interrogatory No. 62 below); and (3) total dollar value of such product(s) and service(s), by year.

6.    With respect to your denials in your Answer to the allegations in the Complaint that: (a) the proposed class is so numerous that individual joinder is impractical (Compl. ¶35); (b) Plaintiff's claims are typical of those of the Class (Compl. ¶36); (c) common questions of law and fact exist as to all members of the Class (Compl. ¶37); (d) Plaintiff will fairly and adequately represent and protect the interests of the class and has no interest antagonistic to those of the class (Compl. ¶39); and (e) the class action is superior to other available methods for

the fair and efficient adjudication of the controversy (Compl. ¶ 42), please state each fact and identify each document that you contend supports or otherwise relates to these denials.

7.  Set forth, by year (or any lesser time period for which it is maintained by you), the price(s) for your products or services relating to MMORPGs, particularly WOW®. .

8.  Describe in detail any discounts, rebates and terms and conditions of sale or distribution of products or services relating to MMORPGs, particularly WOW®, for each year during the relevant time period. Identify all documents that refer or relate to such discounts, rebates and terms and conditions of sale.

9.  For each year during the relevant time period, if you had any price, pricing rule, discount, price formula or any price adjustment clause, term or condition of sale or any other

provision or clause which affected prices actually charged to or paid by purchasers of products or services relating to MMORPGs, particularly WOW®, fully describe it and state to whom and when it applied. Identify all documents that refer or relate to such price, pricing rule, discount, price formula or any price adjustment clause, term or condition of sale.

10.    Describe any information and identify any documents available to the plaintiff or any member of the class (as defined in the Class Action Complaint) during the relevant time period, which you believe should have caused plaintiffs or any member of the putative class to investigate whether there was a fraud, conspiracy or other unlawful conduct relating to the marketing, sale or distribution of products or services relating to MMORPGs, particularly WOW®.

11.    Fully describe how and where records (including computer, electronic, hard copy and microfiche) of actual sales transactions for products or services relating to MMORPGs, particularly WOW®, are recorded and maintained.

12.     Identify all records relating to the sales, marketing, distribution, and pricing of products or services relating to MMORPGs, particularly WOWe, that you maintain in electronic form, and identify the computer system and software programs used to prepare and maintain the records; and describe the types of information that are recorded, the fields that are used and the record layout.

Dated: 4/9/08

C. Richard Newsome, Esquire
Florida Bar No.:827258
Andrew Knopf, Esquire
Florida Bar No.:658871
Newsome Law Firm
20 N. Orange Avenue
Suite 800
Orlando, Florida 32801
Telephone: (407) 648.5977
Facsimile: (407) 648-5282

Donald E. Haviland, Jr., Esquire
Pennsylvania Bar No.: 66615
Michael J. Lorusso, Esquire
Pennsylvania Bar No.: 203684
The Haviland Law Firm, LLC
740 S. Third Street, Third Floor
Philadelphia, PA 19147
Telephone: (215) 609-4661
Facsimile: (215) 392-4400

ATTORNEYS FOR PLAINTIFF,
ANTONIO HERNANDEZ AND THE CLASS

14

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 8, 2008, a copy of the foregoing document is being served to the following via UPS Overnight Delivery and Facsimile:

Samual S. Heywood, Esquire
Akerman Senterfitt
One Southeast Third Avenue, 25th Floor
Miami, Florida 33131
Telephone: (305) 374-5600
Telecopy: (305) 374-5095

Donald E. Haviland, Jr., Esquire
Pennsylvania Bar No.: 66615
Michael J. Lorusso, Esquire
Pennsylvania Bar No.: 203684
The Haviland Law Firm, LLC
740 S. Third Street, Third Floor
Philadelphia, PA 19147
Telephone: (215) 609-4661
Facsimile: (215) 392-4400

15