# EXHIBIT E

Dockets.Justia.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 07-21403-CIV-COHN/SELTZER

ANTONIO HERNANDEZ,
Individually and on behalf of all
others similarly situated,

        Plaintiff,

v.

IGE U.S. LLC,
a Delaware corporation,

        Defendant.
_____/

## IGE U.S. LLC'S FIRST REQUEST FOR PRODUCTION TO PLAINTIFF

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant IGE U.S. LLC

propounds its First Request for Production to Plaintiff Antonio Hernandez, to be responded to in

accordance with the Instructions and Definitions set forth below within thirty (30) days.

## INSTRUCTIONS

1.    The document requests are continuing in nature and require the subsequent
production of any documents that are later discovered by you or any known documents whose
relevance to this action is later ascertained.

2.    You may produce legible, complete, and exact copies of the original documents,
provided that the originals be made available for inspection upon request by counsel for IGE
U.S.

3.    If any document requested herein is withheld on the basis of any claim of
privilege, work product, or on any other basis, you shall identify each such document withheld
by specifying:

        (a)    the type of document (e.g., note, memorandum, fax, e-mail);

        (b)    the date of the document;

{M2671060;1}

(c)    the subject matter of the document;

(d)    the author(s), recipient(s), and copyee(s) of the document; and

(e)    the nature of the privilege or protection asserted.

4.    Each document request requires the production of all documents described therein in your possession, custody, or control, including all documents held by your agents, principals, accountants or attorneys.

5.    If documents or data stored in or accessible through a computer or other data retrieval system are produced, the documents must be accompanied by instructions and other materials necessary to access or interpret such data.

6.    Without in any way limiting the definition of "document," you are instructed to search all document management systems, computer archives, personal computers, laptop or notebook computers, personal data assistants, hard drives, flash drives, remote drives, servers, e-mail accounts, remote drives, servers, and backup tapes or disks for documents that may be responsive to these document requests, and production of such documents should be made regardless of whether such documents exist in tangible or "hard" copy form. Production is also sought regardless of whether the user purported to "delete" the document if such document is capable of being retrieved from archives, hard drives, flash drives, remote drives, servers, e-mail accounts, and/or any other backup tapes or disks.

7.    If any document called for by these requests has been destroyed, lost, discarded or otherwise disposed of, each such document is to be identified as completely as possible, including, without limitation: date of disposal, manner of disposal, reason for disposal, person authorizing the disposal and person disposing of the document.

## DEFINITIONS

1.    "IGE U.S." means the Defendant in this action, IGE U.S. LLC, and its current and former employees, principals, officers, agents, independent contractors, representatives, accountants, consultants, attorneys and all other persons acting or purporting to act on its behalf.

2.    "IGE Hong Kong" means Internet Gaming Entertainment Ltd., and its current and former employees, principals, officers, agents, independent contractors, representatives, predecessors, successors, assigns, related entities, accountants, consultants, attorneys and all other persons acting or purporting to act on its behalf.

3.    The terms "Plaintiff," "you" and "your" mean the Plaintiff in this matter, Antonio Hernandez, and his current and former attorneys, employees, representatives, investigators, agents, independent contractors, predecessors, successors, assigns, related entities and all other persons acting or purporting to act on his behalf.

4.    The "Yantis Entities" means any or all of Jonathan Yantis; Sigma Apex Ltd., LLC; Interactive Vertical Technologies Pty Ltd.; Content Holdings, LLC; and Atlas Technology Group, Inc., and any or all of their current and former employees, principals, officers, agents, independent contractors, representatives, predecessors, successors, assigns, related entities, accountants, consultants, attorneys and all other persons acting or purporting to act on their behalf.

5.    "Blizzard" means Blizzard Entertainment, Inc., and its current and former employees, principals, officers, agents, independent contractors, representatives, predecessors, successors, assigns, related entities, accountants, consultants, attorneys and all other persons acting or purporting to act on its behalf.

6.    The "Florida Attorney General" means the Office of the Florida Attorney General, and its current and former departments, employees, attorneys, paralegals, administrators, consultants, agents, representatives, investigators, officers, and all other persons, both past and present, acting or authorized to act on its behalf.

7.    "World of Warcraft " means the massively multiplayer online role playing game described in the Amended Complaint, including the virtual world rendered by and depicted in the game.

