UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 07-21403-CIV-COHN/SELTZER

**ANTONIO HERNANDEZ,**
Individually and on behalf of all
others similarly situated,

       Plaintiff,

v.

**IGE U.S. LLC,**
a Delaware corporation,

       Defendant.
_____/

### JOINT MOTION FOR STATUS CONFERENCE WITH INCORPORATED MEMORANDUM OF LAW

Plaintiff Antonio Hernandez ("Mr. Hernandez") and Defendant IGE U.S. LLC ("IGE U.S.") (together, "the Parties") jointly move this Court to set a status conference to address the issues raised in their Joint Motion to Amend Scheduling Order With Incorporated Memorandum of Law, which motion was filed with the Court on April 17, 2008. In support of this Motion, the Parties state as follows:

### MEMORANDUM OF LAW

The November 15, 2007 Scheduling Order [D.E. 27] assigns this complex putative class action to the Court's expedited track or "rocket docket." *See* S.D. Fla. L.R. 16.1.A. As explained more fully in the Parties' Joint Motion to Amend Scheduling Order With Incorporated Memorandum of Law (hereinafter "Joint Motion to Amend"), an expedited case management plan is inappropriate for this unique action, which involves nine separate claims for relief and a

{M2674093;1}

putative class estimated by Mr. Hernandez to number approximately two million people. *See* Amended Class Action Complaint ¶¶ 33, 35 [D.E. 5-1]. Through the Joint Motion to Amend, the Parties seek to revise the Scheduling Order to enlarge the pretrial deadlines and to postpone the August 2008 trial date.

The Court should promptly schedule a status conference to address the issues raised in the Joint Motion to Amend for several reasons:

(1) <u>Class certification must be addressed first</u>. The current Scheduling Order mandates a "Fact Discovery" deadline of May 9, 2008. Rule 23, however, requires the Court to address the class certification issue promptly. Fed. R. Civ. P. 23(c). To that end, the Parties need more time to explore and brief any Rule 23 certification issues and to engage in discovery on the merits and damages.

(2) <u>Expedited Case Management Schedule</u>. On September 26, 2007, the Court scheduled the trial in this case for the three-week period commencing August 4, 2008 [D.E. 14]. Not long after, on November 15, 2007, the Magistrate Judge entered the current Scheduling Order [D.E. 27] setting this case on the "Expedited" case management track. The Parties did not submit a written report outlining the discovery plan in accordance with Local Rule 16.1.B.2, but rather submitted their report orally. It appears that the case was assigned to the expedited track in order to squeeze it into the previously-set August 4, 2008 trial date. The Scheduling Order mandates a fact discovery deadline of May 9, 2008, and an expert discovery deadline of May 23, 2008.

(3) <u>Voluminous and complex discovery</u>. The discovery already propounded in this case is considerable, particularly in light of the expedited schedule. In fact, since the undersigned attorneys for IGE U.S. were retained just two weeks ago, the Parties have served

each other with voluminous and far-ranging discovery, including multiple requests for production and sets of interrogatories, and six notices of deposition. The discovery propounded so far seeks to explore issues well beyond class certification under Civil Rule 23, including issues relating to the merits of the claims for relief by Plaintiff and the Class.

(4)   <u>The pretrial schedule is unworkable and inefficient</u>. This lawsuit involved nine separate causes of action and a two-million member putative Class. It is clear that the class certification issue alone will require substantially longer than the expedited case management schedule affords. For instance, the discovery already propounded seeks the production of a large volume of documents, and the depositions are scheduled one after another at the end of this month and the beginning of the next.

(5)   <u>Recent substitution of counsel</u>. The undersigned attorneys first appeared in this action only two weeks ago pursuant to a stipulation for substitution of counsel filed on March 31 2008 [D.E. 42] and approved by the Court by order dated April 2, 2008 [D.E. 43].

\*   \*   \*

Given the scope of the many claims involved in this lawsuit, the size of the putative Class, the interests of the putative Class members, and the mounting discovery burden, it is imperative that this litigation proceed in an organized and efficient manner. The parties agree that the November 15, 2007 Scheduling Order should be amended because it hinders, rather than facilitates, the efficient disposition of this unique action, and because it imposes an onerous discovery burden on both sides.

For all of these reasons, Defendant IGE U.S. LLC and Plaintiff Antonio Hernandez jointly request that the Court hold a status conference at the Court's earliest convenience.

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1.A.3

Pursuant to Local Rule 7.1.A.3, undersigned counsel for IGE U.S. certifies that on August 15 and 16, 2008, they contacted Plaintiff's counsel, Don Haviland, to confer in a good faith effort to resolve the issues raised by this motion, and that Mr. Haviland agreed to the relief requested herein and agreed to file this motion jointly.

Dated: April 17, 2008

| | |
|---|---|
| **NEWSOME LAW FIRM**<br>20 North Orange Avenue<br>Suite 800<br>Orlando, Florida 32801<br>Tel. (407) 648-5977<br>Fax (407) 648-5252<br>email: newsome@newsomelaw.com<br><br>**THE HAVILAND LAW FIRM, LLC**<br>740 South Third Street, 3rd Floor<br>Philadelphia, Pennsylvania 19147<br>Tel. (215) 609-4661<br>Fax (215) 392-4400<br>email: haviland@havilandlaw.com<br><br><br>By: /s/ C. Richard Newsome<br>C. Richard Newsome<br>Florida Bar No. 827258<br>Donald E. Haviland, Jr.<br>Pennsylvania Bar No. 66615<br><br><br>*Attorneys for Plaintiff Antonio Hernandez* | **AKERMAN SENTERFITT**<br>One S.E. 3rd Avenue, 25th Floor<br>Miami, FL 33131-1714<br>Phone: (305) 374-5600<br>Fax: (305) 374-5095<br>Email: james.miller@akerman.com<br><br><br>By: /s/ Samuel S. Heywood<br>James M. Miller, Esq.<br>Florida Bar Number: 201308<br>Samuel S. Heywood, Esq.<br>Florida Bar Number: 0016604<br><br>*Attorneys for Defendant IGE U.S. LLC* |

## CERTIFICATE OF SERVICE

**I hereby certify** that true and accurate copies of the foregoing was served by using the Southern District of Florida's CM/ECF system on April 17, 2008, on all counsel or parties of record on the attached service list.

By: /s/ Samuel S. Heywood
    Samuel S. Heywood, Esq.

## SERVICE LIST

*Hernandez v. IGE U.S. LLC*, Case No. 07-21403-CIV (COHN/SELTZER)

| | |
|---|---|
| C. Richard Newsome<br>newsome@newsomelaw.com<br>**NEWSOME LAW FIRM**<br>20 North Orange Avenue<br>Suite 800<br>Orlando, Florida 32801<br>Tel. (407) 648-5977<br>Fax (407) 648-5252<br><br>Donald E. Haviland, Jr.<br>haviland@havilandlaw.com<br>**THE HAVILAND LAW FIRM, LLC**<br>740 South Third Street, 3rd Floor<br>Philadelphia, Pennsylvania 19147<br>Tel. (215) 609-4661<br>Fax (215) 392-4400<br><br>*Attorneys for Plaintiff Antonio Hernandez and the Class* | James M. Miller, Esq.<br>james.miller@akerman.com<br>Samuel S. Heywood<br>samuel.heywood@akerman.com<br>**AKERMAN SENTERFITT**<br>One S.E. 3rd Avenue, 25th Floor<br>Miami, FL 33131-1714<br>Tel. (305) 374-5600<br>Fax (305) 374-5095<br><br><br><br><br><br><br><br>*Attorneys for Defendant IGE U.S. LLC* |