UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-21403-CIV-COHN/SELTZER

ANTONIO HERNANDEZ, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.

INTERNET GAMING ENTERTAINMENT,
LTD., a foreign corporation, and
IGE U.S., LLC., a Delaware corporation,

    Defendants.
_____/

## ORDER

THIS CAUSE is before the Court on the parties' Joint Stipulation for Entry of Protective Order (DE 49) and was referred to the undersigned pursuant to 28 U.S.C. § 636 (DE 2 and 12). The Court having considered the Joint Stipulation, along with the proposed confidentiality provisions, and being otherwise sufficiently advised, it is hereby ORDERED as follows:

1. The parties' Joint Stipulation for Entry of Protective Order (DE 49) is hereby GRANTED.

2. The attached Stipulated Protective Order shall be incorporated within this Order and the terms shall be binding and enforceable against the parties and all other persons subject to this Order.

DONE AND ORDERED at Fort Lauderdale, Florida this 19th day of May 2008.

                                                        BARRY S. SELTZER
                                                        United States Magistrate Judge

Copies to:

Honorable James I. Cohn
United States District Judge

All counsel of record

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 07-CIV-21403-COHN/SELTZER

ANTONIO HERNANDEZ, Individually and
on behalf of all others similarly situated,

    Plaintiff,

v.

INTERNET GAMING ENTERTAINMENT,
LTD., a foreign corporation, and

IGE U.S., LLC., a Delaware corporation,

    Defendants,

_____

**JOINT STIPULATION FOR ENTRY OF PROTECTIVE ORDER WITH
INCORPORATED ORDER GRANTING AND ADOPTING
<u>JOINT STIPULATION AS ORDER OF COURT</u>**

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff Antonio Hernandez, individually and on behalf of all others similarly situated ("Plaintiff"), and Defendant IGE U.S., LLC ("Defendant")[1] (together, "the parties"), jointly move this Court to enter the attached Order Granting and Adopting Joint Stipulation for Entry of Protective Order as an Order of this Court. The parties agree that discovery in this case will involve the exchange of confidential information, trade secrets, or other sensitive or proprietary business information, and that the general dissemination of this information could cause significant harm to either or both of the parties. Therefore, the parties submit that good cause exists for entry of an order to protect the

---

[1] By order dated December 27, 2007 [D.E. 40], the Court dismissed the other named Defendant in this action, Internet Gaming Entertainment, Ltd., without prejudice.

{M2680636;1}

confidentiality of certain documents and information produced in this litigation.[2] The parties jointly stipulate that a Protective Order be entered in this action as follows:

1. <u>Designation of Information.</u> As herein provided, any party or third party to this action may designate documents, objects, tangible things, interrogatory answers, answers to requests for admissions, and deposition testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" following a good faith determination that the information so designated constitutes, contains, or reflects trade secrets, or other confidential or sensitive information, including proprietary, technical or financial business information.

2. <u>Documents, Objects and Tangible Things.</u> During the course of discovery in this action, any party producing documents, objects or tangible things for inspection and copying in response to a request propounded by another party may designate all or any portion or portions thereof as:

   a. "CONFIDENTIAL" by placing the legend "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER" on each page of the document, or by securely affixing the legend to the object or tangible thing, or as:

   b. "HIGHLY CONFIDENTIAL" by placing the legend "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" on each page of the document, or by securely affixing the legend to the object or tangible thing.

All documents, objects or tangible things, or any portions thereof, designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL," and all information contained therein

---

[2] <u>Local Rule 7.1.A.3 Certification.</u> The undersigned counsel for each party hereby certifies that he has conferred, in writing, with the other party's counsel in a good faith effort to resolve any issues raised by this motion. Undersigned counsel for each party agrees and consents to the relief requested herein.

-2-

{M2680636;1}

or derived from such information, and all copies, excerpts and summaries of such information, shall be treated as hereinafter provided.

3. <u>Answers to Interrogatories and Requests for Admissions.</u> A party responding to interrogatories or to requests for admissions in this matter may designate all or any portion or portions of its written responses as:

    a. "CONFIDENTIAL" by placing the legend "CONFIDENTIAL -- SUBJECT TO PROTECTIVE ORDER," on the face of the relevant portions of the responses; or as:

    b. "HIGHLY CONFIDENTIAL" by placing the legend "HIGHLY CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," on the face of the relevant portions of the responses.

All interrogatory answers and responses to requests for admissions, or any part thereof, designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL," and all information contained therein or derived from such information, and all copies, descriptions, excerpts and summaries of such information, shall be treated as hereinafter provided.

4. <u>Third Party Production.</u> A producing person or entity who is not a party in the Litigation or to this Protective Order shall be entitled to the protections afforded herein by signing a copy of this Protective Order and serving the same on all counsel of record. Thereafter, a producing person or entity may designate as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" only testimony, information, documents, or things that such producing person or entity has produced or provided in the action.

