UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ANTONIO HERNANDEZ, individually and )
on behalf of all others similarly situated, )
                                            )
            Plaintiff,                      )
                                            )
v.                                          )
                                            )  Case No. 07-21403-Civ
                                            )
IGE U.S. LLC.,                              )
a Delaware corporation,                     )
                                            )
            Defendant.                      )
                                            )

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL ANSWERS TO
PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS AND
INTERROGATORIES, AND FOR
EXTENSION OF DISCOVERY LIMITS**

**I.    INTRODUCTION**

Plaintiff, Antonio Hernandez, by his undersigned counsel, hereby respectfully submits this Memorandum in Support of his Motion to Compel Defendant IGE U.S. LLC, ("IGE") to fully respond to plaintiffs' discovery requests. This memorandum also sets forth the basis for plaintiff's request to have the limits on the number of interrogatories extended to allow all existing interrogatories to be answered.

This motion is occasioned by defendant IGE's wholesale failure to provide meaningful discovery, apart from a sparse and woefully incomplete production of scattered corporate meeting documents and reports and evasive interrogatory responses.  In sum, IGE has (1) failed to produce any documents in response to most of plaintiff's document requests, the first of which were served on January 22, 2008, and (2) failed to answer, or provide meaningful answers, to

1

virtually all interrogatories propounded by plaintiff. Plaintiff has diligently attempted to resolve these problems without Court intervention, having met and conferred with IGE's counsel on numerous occasions over the past few months. Despite these efforts and repeated extensions of the deadline for responses, IGE refuses to provide answers or documents responsive to the most basic kinds of discovery requests--such as the proper identification of persons with knowledge of relevant facts, documents evidencing the admitted conduct at issue in this case, and corporate tax returns and other financial documents fundamental to a business that generated hundreds of thousands of dollars in daily revenue from the unlawful conduct.[1] Declaration of Donald E. Haviland, Jr., Esquire Support of Motion to Compel ("Haviland Decl.") at ¶ 6.

IGE's repeated failure to provide such discovery is sought to be excused by rote comments like, "the company just doesn't have such documents anymore" [*id.* at ¶ 7]; however, no verified discovery responses have been provided attesting to when, how or why the company came to be dispossessed of such vital corporate information, including information required to be maintained by the federal tax laws. The continual delay in producing such discovery has severely prejudiced, and continues to prejudice, plaintiff in his ability to conclude all necessary discovery before the discovery cut-off, now set for August 12, 2008. *Id*. at ¶ 8.

Because it would require a much larger filing than is warranted under the circumstances, in view of the wholesale lack of discovery by the defendant in this case, this memorandum provides only illustrative examples of the many outstanding document requests and interrogatories that IGE has refused to respond to fully. Should the same prove necessary, a more detailed discussion

---

[1] Among the financial documents requested, but not produced, are contracts, prospectuses and other due diligence documents provided to investors, and basic electronic information, such as internal/external e-mails and electronic data.

– beyond the matters set forth in plaintiff counsel's letter detailing IGE's discovery deficiencies [as discussed below] – will be provided to the Court, either in a reply brief or at a hearing on the Motion.

## II. BACKGROUND

### A. Procedural History

Plaintiff instituted this action against IGE by filing a complaint on May 30, 2007. Plaintiff filed an amended complaint on August 17, 2007. Initially, the defendant was represented by the law firm of Foley & Lardner, LLP, who, on September 25, 2007 (the deadline for filing defendant's responsive pleading), filed a Motion for Extension of Time to Respond to the Complaint, citing, *inter alia,* the complex nature of the claims asserted and the fact that "lead trial counsel for defendant is in trial during the week of September 24, 2007, and is out of town for depositions and expert product testing in another matter during the week of October 1, 2007." *See* Defendant IGE U.S., LLC's Motion for Extension of Time to Respond to Complaint at ¶¶ 5-6. That motion was granted. On October 25, 2007, the extended deadline for defendant's responsive pleading, IGE filed a Motion to Stay the Action Pending Arbitration, or Alternatively, Motion to Dismiss Any Non-Arbitrable Claims for Improper Venue. On November 7, 2007, Plaintiff filed an Unopposed Motion for Extension of Time to Respond to Defendant's Motion to Stay This Action Pending Arbitration, or Alternatively, Motion to Dismiss Any Non-Arbitrable Claims for Improper Venue. Following plaintiff's filing of a response on November 21, 2007, IGE filed another Motion requesting an additional seven (7) days to respond. On December 10, 2007, IGE withdrew its Motion for a Stay and requested an additional twenty (20) days to file a responsive pleading to the Amended Complaint. Finally, on January 3, 2008, over seven (7)

3

months after plaintiff initially filed his complaint and almost five (5) months after plaintiff filed his Amended Complaint, IGE filed its Answer and Affirmative Defenses to the Amended Class Action Complaint.

