## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ANTONIO HERNANDEZ, individually and on behalf of all others similarly situated,<br><br>              Plaintiff,<br><br>v.<br><br>IGE U.S. LLC.,<br>a Delaware corporation,<br><br>              Defendant. | Case No. 07-21403-Civ |

### AFFIDAVIT OF DONALD E. HAVILAND, JR., IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL DISCOVERY

I, Donald E. Haviland, Jr., hereby declare as follows:

1.    I am the managing partner of the Haviland Law Firm, LLC ("HLF"), counsel for plaintiff and the Class in this matter. In view of my prior work and experience in this case, I hereby attest that the facts set forth in this Declaration are true and correct to the best of my knowledge, information and belief.

3.    I submit this Declaration, and the exhibits hereto, in support of the Plaintiff's Motion to Compel Discovery.

4.    Attached as Exhibits hereto are true and correct copies of the following documents, which are being filed of record for the Court's consideration in support of the Plaintiff's motion to Compel Discovery

| Exhibit "A" | January 15, 2008 IGE Rule 26(a) Disclosures |
|---|---|
| Exhibit "B" | Plaintiff's Second Request for Production of Documents of IGE |

| Exhibit "C" | IGE's Objections and Responses to Plaintiff's Second Request for Production of Documents |
| Exhibit "D" | IGE's Objections and Responses to Plaintiff's First Set of Interrogatories |
| Exhibit "E" | IGE's Objections and Responses to Plaintiff's Third Request for Production of Documents |
| Exhibit "F" | IGE's Objections and Responses to Plaintiff's Second Set of Interrogatories |
| Exhibit "G" | Letter dated June 9, 2008 re IGE discovery deficiencies |

5. On behalf of plaintiff, I personally engaged defense counsel in an effort to resolve the outstanding disputes respecting IGE's failure to provide fulsome responses to the over-listed discovery.

6. In an effort to resolve these problems without Court intervention, I met and conferred with IGE's counsel on numerous occasions over the past few months via email and telephone. Despite these efforts and repeated extensions of the deadline for responses, IGE refuses to provide answers or documents responsive to the most basic kinds of discovery requests--such as the proper identification of persons with knowledge of relevant facts, documents evidencing the admitted conduct at issue in this case, and corporate tax returns and other financial documents fundamental to a business that generated hundreds of thousands of dollars in daily revenue from the unlawful conduct.

7. When pressed for reasons for the lack of fulsome responses by IGE, I typically was told by defense counsel, "the company just doesn't have such documents anymore". IGE's counsel also told me repeatedly that IGE would engage in a "rolling production". Despite such representations, no supplemental production has been provided as to the requests at Exhibits C- F hereto. The few documents that have been produced in this case appear to be largely

concentrated in the time frame between 2006-2007.

8.  The continual delay in producing such discovery has severely prejudiced, and continues to prejudice, plaintiff in his ability to conclude all necessary discovery before the discovery cut-off, now set for August 12, 2008.

9.  Subject to the penalties of 18 Pa. C. S. § 4904 relating to unsworn falsification to authorities, I hereby aver that the facts set forth in this Declaration are true and correct to the best of my knowledge, information and belief.

Executed this 3rd day of July, 2008.

By:   /s/_____
Donald E. Haviland, Jr., Esquire
The Haviland Law Firm, LLC
740 South Third Street
Third Floor
Philadelphia, PA 19147
Telephone: (215) 609-4661