8.    The term "Amended Complaint" means the Amended Class Action Complaint filed by you in the United States District Court for the Southern District of Florida.

9.    The term "gold" means the virtual currency described in Paragraph 20 of the Amended Complaint.

10.    The term "person" means and includes any natural person, avatar, individual, proprietorship, association, joint venture, firm, partnership, corporation, estate, trust, receiver, syndicate, municipal corporation, party and/or any other form of business enterprise, governmental body, quasi-governmental body, or group of natural persons or entities.

11.    The term "avatar" has the meaning set forth in Paragraph 16 of the Amended Complaint.

12.    The term "document" means any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, however produced or reproduced and whether sent or received, including drafts, modifications, amendments, originals and all non-identical copies, including, but not limited to, papers, books, accounts, letters, text messages, e-mail messages, online posts, chat messages, instant messages, advertisements, spam, photographs, drawings, renderings, objects, correspondence, telegrams, cables, telex, teletype, or other messages, memoranda, notes, desk calendars, printed matter, charts, ledgers, invoices, worksheets, receipts, schedules, canceled checks, statements, releases, diaries, chronological data, notations, work papers, transcripts, minutes, reports, recordings, telephone logs, affidavits, studies, summaries, opinions,

indices, analyses, evaluations, contracts, licenses, agreements, appointment books, lists, tabulations, graphs, sound recordings, data sheets, computer tapes, disks, magnetic tapes, punch cards, computer printouts, data processing input and output, computer programs and coding sheets, hard drives, flash drives, microfiche, microfilms, videotape, electronic mail, recordings and all other records or representations kept by electronic, digital, graphic, aural, photographic or mechanical means, regardless of their author or origin.

13.    The term "communication(s)" means every manner or means of disclosure, transfer or exchange of information, whether in person, by telephone, mail, e-mail, text message, instant message, chat message, facsimile, data transfer, personal delivery or otherwise.

14.    The words "evidencing" or "concerning" means anything that refers, relates, documents, portrays, sets forth, or otherwise contains information pertaining to the specified interrogatory.

15.    In the document requests, the conjunctive shall include the disjunctive and vice versa, the singular shall include the plural and vice versa, "all" shall include "any" and vice versa, and "each" shall include "every" and vice versa, all to the end that each request shall be construed to cover the broadest scope of information.

16.    The words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any documents or information which might otherwise be construed to be outside their scope.

[This space left intentionally blank]

## DOCUMENT REQUESTS

1.     All documents identified in your responses to IGE U.S. LLC's First Set of Interrogatories to Plaintiff.

2.     All documents relied upon, consulted, referred to, or otherwise utilized in any way in connection with the preparation of your responses to IGE U.S. LLC's First Set of Interrogatories to Plaintiff.

3.     All documents that you contend contain relevant information in support of your contention that you have individual standing to bring this lawsuit.

4.     All documents that you contend contain relevant information in support of your contention that you have standing as a putative class representative to sue on behalf of the putative Class described in Paragraph 33 of the Amended Complaint.

5.     All documents received by you from each of the following persons or entities evidencing, concerning, referring or relating to the subject matter of the Amended Complaint or any of the allegations in the Amended Complaint:

     a.     IGE U.S.

     b.     IGE Hong Kong.

     c.     The Yantis Entities.

     d.     Blizzard.

     e.     The person and entities listed in Plaintiff's Initial Disclosures dated January 15, 2008.

     f.     Any member of the putative Class described in Paragraph 33 of the Amended Complaint.

     g.     Any member or representative of the media (including internet, print, radio or television media).

      h.     The Florida Attorney General.

      i.     Any other person or entity.

6.    All documents sent by you to each of the following persons or entities evidencing, concerning, referring or relating to the subject matter of the Amended Complaint or any of the allegations in the Amended Complaint:

      a.     IGE U.S.

      b.     IGE Hong Kong.

      c.     The Yantis Entities.

      d.     Blizzard.

      e.     The person and entities listed in Plaintiff's Initial Disclosures dated January 15, 2008.

      f.     Any member of the putative Class described in Paragraph 33 of the Amended Complaint.

      g.     Any member or representative of the media (including internet, print, radio or television media).

      h.     The Florida Attorney General.

      i.     Any other person or entity.