5. <u>Deposition Testimony.</u> At the request of a producing party, the Court may limit or restrict person(s) not permitted access to "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL" information from attending any hearing or deposition at which such information is revealed.

6. <u>Deposition Transcripts.</u> The parties may designate testimony and exhibits (or portions thereof) of any witness in the Litigation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" at the time of the deposition by advising the reporter and all parties of such fact during the deposition. Upon such request, all deposition testimony given by a witness shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" from the date of the deposition until 30 days after the receipt of the witness' deposition transcript by all parties who have requested a copy of the transcript, and by the witness, the witness' company, or counsel representing the witness or the witness' company. Thereafter, a party, the witness, the witness' company, or counsel representing said witness or the witness' company, may designate any portion or portions of the transcript as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL" by sending, within thirty (30) days after receiving a copy of the deposition transcript, a written notice to the parties' counsel, and to the witness or its counsel, setting forth the page and line numbers of the portions of the transcript to be so designated. Any portion of a deposition transcript so designated, and the information contained therein, shall be treated in accordance with the said designation under the terms of this Protective Order, and all parties shall label the relevant pages of all transcripts in their possession with the appropriate legend. Further, a party or witness may so designate, within the aforesaid thirty (30) day period, portions of a deposition transcript even though the party, the witness or its counsel did not, during the course of the deposition, designate the relevant portions of the deposition testimony as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL." If copies of the designated portions of the deposition transcripts were previously given to persons who cannot receive materials so designated under

-4-

{M2680636;1}

the terms of this Protective Order, then the party who provided those materials to such persons shall retrieve them from said persons as soon as possible after receiving the designations. If no redesignation is made within thirty (30) days after receipt of the transcript, the transcript shall be considered not to contain any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.

7. Disclosure of "CONFIDENTIAL" Information. "CONFIDENTIAL" information and any information derived from such information, and all copies, descriptions, excerpts or summaries of such information, shall be used solely for purposes of this litigation and shall not be disseminated or otherwise disclosed to anyone other than the attorneys of record in this action, and to the following other persons, and only for purposes of prosecuting or defending this action and only to the extent reasonably necessary to accomplish such purposes:

   a. the Court and its officers, court reporters, interpreters, and other Court personnel serving similar functions in the conduct of this action;

   b. those attorneys, paralegals and staff of the parties' attorneys and of the respective law firms of the attorneys who are engaged in the conduct of this matter, including attorneys who are not counsel of record and their employees who are employed in their law firms or on their legal staff;

   c. in-house counsel for the parties and those members of their staffs who are engaged in the conduct of this matter;

   d. third party experts or independent consultants, who are retained by a party or counsel for a party to assist in this action; and

   e. the named parties, and their officers, directors and employees, who are actually engaged in the conduct of this matter.

-5-

{M2680636;1}

    f. during depositions and preparation for depositions, a deposition witness who is a current or former employee of the party that produced the applicable document(s) or who appears, based upon the document itself or testimony in a deposition, to have knowledge of the contents of the document designated "CONFIDENTIAL" or the specific events, transactions, discussions, or data reflected in the document, provides such witness executes a Certification attached hereto as Exhibit "A".

    g. any private mediators utilized in the Litigation provided such person executes a Certification attached hereto as Exhibit "A".

  8. <u>Disclosure of "HIGHLY CONFIDENTIAL" Information.</u> "HIGHLY CONFIDENTIAL" information and any information derived from such information, and all copies, descriptions, excerpts or summaries of such information, shall be used solely for purposes of this litigation and shall not be disseminated or otherwise disclosed to anyone other than the attorneys of record in this action, and to the following other persons, and only for purposes of prosecuting or defending this action and only to the extent reasonably necessary to accomplish such purposes:

    a. the Court and its officers, court reporters, interpreters, and other Court personnel serving similar functions in the conduct of this action;

    b. those attorneys, paralegals and staff of the parties' attorneys and of the respective law firms of the attorneys who are engaged in the conduct of this matter, including attorneys who are not counsel of record and their employees who are employed in their law firms or on their legal staff;

c.   in-house counsel for the parties and those members of their staffs who are engaged in the conduct of this matter; and

d.   third party experts or independent consultants, who are retained by a party or counsel for a party to assist in this action.

e.   during depositions and preparation for depositions, a deposition witness who is a current or former employee of the party that produced the applicable document(s) or who appears, based upon the document itself or testimony in a deposition, to have knowledge of the contents of the document designated "CONFIDENTIAL" or the specific events, transactions, discussions, or data reflected in the document, provides such witness executes a Certification attached hereto as Exhibit "A";

f.   any private mediators utilized in the Litigation provided such person executes a Certification attached hereto as Exhibit "A".