On January 15, 2008, IGE served its Rule 26(a) Disclosures ("IGE Rule 26(a) Disclosures"). Haviland Decl. at Exhibit "A". Despite identifying a number of categories of documents, including "organizational documents", "accounting documents", and "host documents", no documents were provided with the Rule 26(a) Disclosure. *See* Fed.R.Civ.P.26(a)(1)(B) ("a party must, without awaiting a discovery request, provide to other parties...a copy of... all documents, data compilations, and tangible things...that the disclosing party may use to support its claims of defenses..."). The following week, plaintiff served his First Request for Production of Documents ("First Request") seeking the production of an April 5, 2007 purchase agreement between Jonathan Yantis, Sigma Apex Ltd., Interactive Vertical Technologies Pty, Ltd., Content Holdings LLC, Atlas Technology Group (collectively "Atlas") and IGE, as well as all exhibits, schedules and attachments to the purchase agreement. On February 26, 2008, IGE responded by objecting to the production of the purchase agreement until the entry of an approved confidentiality order. After months of delay, Foley & Lardner, LLP withdrew as counsel for IGE on March 31, 2008, without having complied fully with its discovery obligations in this case. On April 2, 2008, Akerman Senterfitt was substituted as counsel for IGE.

With a fact discovery cutoff of May 9, 2008 fast approaching, and with no meaningful Rule 26(a) disclosure from IGE in hand, on April 3, 2008, plaintiff served his Second Request for Production of Documents ("Second Request") and a first set of Interrogatories. *See* Second Request at Haviland Decl. Exhibit "B". On April 8, 2008, plaintiff served a second set of

Interrogatories, as well as a Third Request for Production of Documents ("Third Request"). Collectively, these discovery requests sought the information relevant to this lawsuit within IGE's care, custody and control.

On May 20, 2008, IGE responded to all of the outstanding discovery requests with a series of meritless, stock objections. *See* Haviland Decl. Exhibits "C", "D", "E" and "F". Though IGE has since produced a handful of documents, the scant volume of documents produced is facially inadequate for a company that was founded in 2001 and touts itself as "operating the world's largest secure network of buying and selling sites for massively multi player online game (MMOG) virtual currency and assets on the Internet".[2] The sum total of documents produced in response to plaintiff's Second and Third Requests amounts to just over 1600 pages - less than a single red well of documents - consisting of mainly incomplete corporate meeting documents and reports. Despite prior representations that IGE would engage in a "rolling production", no supplemental production has been provided as to these requests.[3] Haviland Decl. ¶ 7.

After several emails and telephone calls intended to move the ball on this discovery, *id.* at ¶ 6, on June 9, 2008, plaintiff's counsel was forced to send a detailed letter to defense counsel outlining the various deficiencies and calling for a "meet and confer" conference as a prelude to this Motion to Compel. *See* letter dated June 9, 2008, at Haviland Decl. Exhibit "G". The letter included a non-exclusive list of twenty-three (23) specific topics that plaintiff had sought in the various document requests, none of which had been produced. Plaintiff further outlined several

---

[2] http://www.ige.com/about

[3] IGE recently produced 3 boxes of documents containing various drafts of the agreement sought by plaintiff's First Request.

areas of deficiency with respect to IGE's responses to the outstanding Interrogatories, including, *inter alia,* IGE promises to supplement information "under separate cover" which supplement has yet to be completed, and various assertions of privilege which have never been appropriately logged.[4] In addition, the letter took issue with IGE's objection to the number of Interrogatories interposed in view of IGE's singular response to the first twenty-five (25) Interrogatories initially permitted by the Federal Rules without Court intervention.[5] IGE's counsel never responded to this letter.

On June 16, 2008, in an effort to resolve the outstanding discovery dispute, plaintiff initiated a conference call with defense counsel. It was represented on that call that IGE had produced only documents in the possession of Mr. Brock Pierce, the founder and former CEO of IGE, and that IGE was looking to only two other executives, Matt Smith and Randy Maslow, for further relevant discovery documents. Though defense counsel maintain that they are "making a good faith effort" to produce all responsive documents, their refusal to expand the scope of their search for responsive information within the care, custody and control of IGE beyond Messrs. Pierce, Smith and Maslow, should serve as *prima facie* proof of IGE's discovery deficiency.