7.    To the extent not deemed responsive to Request Nos. 5 and 6, above, all documents evidencing, concerning, referring or relating to any meetings or communications between and among the following persons and entities concerning the subject matter of the Amended Complaint or any of the allegations in the Amended Complaint:

      a.     IGE U.S.

      b.     IGE Hong Kong.

      c.     The Yantis Entities.

    d.      Blizzard.

    e.      The person and entities listed in Plaintiff's Initial Disclosures dated January 15, 2008.

    f.      Any member of the putative Class described in Paragraph 33 of the Amended Complaint.

    g.      Any member or representative of the media (including internet, print, radio or television media).

    h.      The Florida Attorney General.

    i.      Any other person or entity.

8.      All documents evidencing or concerning your alleged purchase of World of Warcraft, including any purchase of World of Warcraft software or software updates, expansion packs, rulebooks, player manuals, guides, and monthly subscriptions.

9.      All documents evidencing or concerning your contention that IGE U.S.'s actions have substantially impaired and diminished your "use, enjoyment and satisfaction" of World of Warcraft.

10.      All documents evidencing or concerning your contention that IGE U.S.'s actions have violated the End User License Agreement and Terms of Use Agreement (each of which identified in Paragraph 15 of the Amended Complaint).

11.      All documents evidencing or concerning your contention that IGE U.S. directly or indirectly "controls" gold farmers and others who spam unsolicited advertisements and junk mail to you.

12.      All documents evidencing or concerning any purchase, sale, or other exchange of World of Warcraft virtual property (including without limitation gold, equipment, clothing, weapons, or any other virtual items or implements) for real money by you or your attorneys of

record in this action, including without limitation any bills, receipts, communications, or other documentation of any such transaction.

13.    All documents evidence or concerning any purchase, sale, trade, gifting, or exchange of any World of Warcraft virtual property by you or your attorneys of record in this action (including without limitation any gold, equipment, clothing, weapons, or any other virtual items or implements), whether or not through the "virtual auction house" described in Paragraph 21 of the Amended Complaint.

14.    A recent screenshot of each of your avatars (or "characters") engaged in playing World of Warcraft.

15.    A recent screenshot of each of your attorneys of record's avatars (or "characters") engaged in playing World of Warcraft.

16.    Your curriculum vitae and/or resumes from 2000 to date.

17.    Photocopies of your driver's license and passport.

18.    All documents evidencing, concerning, referring or relating to any other civil action, arbitration proceeding or administrative proceeding in which you have been a party, consultant or witness of any kind, including without limitation any deposition, hearing, or trial transcripts.

19.    All documents evidencing, concerning, referring or relating to any criminal proceeding in which you were charged or convicted of a crime of any kind, including without limitation any deposition, hearing, or trial transcripts.

20.    All documents evidencing, concerning, referring or relating to any agreements, contracts or arrangements with your counsel regarding the funding of costs and attorneys' fees

incurred in connection with your prosecution of this action, including without limitation any engagement letters, fee agreements, and current and past bills.

21.    All documents evidencing, concerning, referring or relating to any prior or current personal or business relationship between you and any of the attorneys at the Newsome Law Firm or The Haviland Law Firm, LLC.

22.    All documents evidencing, concerning, referring or relating to the amount of damages you contend that you and the putative Class have suffered through IGE U.S.'s alleged actions. This request encompasses, but is not limited to, the statement in your Initial Disclosures that "the damages suffered by Plaintiff and the Class exceed the sum of Five Million Dollars ($5,000,000)."

23.    All versions of the End User License Agreement and Terms of Use Agreement.

24.    All documents evidencing or concerning any effort or attempt by Blizzard to enforce the terms of any End User License Agreement or Terms of Use Agreement, including without limitation any effort or attempt to bar or rescind the purchase, sale, trade, gifting or exchange of gold.

25.    All documents evidencing or concerning the creation of any accounts by you or your attorneys of record for participation in World of Warcraft.

26.    All documents evidencing or concerning the alleged "agreements" identified in Paragraph 29 of the Amended Complaint.

27.    All documents evidencing or concerning any press releases or other public statements (including any message board or internet postings) made by you in connection with this litigation or World of Warcraft.