9.   Without limiting the general prohibitions against the use of "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information as provided herein, "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL" information may not be posted on any web site, blog, chat room, message board or anywhere on the internet by the parties or their respective agents, employees and attorneys.

10.   <u>Signature of Agreement and Consent to Terms of Protective Order.</u>   Any individual described in Paragraphs 8(d)-(f) or 9(d)–9(f) must sign an affidavit in the form attached hereto as "Exhibit A" prior to receiving any documents, objects, tangible things, interrogatory answers, answers to requests for admissions or deposition testimony designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," where such designation was made by someone other than the party that retained the expert or consultant. Counsel of record for the

-7-

{M2680636;1}

party that has retained the expert or consultant shall maintain the original of each affidavit signed pursuant to this paragraph and, with respect to any individual that will be testifying as an expert witness, forward a copy of the affidavit to all other counsel of record within ten (10) days after the individual is identified as a testifying expert witness.

11. <u>Pleadings and Other Court Filings.</u> When a party, in good faith, determines that it is necessary to bring "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information to the attention of the Court, any such documents or pleadings to be filed with the Court that contain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall be filed in sealed envelopes or other appropriately sealed containers on which shall bear a legend substantially of the form:

> "PROTECTED DOCUMENT – The enclosed materials are subject to a Protective Order of the United States District Court for the Southern District of Florida, Miami Division. This envelope may not be opened without court order by any person other than this Court, court personnel, or counsel of record."

12. <u>Hearings and Trial.</u> If a party wishes to use "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information at a hearing before this Court or at trial, it shall notify the Court and each of the other parties to this action of that fact before the hearing or trial commences. The "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information shall be submitted to the Court under seal, in camera, or by such other means as the Court may require, and the Court may then take whatever steps it may deem necessary or appropriate to preserve the confidentiality of said information during the course of the hearing or trial and thereafter.

-8-

13. <u>Redesignation of Information.</u> Any party, at any time, may redesignate as either "CONFIDENTIAL," or as information not subject to the terms of this Protective Order, any information that it has previously designated as "HIGHLY CONFIDENTIAL" by sending written notice thereof to all counsel of record. Further, any party, at any time, may redesignate as information not subject to the terms of this Protective Order any information that it has previously designated as "CONFIDENTIAL" by sending written notice thereof to all counsel of record.

14. <u>Disputed Designations.</u> The acceptance of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information by the parties shall not constitute an admission or concession or permit an inference that the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information is in fact "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as designated. Any receiving party may, at any time, request that the designating party remove the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation with respect to documents, objects, tangible things, interrogatory answers, answers to requests for admissions or deposition testimony by serving a written notice of objection on all parties and any designating third party, specifying with reasonable particularity the material to which objection to the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" designation is made. If, within ten (10) days after the service of such a notice, the designating party or designating third party does not agree to withdraw its designation of the specified material, the objecting party may file a motion for determination by the Court concerning the validity of its objection consistent with the provisions and procedure set forth in Paragraph 11 above. The burden of demonstrating that the information is "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall be on the designating party. In the event that such an objection is made or a motion is filed, the confidentiality of the material at issue shall be

preserved in accordance with this Protective Order pending resolution of the objection or motion by the Court.

15.  **Failure to Designate.**  Nothing in this Protective Order shall prohibit a producing party or producing third party from designating any document, object, tangible thing, interrogatory answer, answer to requests for admissions, or deposition testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" subsequent to its first disclosure or production. Any such subsequent designation: (a) must be in writing and served on the parties' counsel; and (b) must specifically identify the documents, objects, tangible things, interrogatory answers, answers to requests for admissions, and deposition testimony so designated. Upon receiving said notice, the parties shall forthwith label all materials so designated with the appropriate legend, shall treat the designated information or material as confidential in accordance with this Protective Order, and shall forthwith retrieve any copies, excerpts, summaries or descriptions thereof from persons not entitled to such information under the terms of this Protective Order.

16.  **Designator's Use of Information.**  Nothing in this Protective Order shall limit, or be construed to limit, in any way the use a party may make of documents, objects, tangible things, information, data, facts or testimony that the party has produced and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

17.  **Other Restriction.**  Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering advice to clients with respect to the Litigation and in the course thereof, referring to or relying upon the attorney's examination of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information provided, however, that in rendering such advice and in otherwise communicating with such client, the attorney shall not disclose any

-10-

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information to persons not authorized by this Protective Order to receive such information. Nothing in this Protective Order shall restrict or be construed to restrict a party's use of its own "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information.