Given IGE's intolerable delay and failure to provide meaningful discovery, and the narrow time left before the discovery cut off in this case, plaintiff seeks judicial intervention to resolve this

---

[4] Beyond the requirements of Florida law respecting the paper invocations of privilege through the timely production of a detailed log, plaintiff's instructions that accompanied his written discovery explicitly called for a log setting forth the bases for any claims of privilege. *See*, *e.g.*, Haviland Decl. Exhibit "B" at 6-7.

[5] Because IGE is hiding behind the Rule limits in seeking to avoid appropriate discovery, plaintiff requests that the Court relax that discovery limit on Interrogatories to allow the outstanding discovery to be fully answered. *See* discussion *infra*.

matter.

### III. ARGUMENT

#### A. Legal Standard for Relevant Discovery.

The touchstone of all civil discovery is that the parties are entitled to unrestricted access to all sources of potentially relevant information. "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." Hickman v. Taylor, 329 U.S. 495, 507-508 (1947). Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action," without regard to whether the material sought will be admissible at trial, "if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." "'[R]elevant to the subject matter involved in the pending action' -- has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Relevancy "should be construed liberally and with common sense, rather than in terms of narrow legalisms." 8 Wright, Miller & Marcus, Federal Practice and Procedure § 2008 at 107 (2d ed. 1994).

Therefore, discovery should ordinarily be allowed as relevant unless it is clear that the information sought can have no possible bearing upon the subject matter of the action. Snowden v. Connaught Laboratories, Inc., 137 F.R.D. 325, 329 (D. Kan. 1991) (citing, Hoeme v. Golden Corral Corp., No. 89-1530 (D. Kan. June, 1990)) Gagne v. Reddy, 104 F.R.D. 454, 456 (D. Mass. 1984) (citing, Miller v. Doctor's General Hospital, 76 F.R.D. 136, 139 (W.D. Okla. 1977)); Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 296 (E.D. Pa. 1980).

## B. Relevant Time Period

An area of dispute that affects all of the pending discovery in this case is the relevant time period. Both the document requests and interrogatories interposed by plaintiff seek information for the period November 27, 2004 through the present. It is well established that, where a conspiracy is alleged, as here, plaintiff is entitled to discovery for the full temporal scope of the alleged conspiracy regardless of the limitations period or the class period. See, e.g., FTC v. Lukens Steel Co., 444 F. Supp. 803, 805-806 (D.D.C. 1977); Bonus Oil Co. v. American Petrofina Co., 1975-1 Trade Cas. (CCH) ¶ 60,267 at 66,028-29 (D. Neb. 1975); Sandee Mfg. Co. v. Rohm & Haas Co., 24 F.R.D. 53, 57 (N.D. Ill. 1959); Rosseau v. Langley, 7 F.R.D. 170, 172 (S.D.N.Y. 1945).

In this case, plaintiff has alleged a conspiracy between IGE and several named and unnamed co-conspirators to commit consumer fraud and to breach a third-party beneficiary contract. The conspiracy commenced at the earliest date of November 27, 2004, and has continued up to the present time. Amended Consolidated Complaint at ¶¶ 50, 78. Given that the plaintiff has alleged a conspiracy ranging from 2004 through the present, the discovery in this matter requires that the relevant time period covered by plaintiff's discovery requests extend for the same period, *i.e.*, from 2004 through the present.

In addition to discovery covering the years of the alleged conspiracy, plaintiff is entitled to discovery for reasonable periods of time pre-dating and post-dating the alleged conspiracy (in this case, 2004 to the present). See, e.g., In re Folding Carton Antitrust Litig., 83 F.R.D. 251 (N.D. Ill. 1978) (discovery allowed for several years beyond the alleged conspiracy period as relevant to the existence of the alleged conspiracy and the determination of damages); Goldinger v. Boron Oil

Co., 60 F.R.D. 562, 563-64 (W.D. Pa. 1973); Natcontainer Corp. v. Continental Can Co., Inc., 362 F. Supp. 1094, 1102 (S.D.N.Y. 1973); Forbes v. Greater Minneapolis Board of Realtors, 1973-2 Trade Cas. (CCH) ¶ 74,696 at 95,077 (D. Minn. 1973); Quonset Real Estate Corp. v. Paramount Film Distributing Corp., 50 F.R.D. 240, 241-42 (S.D.N.Y. 1970); Erone Corp. v. Skouras Theatres Corp., 22 F.R.D. 494, 499 (S.D.N.Y. 1958); Allied Shoe Machinery Corp. v. United Shoe Machinery Corp., 19 F.R.D. 181, 182-83 (D. Mass. 1956). Discovery before and after the alleged time period of the conspiracy is relevant to, *inter alia*, measuring damages. For example, one widely accepted measure of damages is to compare the prices charged by a defendant before, during and after the conspiracy. See In re Nasdaq Market-Makers Antitrust Litig., 169 F.R.D. 493, 521 (S.D.N.Y. 1996).