28.    All documents evidencing, concerning, referring or relating to your decision to file this lawsuit.

Dated: April 9, 2008

AKERMAN SENTERFITT
One S.E. 3rd Avenue, 25th Floor
Miami, FL  33131-1714
Phone: (305) 374-5600
Fax: (305) 374-5095
Email: james.miller@akerman.com


By: _____
James M. Miller
Florida Bar Number: 201308
Samuel S. Heywood
Florida Bar Number: 0016604

*Attorneys for Defendant, IGE U.S. LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that true and accurate copies of this IGE U.S. LLC's First Request for Production to Plaintiff have been furnished by facsimile and by U.S. mail to the following individuals, this 9th day of April, 2008:

C. Richard Newsome
Andrew Knopf
**Newsome Law Firm**
20 North Orange Ave., Suite 800
Orlando, Florida  32801
tel. 407.648.5977
fax 407.648.5282

Donald E. Haviland, Jr.
**The Haviland law Firm, LLC**
740 South Third St.
Third Floor
Philadelphia, Pennsylvania  19147
tel. 215.609.4661
fax 215.392.4400

Sam Heywood, Esq.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# FORT LAUDERDALE DIVISION

### Case No. 07-21403-CIV-COHN/SELTZER

**ANTONIO HERNANDEZ,**
Individually and on behalf of all
others similarly situated,

        Plaintiff,

    v.

**IGE U.S. LLC,**
a Delaware corporation,

        Defendant.

_____/

## IGE U.S. LLC'S FIRST SET OF INTERROGATORIES TO PLAINTIFF

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant IGE U.S. LLC

propounds its First Set of Interrogatories to Plaintiff Antonio Hernandez, to be responded to in

accordance with the Instructions and Definitions set forth below within thirty (30) days.

## INSTRUCTIONS

1.    The interrogatories are continuing in nature and require you to promptly file
supplementary answers if you obtain further or different information responsive to the
interrogatories.

2.    The interrogatories are directed to you and the answers are to be completed based
on information that is or may be available to you or any person, firm, corporation, representative,
accountant, attorney, or other agent acting on your behalf, and not merely information within
your personal knowledge.

3.    Each interrogatory shall be answered separately and fully in writing, under oath.
If you object to any portion of any interrogatory, identify the portion to which you object with
specificity and answer the remainder.  If you are unable to answer any portion of an
interrogatory, answer all portions that you are able to answer and explain the reason for your
inability to answer the remainder.

{M2671004;2}

4.      If you object to providing any information requested on the ground that such information is privileged or otherwise protected from disclosure, state the privilege or protection and the bases for your claim, identifying the pertinent circumstances with sufficient specificity to permit IGE U.S. to assess the applicability of the privilege or protection. If you claim that the information requested relates to a privileged or protected communication, identify the nature of the communication, the participants, the identities of all other persons who were present or who otherwise received or had access to the communication, the date and place of the communication, the subject matter of the communication, and the basis for your claim of privilege or other protection.

5.      You may, in lieu of identifying any document or written communication, attach a true copy of such document or communication as an exhibit to the answers to these Interrogatories. In so doing, you shall including an explicit reference to the Interrogatory to which each such attached document or written communication relates, as well as an explanation sufficient to permit IGE U.S. to locate and identify the record(s) from which the answer may obtained.

6.      If in response to an interrogatory for which you do not know all the facts necessary to provide a complete and specific answer, you should provide such facts as are known to you and any estimates, approximations, or beliefs that are reliable. For any interrogatory seeking in whole or in part the time or date of an event, please state your best estimate, if no precise date or time is available. Any such estimates, approximations or beliefs should be clearly denoted, and the bases for your belief in their reliability should be explained. You should also specify in full and complete detail why such facts are not available to you and what you have done to obtain them.

7.      If, in answering any of the interrogatories, you encounter any ambiguity in construing either the interrogatory or a definition or instruction, please set forth the matter deemed ambiguous and the construction used in answering the interrogatory.

8.      Where an interrogatory does not specifically request a particular fact, but where such fact is necessary to make a response to the interrogatory either comprehensible, complete, or not misleading, the interrogatory should be deemed specifically to request such fact.

9.      Without in any way limiting the definition of "document," you are instructed to search all document management systems, computer archives, personal computers, laptop or notebook computers, personal data assistants, hard drives, flash drives, remote drives, servers, e-mail accounts, remote drives, servers, and backup tapes or disks for information that may be responsive to these interrogatories, regardless of whether such information exists in tangible or "hard" copy form.