18. <u>Disclosure in Other Proceedings.</u> If any party is served with a subpoena or other process or discovery request, or is required to fulfill a disclosure obligation of any kind, that would require the production or disclosure, for some purpose other than this action, of any documents, objects, tangible things, interrogatory answers, answers to requests for admissions, or deposition testimony received by that party in this action and containing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information, the receiving party shall notify the designating party or third party as soon as practicable of the subpoena, process or discovery request, or disclosure obligation. Provided that the producing party makes a timely motion or other application for relief from the subpoena or other request in the appropriate forum, the person or party subject to the subpoena or other request shall not produce or disclose the requested information without consent of the producing party or until ordered by a court of competent jurisdiction.

19. <u>Termination of Litigation.</u> This action will be deemed to have terminated when all of the claims asserted by or against the parties herein have been settled and compromised, or have been finally disposed of by judicial action, and all possible appeals have been exhausted or the time for filing any further appeals has passed. After termination of this action, counsel of record for the receiving party may retain one archival copy of the deposition transcripts and exhibits, Court transcripts and exhibits, and documents and other materials submitted to the Court. Nothing herein shall require the return or destruction of attorney work product. Such material shall continue to be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL"

information under this Protective Order. Within thirty (30) days after the termination of this action, at the request of the producing party, each party shall either return any and all additional documents, objects, tangible things, interrogatory answers, answers to requests for admissions, and transcripts of deposition testimony containing, describing or memorializing "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information (including without limitation any descriptions, excerpts, or summaries thereof) to the party that produced said information, or certify, by written affidavit, destruction thereof to the producing party. In the event that any documents, objects, tangible things, interrogatory answers, answers to requests for admissions, and transcripts of deposition testimony subject to the provisions of this paragraph contain materials or information added to them by the receiving party, the receiving party has the option of destroying them in their entirety.

20.  Modification of this Order. Nothing in this Protective Order shall preclude a party from seeking and obtaining from the Court such additional protection with respect to the confidentiality of information as the party shall deem appropriate.

21. <u>Effective Date.</u> This Protective Order shall be effective from the date on which it is signed by both parties, and shall apply from that date forward to all discovery in this matter, whether produced before or after that date.

**AKERMAN SENTERFITT**
One Southeast Third Avenue, 25th Floor
Miami, FL 33131-1704
Phone: (305) 374-5600
Fax: (305) 374-5095
email: james.miller@akerman.com


By: s/
    James M. Miller, Esq.
    Florida Bar No.: 201308
    james.miller@akerman.com
    Samuel S. Heywood, Esq.
    Florida Bar No.: 0016604
    samuel.heywood@akerman.com

*Attorneys for Defendant IGE U.S., LLC*

Date: May <u>19th</u>, 2008

**NEWSOME LAW FIRM**
20 N. Orange Ave., Suite 800
Orlando, FL 32801
Phone: (407) 648-5977
Fax: (407) 648-5252
email: newsome@newsomelaw.com

**THE HAVILAND LAW FIRM, LLC**
740 S. Third Street, Third Floor
Philadelphia, PA 19147
Phone: (215) 609-4661
Fax: (215) 392-4400
email: haviland@havilandlaw.com

By: s/
    Richard Newsome, Esq.
    Florida Bar No. 827258
    newsome@newsomelaw.com
    Donald A. Haviland, Esq.
    Pennsylvania Bar No. 66615
    email: haviland@havilandlaw.com
*Attorneys for Plaintiff*

Date: May <u>19th</u>, 2008

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 07-CIV-21403-COHN/SELTZER

ANTONIO HERNANDEZ, Individually and
on behalf of all others similarly situated,

      Plaintiff,

v.

INTERNET GAMING ENTERTAINMENT,
LTD., a foreign corporation, and

IGE U.S., LLC., a Delaware corporation,

      Defendants,

_____

## AGREEMENT AND CONSENT TO STIPULATED PROTECTIVE ORDER

The undersigned, upon being duly sworn, deposes and states:

1. I have read the Stipulated Protective Order (the "Protective Order") entered in the above-captioned cause on _____, 2008, and I fully understand its contents.

2. I am a person described in Paragraphs 8(d)-(f) and 9(d)-(f) of the Protective Order. I understand that by signing this affidavit, I will be eligible to receive "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" information under the terms and conditions of the Protective Order.

3. I hereby agree and consent to be bound by the terms of the Protective Order and to comply with it in all respects, and to that end, I hereby knowingly and voluntarily submit myself to the personal jurisdiction of the United States District Court, Southern District of Florida, so that the Court shall have the power and authority to enforce the Protective Order and

to impose appropriate sanctions upon me for violating the Protective Order, including punishment for contempt of court for a violation of the Protective Order.

_____
(Signature)

_____
(Printed Name)

_____
(Address)

**SWORN TO AND SUBSCRIBED** before me, this ____ of _____, 200__, by _____, who is personally known to me or who has produced _____ as identification.

_____
Notary Public

_____
Name of Notary
(Typed, Printed or Stamped)