In sum, there is no legitimate excuse for IGE to arbitrarily limit the applicable discovery period, given the alleged conspiracy period. Nevertheless, the documents produced in this case appear to be largely concentrated in the time frame between 2006-2007. *See* Haviland Decl. ¶ 7.

### C. Document Requests

The deadline for fact discovery in this case is five (5) weeks away, on August 12, 2008. Despite plaintiff's best efforts to amicably resolve the many discovery deficiencies that have been clearly identified and raised with the defendant, by means of both telephonic "meet and confers" and a detailed letter identifying some of the specific deficiencies - which letter was never responded to - the instant Motion to Compel has become necessary in order to assure that plaintiff is able to receive all of the necessary discovery, as requested, to continue to litigate this action in accordance with the Court's deadlines..

Despite defense counsel's repeated representations that IGE would engage in a "rolling

production" of documents responsive to plaintiff's three (3) sets of document requests, Haviland Decl. ¶ 7, plaintiff has been served with one incomplete collection of documents to date, and one narrow supplement to the First Request. No other "rolling production" has been provided or is promised in the future. *Id.*

For the Court's convenience, select requests are discussed below to illustrate IGE's discovery deficiencies.

**Document Request No. 1 of Second Request - (Organizational Charts)**

Document Request No. 1 of the Second Request seeks discovery of the documents and organizational charts sufficient to show the organization or inter-relation of each division, department, unit or subdivision of the defendant's company. While IGE initially identified "organizational charts" in its Rule 26(a) Disclosure as a category of documents in the custody of "IGE US, c/o IGE US' counsel", Haviland Decl. Exh. "A" at 3, IGE now improperly claims that "it does not *currently* have any divisions, departments, units or subdivisions". IGE thus tries to unduly restrict the relevant time period defined by the document requests in the "Instructions" section of the Second Request at ¶13. Given that the applicable time period extends to at the very least November 27, 2004, IGE is required to produce all documents responsive to this request from at least that time forward; simply stating that the company no longer has divisions, departments, units or subdivisions is evasive and no-responsive, especially in light of the fact that IGE has such documents in its possession (having produced a select few of them). *See* Haviland Decl. ¶\_\_\_.

This information is regularly requested and provided in litigation, *See, e.g.*, Board of Educ. of Evanston Tp., 104 F.R.D. at 27 (court compelled responses to interrogatories asking

corporate defendants to identify all present and former directors, officers and individuals involved in bidding). *See also,* In re Prudential Ins. Co. of America Sales Practices Litig., 962 F. Supp. 450, 481 (D.N.J. 1997); In re ML-Lee Acquisition Fund II, L.P., 151 F.R.D. 37, 40 (D.Del. 1993); Held v. National R.R. Passenger Corp., 101 F.R.D. 420, 427 (D.D.C. 1984).

**Document Request No. 2 of Second Request - (IGE, Ltd of Hong Kong)**

Document Request No. 2 of the Second Request seeks documents referring or relating to IGE, Ltd., a one-time defendant in this litigation who was voluntarily dismissed, and several individuals who are known to have worked for or with the defendant. IGE objected to this request on the grounds that it is allegedly "overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence..." *See* Haviland Decl. Exh. "C" at 4-5. IGE interposes these objections despite the fact that IGE identified four (4) of the seven (7) individuals, Messrs. Pierce, Smith, Maslow and Yantis, in its Rule 26(a) Disclosure as persons with relevant knowledge of the subject matter. Further, IGE's Disclosure expressly stated that the company had "[d]ocuments [that] will show the relationship, if any, between IGE US and IGE Hong Kong, such as managing or operating agreements between the two entities, accounting documents, host documents and transactional documents regarding change in control and operations." IGE's subsequent objection and lack of production of these documents is inappropriate.