10.     When used in the interrogatories in connection with a natural person, "identify" means to state the person's: (a) full legal name; (b) present or last known home address; (c) present or last known e-mail address, IP address, or uniform resource locator (URL); (d) present or last known avatar name or "handle"; (e) present or last known business affiliation and business address; and (f) position and business affiliation during the relevant time period.

11.    When used in the interrogatories in connection with a corporation or other entity, "identify" means to state the entity's: (a) legal name; (b) the name or names under which it does business; (c) the address of its principal office; (d) its IP address and uniform resource locator (URL); and (e) the addresses of any other offices relevant to the discovery request at issue.

12.    When used in these interrogatories in connection with a document, "identify" means to state: (a) the type of document (e.g., memoranda, fax, e-mail, etc.); (b) the author, date, addressees, copyees, number of pages, and title of the document; and (c) a brief summary of the contents of the document. If any document was, but no longer is, in your possession, custody or control, please state whether it has been lost, destroyed, transferred or otherwise disposed of, and, in each instance, explain the circumstances surrounding its disposition, including the date that it occurred.

13.    When used in these interrogatories in connection with a communication, "identify" means to state: (a) when and where the communication was made; (b) the identity of each person making the communication, each person to whom the communication was made and, if an oral communication, every person present; (c) the means of communication (e.g., e-mail, face-to-face meeting, telephone, letter); and (d) the subject of the communication.

## DEFINITIONS

1.    "IGE U.S." means the Defendant in this action, IGE U.S. LLC, and its current and former employees, principals, officers, agents, independent contractors, representatives, accountants, consultants, attorneys and all other persons acting or purporting to act on its behalf.

2.    "IGE Hong Kong" means Internet Gaming Entertainment Ltd., and its current and former employees, principals, officers, agents, independent contractors, representatives, predecessors, successors, assigns, related entities, accountants, consultants, attorneys and all other persons acting or purporting to act on its behalf.

3.    The terms "Plaintiff," "you" and "your" mean the Plaintiff in this matter, Antonio Hernandez, and his current and former attorneys, employees, representatives, investigators, agents, independent contractors, predecessors, successors, assigns, related entities and all other persons acting or purporting to act on his behalf.

4.    The "Yantis Entities" means any or all of Jonathan Yantis; Sigma Apex Ltd., LLC; Interactive Vertical Technologies Pty Ltd.; Content Holdings, LLC; and Atlas Technology Group, Inc., and any or all of their current and former employees, principals, officers, agents, independent contractors, representatives, predecessors, successors, assigns, related entities, accountants, consultants, attorneys and all other persons acting or purporting to act on their behalf.

5.    "Blizzard" means Blizzard Entertainment, Inc., and its current and former employees, principals, officers, agents, independent contractors, representatives, predecessors, successors, assigns, related entities, accountants, consultants, attorneys and all other persons acting or purporting to act on its behalf.

6.    The "Florida Attorney General" means the Office of the Florida Attorney General, and its current and former departments, employees, attorneys, paralegals, administrators, consultants, agents, representatives, investigators, officers, and all other persons, both past and present, acting or authorized to act on its behalf.

7.    "World of Warcraft " means the massively multiplayer online role playing game described in the Amended Complaint, including the virtual world rendered by and depicted in the game.

8.    The term "Amended Complaint" means the Amended Class Action Complaint filed by you in the United States District Court for the Southern District of Florida.

9.    The term "gold" means the virtual currency described in Paragraph 20 of the Amended Complaint.

10.    The term "person" means and includes any natural person, avatar, individual, proprietorship, association, joint venture, firm, partnership, corporation, estate, trust, receiver, syndicate, municipal corporation, party and/or any other form of business enterprise, governmental body, quasi-governmental body, or group of natural persons or entities.