**Document Request Nos. 3, 4 and 12 of Second Request (Financial Reports and Profit Information)**

Document Request Nos. 3, 4 and 12 of the Second Request seek annual, quarterly and monthly financial reports, as well as other documents reflecting the profits and/or losses of IGE. IGE adds to its standard objection that the requests are allegedly "overly broad, unduly

11

burdensome, harassing and not reasonably calculated to lead to the discovery of admissible evidence", the further charge that the financial information sought is "not relevant to the claims and defenses in this lawsuit". The preceding discussion regarding the standards for relevant discovery reveals the baselessness of such charge. This lawsuit stems from a conscious, systematic effort to bilk tens of millions of dollars from World of Warcraft subscribers in violation of the express Terms of Use and End User License Agreement by which all subscribers are bound. In order for the plaintiff to prove, the Court to rule upon, and the jury to assess, the gravity of the harm and the damages caused, such basic financial information must be produced.

**Document Request Nos. 6, 7, 8, 9, 10 and 14 of Second Request - (Agreements and Meetings Between Competitors and Contact Information)**

Document Request Nos 6, 7, 8, 9 and 10 of the Second Request seek documents referring or relating to agreements, meetings or communications between the defendant and others concerning the distribution, marketing, promotion, pricing and/or sale of virtual assets or real money trade. Once again, IGE objects that these requests are "overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible evidence". Contrary to these boilerplate objections, such requests are relevant as the documents sought will likely reveal the identity of individuals and events involved in the alleged conspiracy. See Board of Educ. of Evanston Tp., 104 F.R.D. at 29 & n.9, citing, In re Shopping Carts Antitrust Litig., 95 F.R.D. at 307. Further, these requests are typically permitted in complex cases. See Manual for Complex Litigation §21.46 at 90 (3d ed. 1995). See also In re Residential Doors Antitrust Litigation, 900 F. Supp. 749 (E.D. Pa. 1995) (court compelled responses to interrogatories seeking information concerning agreements and meetings between defendant's employees and

12

competitors). Accordingly, the information contained in these documents is "fundamental to a resolution of the parties' dispute on the merits," and should be produced immediately. Board of Educ. of Evanston Tp., 104 F.R.D. at 30.

### C. Interrogatories

The Interrogatories propounded by plaintiff ask for very basic information about IGE's' participation in RMT and the alleged conspiracy and violations of the Florida consumer fraud laws: persons with knowledge about the allegations, the factual bases for IGE's denials of the allegations in the Amended Complaint, the existence, location and description of sales, marketing, promotion and financial records, and other relevant inquiries. As with the document requests, IGE has elected to stonewall plaintiff.

The overarching issue with IGE's objections and responses is the fact that IGE is standing on its objection that the Interrogatories "exceed the maximum number of written interrogatories (including discrete subparts) permitted by the Federal Rules of Civil Procedure." *See* IGE Response to Second Set of Interrogatories at 8 (Haviland Decl. Exh. "F"). Conveniently for IGE, plaintiff's second set of Interrogatories relates to class certification issues which must be briefed and decided before the close of fact discovery. Because IGE has arbitrarily chosen to count what it believes to be the "maximum number" of interrogatories, and has refused to agree with plaintiff to extend the limit to accommodate the isolated class certification requests currently at issue, plaintiff is forced to seek relief from the Court from such limit in order to complete his class discovery.

IGE generally invokes Fed. R. Civ. P. 33(d) in response to various Interrogatories, which is inappropriate under the circumstances here where precious few documents have been produced.

IGE's invocation is an abuse of the rule.  Corporate defendants responding to interrogatories must make reasonable efforts to furnish whatever information is available to the corporation, including any information possessed by current and former employees.  *See* 7 J. Moore, Moore's Federal Practice § 33.102[2] (3d ed. 1997).  Thus, it is insufficient and unresponsive for IGE to direct plaintiff to undifferentiated documents in answer to interrogatories,[6] particularly since such information may well be possessed by IGE, but may be undocumented.  See Budget Rent-A-Car of Missouri, Inc. v. Hartz Corporation, 55 F.R.D. 354, 356-57 (W.D. Mo. 1972).

Such responses are wholly inadequate.  Rule 33(d) does not apply when "another more convenient way of obtaining the information exists."  Wright & Miller at 334 (collecting cases); see also Daiflon, Inc. v. Allied Chemical Corp., 534 F.2d 221, 226 (10th Cir. 1976), cert. denied, 429 U.S. 886 (1976) ("Moreover, if an answer is readily available in a more convenient form, Rule 33[d] should not be used to avoid giving the ready information to a serving party").  To the extent information is available from IGE computer records and other financial records, it should be provided in narrative form.  Plaintiff should not have to sift through IGE's documents to arrive at answers that can be determined by direct answers to Interrogatories.  For this reason, Interrogatories like Nos. 3-5, 7-9 and 12 of the Second Set should be answered.