11.    The term "avatar" has the meaning set forth in Paragraph 16 of the Amended Complaint.

12.    The term "document" means any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, however produced or reproduced and whether sent or received, including drafts, modifications, amendments, originals and all non-identical copies, including, but not limited to, papers, books, accounts, letters, text messages, e-mail messages, online posts, chat messages, instant messages, advertisements, spam, photographs, drawings, renderings, objects, correspondence, telegrams, cables, telex, teletype, or other messages, memoranda, notes, desk calendars, printed matter, charts, ledgers, invoices, worksheets, receipts, schedules, canceled checks, statements, releases, diaries, chronological data, notations, work papers, transcripts, minutes, reports, recordings, telephone logs, affidavits, studies, summaries, opinions, indices, analyses, evaluations, contracts, licenses, agreements, appointment books, lists, tabulations, graphs, sound recordings, data sheets, computer tapes, disks, magnetic tapes, punch cards, computer printouts, data processing input and output, computer programs and coding sheets, hard drives, flash drives, microfiche, microfilms, videotape, electronic mail, recordings and all other records or representations kept by electronic, digital, graphic, aural, photographic or mechanical means, regardless of their author or origin.

13.    The term "communication(s)" means every manner or means of disclosure, transfer or exchange of information, whether in person, by telephone, mail, e-mail, text message, instant message, chat message, facsimile, data transfer, personal delivery or otherwise.

14.    The words "evidencing" or "concerning" means anything that refers, relates, documents, portrays, sets forth, or otherwise contains information pertaining to the specified interrogatory.

15.    In the interrogatories, the conjunctive shall include the disjunctive and vice versa, the singular shall include the plural and vice versa, "all" shall include "any" and vice versa, and "each" shall include "every" and vice versa, all to the end that each request shall be construed to cover the broadest scope of information.

16.    The words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any documents or information which might otherwise be construed to be outside their scope.

## RELEVANT TIME PERIOD

Unless otherwise stated, all information or documents concerning or relating to the time period on or after, or created or received on or after, January 1, 2004 are responsive to these interrogatories.

[This space left intentionally blank]

## INTERROGATORIES

1.      Identify (in accordance with Instruction No. 10) all persons who participated in the preparation of your answers to these interrogatories.

**ANSWER:**

2.      Identify (in accordance with Instruction No. 12) all documents you relied upon, consulted, referred to, or otherwise utilized in connection with preparing your answers to these interrogatories.

**ANSWER:**

3.      Identify (in accordance with Instruction No. 10) all persons other than your attorneys of record with whom you (as defined above) have had any communication or contact concerning the subject matter of the Amended Complaint, describe your relationship with each of those persons, and identify (in accordance with Instruction No. 13) each communication with each such person.   Your answer to this interrogatory should include, without limitation, communications with Blizzard, the Florida Attorney General, the Yantis Entities, IGE Hong Kong, any gold farmers, any persons listed in Plaintiff's January 15, 2008 Initial Disclosures, any purported class members, and any World of Warcraft players.

**ANSWER:**

4.      Identify (in accordance with Instruction No. 10) all persons with knowledge of the allegations in the Amended Complaint (including, without limitation, all persons listed in your January 15, 2008 Initial Disclosures), describe your relationship with each of those persons, and describe the substance of each such person's knowledge.

**ANSWER:**

5.      Identify (in accordance with Instruction Nos. 10 and 11) each of the "IGE gold farmers," "other co-conspirators," "agents," "employees" and "affiliates" referenced in Paragraph 32 of the Amended Complaint, and, for each such individual or entity, describe the specific actions taken by that individual or entity for which you seek relief in this lawsuit.

**ANSWER:**

6.      Have you ever purchased, sold, or otherwise exchanged World of Warcraft virtual property (including without limitation gold, equipment, clothing, weapons, or any other virtual items or implements) for real money?  If so, identify each such acquisition, exchange, or sale by specifying:  the date of the transaction; the type and amount of virtual property that was exchanged; the dollar amount that was paid or received in the transaction; and the method of exchange (i.e., via eBay, e-mail, etc.).   Your answer to this interrogatory should include exchanges made through the "virtual auction house" described in Paragraph 21 of the Amended Complaint, as well as exchanges made through any other method or means.

**ANSWER:**

7.    Have any of your attorneys of record in this action ever purchased, sold, or otherwise exchanged World of Warcraft virtual property (including without limitation gold, equipment, clothing, weapons, or any other virtual items or implements) for real money?  If so, identify each such acquisition, exchange, or sale by specifying:  the date of the transaction; the type and amount of virtual property that was exchanged; the dollar amount that was paid or received in the transaction and the method of exchange (i.e., via eBay, e-mail, etc.).    Your answer to this interrogatory should include exchanges made through the "virtual auction house" described in Paragraph 21 of the Amended Complaint, as well as exchanges made through any other method or means.