---

[6]   Fed. R. Civ. P. 33(d) prohibits interrogated parties from directing interrogating parties to undifferentiated masses of documents.  See 8A Wright, Miller & Marcus, Federal Practice and Procedure § 2178 at 336 n.6 (1994) ("'A respondent may not impose on an interrogating party a mass of records as to which research is feasible only for one familiar with the records.'") (quoting The Advisory Committee Note to the 1970 Amendment of Rule 33©, 48 F.R.D. at 524-25); see also Matthews v. USAir, Inc., 882 F. Supp. 274 (N.D.N.Y. 1995); T.N. Taube Corp. v. Marine Midland Mortgage Corp., 136 F.R.D. 449, 455 (W.D.N.C. 1991); Puerto Rico Aqueduct and Sewer Auth. v. Clow Corp., 108 F.R.D. 304 (D.C. Puerto Rico 1985)  Rather, "the interrogated party must state specifically and precisely identify which documents will provide the information to be elicited."  Budget Rent-A-Car of Missouri, Inc. v. Hartz Corporation, 55 F.R.D. 354, 356-57 (W.D. Mo. 1972).

Instructive is the decision in American Rockwood v. Owens Corning, 109 F.R.D. 263, 264 (E.D.N.C. 1985), wherein plaintiff served similar interrogatories seeking "sales summary information by customer and product.... The defendant invoked Rule 33[d] and sent plaintiff to a warehouse containing more than a million invoice documents, unsorted by customer or product." Id. The court concluded not only that the defendant "abused Rule 33[d]," but it imposed sanctions. Id. Here, in contrast, IGE has produced no electronic data, so the Interrogatories must be answered as potentially the only source of the discovery

The same is true with respect to interrogatories seeking identification of persons with knowledge concerning the lawsuit. *See e.g.,* Second Interrogatory Nos. 4-5. Again, this is basic discovery. Indeed, Rule 26 requires parties to provide such information. It is also well settled that a "party may properly 'inquire into the identity and location of persons having knowledge of relevant facts.'" Board of Educ. of Evanston Tp., 104 F.R.D. at 32, citing, Bessly-Welles Corp. v. Balax, Inc., 42 F.R.D. 368, 371 (E.D. Wis. 1968) (interrogatory which seeks identification of persons with knowledge is legitimate whereas interrogatory seeking pattern of corporate party's own investigation of itself is not). The primary purpose of interrogatories is "determining the existence, identity, and location of witnesses, documents and other tangible evidence as a prerequisite to planning of further discovery." Manual for Complex Litigation § 21.46 at 90. Persons who have knowledge of the lawsuit with respect to these specific areas are likely to be a primary source of admissible evidence.

Further, as discussed above, parties cannot hide behind Rule 33(d) by directing the party seeking discovery to undifferentiated documents. Even if IGE had sufficiently identified responsive documents, which it has not, IGE has a duty to provide responsive information in its

15

possession beyond what may be contained in any documents.

## IV. CONCLUSION

For the foregoing reasons, plaintiff respectfully submits that the Motion to Compel the Production of Responsive Documents to the Request for the Production of Documents should be granted, and IGE should be compelled to produce all documents called for by plaintiff's document request and to respond fully to plaintiff's Interrogatories. To the extent IGE continues to stand on its objections to the discovery limits for Interrogatories, plaintiff respectfully requests that the limits be relaxed to allow the limited class certification Interrogatories at issue here to be answered.

Dated: July 3, 2008

Respectfully submitted,

_/s/_____
Donald E. Haviland, Jr., Esquire
Michael J. Lorusso, Esquire
**THE HAVILAND LAW FIRM, LLC**
740 S. Third Street, Third Floor
Philadelphia, PA 19147
Telephone: (215) 609-4661
Facsimile: (215) 392-4400

C. Richard Newsome, Esquire
Florida Bar No.: 827258
Email: newsome@productsliability.net
**NEWSOME LAW FIRM**
20 N. Orange Ave., Suite 800
Orlando, Florida 32801
Telephone: (407) 648-5977
Facsimile: (407) 648-5282

CO-LEAD COUNSEL FOR THE PLAINTIFF,
ANTONIO HERNANDEZ