**ANSWER:**

8.    If it is your present contention that IGE U.S. has breached the End User License Agreement or Terms of Use Agreement (each of which are identified in Paragraph 15 of the Amended Complaint), please identify, by reference to the specific language of the agreements, which terms or provisions IGE U.S. has breached.

**ANSWER:**

9.    Please state all facts that you believe support your contention, as alleged in Paragraph 32 of the Amended Complaint, that IGE U.S. directly or indirectly "controls" gold farmers and others who spam unsolicited advertisements and junk mail to you.

**ANSWER:**

10.    State, in dollars, the total amount of damages you have individually sustained as a result of IGE U.S.'s alleged actions, and explain how you arrived at that figure. Please provide all calculations, methodologies and assumptions you used to compute the figure.

**ANSWER:**

11.    State separately, in dollars, the aggregate amount of damages sustained by the members of the putative Subscriber Class, and by the members of the putative Gold-Buying Subscribers Sub-Class (as defined in Paragraph 33 of the Complaint), as a result of the conduct alleged in the Amended Complaint, and explain how you arrived at those figures. Please provide all calculations, methodologies and assumptions you used to compute the figures.

**ANSWER:**

12.    Identify each and every civil action, arbitration proceeding or administrative proceeding of any kind in which you have been a party, consultant or a witness since January

1990. Your answer should include: the court or forum; the case/matter number and caption; a description of your involvement in the action (as plaintiff, defendant, witness, etc.); the name and address of your counsel or the counsel that retained or consulted with you; the identity of the other parties involved in the lawsuit; the status or final disposition of the action; and a description of the nature of the action, including the claims pressed and the relief sought.

**ANSWER:**

13.     How did you come to employ The Newsome Law Firm and The Haviland Law Firm in this action?  Your answer should include the date(s) you first communicated with any attorneys from each firm, the date(s) you employed each firm, the identity of the attorneys with whom you first spoke regarding this action, and any prior or current relationship between you and any of the attorneys at each firm.  If you had or have a personal (e.g., through playing World of Warcraft), business or consulting relationship with any of the attorneys at either firm, please describe: the nature of the relationship; the date the relationship began; and, if the relationship involved a legal matter, the identity of the legal matter involved (e.g., the case or claim title and number).

**ANSWER:**

Dated: April 9, 2008

AKERMAN SENTERFITT
One S.E. 3rd Avenue, 25th Floor
Miami, FL 33131-1714
Phone: (305) 374-5600
Fax: (305) 374-5095
Email: james.miller@akerman.com


By: _____
James M. Miller
Florida Bar Number: 201308
Samuel S. Heywood
Florida Bar Number: 0016604

*Attorneys for Defendant, IGE U.S. LLC*

{M2671004;2}                  -11-

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that true and accurate copies of this IGE U.S. LLC's First Set of

Interrogatories to Plaintiff have been furnished by facsimile and by U.S. mail to the following

individuals, this 9th day of April, 2008:

| | |
|---|---|
| C. Richard Newsome | Donald E. Haviland, Jr. |
| Andrew Knopf | **The Haviland law Firm, LLC** |
| **Newsome Law Firm** | 740 South Third St. |
| 20 North Orange Ave., Suite 800 | Third Floor |
| Orlando, Florida 32801 | Philadelphia, Pennsylvania 19147 |
| tel. 407.648.5977 | tel. 215.609.4661 |
| fax 407.648.5282 | fax 215.392.4400 |

Sam Heywood, Esq.

**ANTONIO HERNANDEZ**

_____

**STATE OF FLORIDA**              )
                                  )        **SS**
**COUNTY OF** _____      )

     **BEFORE ME,** the undersigned authority, personally appeared, Antonio Hernandez, who, after being duly sworn, stated and represented that the foregoing answers to IGE U.S. LLC's First Set of Interrogatories to Plaintiff are true and correct to the best of his knowledge and belief.

     **SWORN TO AND SUBSCRIBED** before me, this ____ day of _____, 2008, by Antonio Hernandez, who is personally known to me or who has produced _____ as identification.

_____
Notary Public

_____
Name of Notary
(Typed, Printed or Stamped)