# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 07-21403-Civ

| | |
|---|---|
| ANTONIO HERNANDEZ, Individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) **Class Action Complaint** ) |
| INTERNET GAMING ENTERTAINMENT, LTD., a foreign corporation, and | ) ) ) |
| IGE U.S. LLC., a Delaware corporation, | ) ) ) |
| Defendants. | ) ) ) |

### PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Fed.R.Civ.P. 34(b), Plaintiff Antonio Hernandez, ("Plaintiff") hereby requests that Defendant, IGE U.S. LLC., responds to each of the following requests for production of documents within thirty (30) days of service hereof.

### DEFINITIONS

1.      As used herein, the following terms are defined as indicated:

a.      "Defendant" means IGE U.S. LLC., and its predecessors, successors, subsidiaries, parent, branches, departments, divisions, or any of its affiliates, including, without limitation, any organization or entity in which Defendant has management or controlling interests, together with all present and former directors, officers, employees, agents, representatives or any other persons acting, or purporting to act, on behalf of the above identified persons or entities.

EXHIBIT "B"

b.    "You," "your" or "your company" means the Defendant, person, or entity responding to these Document Requests.

c.    "Person" means, without limitation, any natural person, corporation, partnership, proprietorship, joint venture, association, governmental body (including, without limitation, any government entity or government program defined herein), insurance entity, any group, or any other form of public or private business or legal entity.

d.    "Competitor(s)" means, without limitation, any other person or entity who competes in the development, production, manufacture, distribution, marketing, promotion, pricing or sale of gold in any virtual world.

e.    "Virtual World" means any persistent, simulated environment populated by multiple users via their avatars.

f.    "MMORPG" means a massively multiplayer online role playing game, which is an online virtual world, in which avatars complete quests and/or tasks, form social groups, and engage in persistent, complex interactions.

g.    "Communication" means, without limitation, oral or written communications of all kinds, including correspondence, presentations, any exchange of written or recorded information, face to face meetings or discussions, or electronic, facsimile or telephone transmissions.

h.    "Meeting" means, without limitation, any assembly, convocation, encounter or contemporaneous presence of two or more persons for any purpose, whether planned, arranged, scheduled or not.

i.       "Employee" means, without limitation, current and former employees, including officers, directors, executives, managers, sales personnel, administrative staff, secretaries, clerical staff, messengers, or any other person employed by the Defendants or the Astra Defendants.

j.       "Document" has the same full meaning as construed by Fed.R.Civ.P. 34(a), and includes, without limitation, the original (or identical duplicate when the original is not available) and all non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of all writings, whether handwritten, typed, printed or otherwise produced, which writings or other documents may consist of letters, correspondence, memoranda, legal pleadings, calendars, diaries, travel records, summaries or records of telephone conversations or interviews, telegrams, notes, reports, compilations, notebooks, laboratory notebooks, work papers, graphs, charts, blueprints, books, pamphlets, brochures, circulars, manuals, instructions, ledgers, drawings (including, without limitation, engineering, assembly and detail drawings), sketches, photographs, films and sound reproductions, sales literature, advertising literature, promotional literature, presentations, agreements, minutes of meetings, tape recordings, telegrams, mailgrams, facsimile transmissions, or any other tangible materials on which there is any recording or writing of any sort.

k.       In addition, the term "document" also includes "electronic data," which means the original and any non-identical copies of mechanical, facsimile, electronic, magnetic, digital, or other programs (whether private, commercial, or work-in-progress), programming notes, instructions, comments or remarks, program change logs and activity listings of electronic

mail receipts and/or transmittals; output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source codes of all types, programming languages, linkers and compilers, peripheral drives, PRF files, batch files, ASCII files, and any miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic data consists in an active, deleted file or file fragment. Electronic data includes any digitally stored information, including but not limited to any information stored on both work stations and servers, any separate hard drives, memory sticks, website source code, blogs, programs and applications. The term electronic data also includes the file, folder tabs, and/or containers and labels appended to or associated with, any physical storage device associated with each original and/or copy.

l. "Referring to," "relating to," or "regarding" mean, without limitation, the concepts: refer to, discuss, describe, reflect, deal with, pertain to, analyze, evaluate, estimate, constitute, study, survey, project, assess, record, summarize, criticize, report, comment, or otherwise involve, in whole or in part.

m. "Or" is used in its inclusive sense and shall be construed so as to require the broadest possible response. If, for example, a request calls for information about "A" or "B," you should produce all information about A and all information about B, as well as all information about A and B. (In other words, "or" should be read as "and/or").

## INSTRUCTIONS

1.      Pursuant to the Federal Rules of Civil Procedure, these document requests shall be deemed to be continuing in nature so that if Defendant, its directors, officers, employees, agents, representatives or any persons acting, or purporting to act, on behalf of Defendant, subsequently discover or obtain possession, custody, or control of any document previously requested or required to be produced, Defendant shall promptly make such document available.

2.      In producing documents and other materials, you are to furnish all documents or things in your possession, custody or control, regardless of whether such documents or materials are possessed directly by you or your directors, officers, agents, employees, representatives, subsidiaries, managing agents, affiliates, investigators, or by your attorneys or their agents, employees, representatives or investigators.

3.      In producing documents, you are requested to produce the original of each document requested together with all non-identical copies and drafts of that document.  If the original of any document cannot be located, a copy shall be produced in lieu thereof, and shall be legible and bound or stapled in the same manner as the original.

4.      If any requested document or thing cannot be produced in full, you are to produce it to the extent possible, indicating which document, or portion of that document, is being withheld, and the reason that document is being withheld.

5.      A request for each document that "refers" or "relates to" a subject matter extends to each document that constitutes, contains, mentions, discusses, supports, modifies, contradicts, criticizes, concerns, describes, records, reports, or reflects that subject matter, or that was prepared in connection with, arises from, or is or has been collected, recorded, examined, or

considered by, for or on behalf of any present or former agent, representative, officer, employee, attorney, board, committee or subcommittee, or any other person acting or purporting to act on your behalf in relation to the subject matter specified.

6.     Documents not otherwise responsive to these Document Requests shall be produced if such documents mention, discuss, refer to, or explain the documents that are called for by these Document Requests, or if such documents are attached to documents called for by these Document Requests and constitute routing slips, transmittal memoranda, cover sheets or letters, comments, evaluations or similar materials.

7.     Unless otherwise specified herein, all documents shall be produced in the same order as they are kept or maintained by you in the ordinary course of your business.

8.     If documents are maintained in files or folders, copies of said files or folders or other such identifying label information shall also be produced.

9.     Documents shall be produced in such fashion as to identify the department, branch, or office in which they were located and, where applicable, the natural person in whose possession they were found and the business address of each document's custodian(s).

10.     Documents attached to each other should not be separated.

11.     If a document once existed and has subsequently been lost, destroyed, or is otherwise missing, please provide sufficient information to identify the document and state the details concerning its loss.

12.     If you claim the attorney-client privilege or any other privilege or work product protection for any document, provide a detailed privilege log that contains at least the following information for each document that you have withheld:

a.      state the date of the document;

b.      identify each and every author of the document;

c.      identify each and every person who prepared or participated in the preparation of the document;

d.      identify each and every person who received the document;

e.      identify each and every person from whom the document was received;

f.      state the present location of the document and all copies thereof;

g.      identify each and every person having custody or control of the document and all copies thereof; and

h.      provide sufficient information concerning the document and the circumstances thereof to explain the claim of privilege or protection and to permit the adjudication of the propriety of such claim.

13.      Unless a different period is specified, these Document Requests relate to the period November 27, 2003 through the present. Responsive documents include those that were prepared, sent, dated, received, in effect, or otherwise came into existence at any time on or after November 27, 2003 through the present.

14.      Use of the plural and singular tenses in these Document Requests shall be interchangeable, such that the plural tense includes the singular tense and *vice versa*.

## REQUESTS

1. Please produce all documents or charts sufficient to show the organization or inter-relation of each division, department, unit or subdivision of your company.

2. Please produce all documents in your possession referring or relating to any of the following entities or individuals:

      a.     Internet Gaming Entertainment, Ltd.

      b.     Brock Pierce;

      c.     Mark Steven Salyer;

      d.     Jonathan Yantis;

      e.     Alan Debonneville;

      f.     Randy Maslow;

      h.     Matthew P. Smith; and

      i.     Greg Jelniker.

3. Please produce all of your internal and/or public annual, quarterly and monthly financial reports, including profit and loss statements, during the relevant period.

4. Please produce all annual, quarterly and/or other reports or documents reflecting the profit and/or losses of your company.

5. Please produce all documents referring or relating to any method, practice, policy or strategy you or others proposed, considered, have used or now use for marketing, promoting, selling or distributing any product or service.

6. Please produce all documents which comprise, evidence, refer or relate to any agreement or understanding, formal or informal, or any joint actions or activities, between or

among you and any defendant(s), competitor(s) or others concerning the distribution, marketing, promotion, pricing and/or sale of virtual assets or real money trade.

7.      Please produce all documents referring or relating to meetings attended by you and any other defendant(s), competitor(s) or others at which meeting there was any communication regarding the distribution, marketing, promotion, pricing or sale of virtual assets or real money trade.

8.      Please produce all documents reflecting communications between you and any defendant(s), competitor(s) or others referring or relating to the distribution, marketing, promotion, pricing or sale of virtual assets.

9.      Please produce all documents taken to, received or distributed at, or prepared in connection with or during any meeting attended by you and any defendant(s), competitor(s) or others, at which meeting there was any communication regarding the distribution, marketing, promotion, pricing or sale of virtual assets.

10.     Please produce documents sufficient to demonstrate all monies provided to any other person or entity for distributing, or selling virtual assets which originated or were at some point controlled by you.

11.     Please produce all documents prepared by you, a defendant, competitor, or any third party, which analyze, evaluate or summarize information referring or relating to the distribution, marketing, promotion, pricing or sale of virtual assets.

12.     Please produce all documents referring or relating to sales or profit projections for your products or services.

13.     Please produce all documents and records maintained by you in the ordinary course of your business referring to, relating to or reflecting your distribution of any products or services.

14.     Please produce all documents containing a complete or partial compilation or summary of the names, telephone numbers and last known addresses of all defendant(s), competitor(s), or other third parties, including their officers agents and employees, with whom you have dealt with respect to the distribution, marketing, promotion, pricing or sale of virtual assets.

15.     Please produce all documents which refer, relate to or reflect the names, addresses or other identifying information about any users of virtual worlds, including all information reflection their payments for your products or services.

16.     Please produce all data (on disk) stored, maintained, or organized digitally through any computer-related equipment or system, containing or referring to information regarding individual invoices or other documents for purchases of virtual assets or real money trade, including, but not limited to, customer names and addresses, prices, quantities, payments, purchase volume and price discounts, and other discounts.

17.     Please produce all documentation necessary to operate or run any of the programs maintained on the computer-related equipment or system utilized by you to maintain the data produced by you in response to these Document Requests.

18.     Please produce all documentation relating to, referring to, or supporting information requested in Plaintiff's Interrogatories.

19.    Please produce all documents that fall within the categories of documents identified in your Rule 26(A) Disclosures dated January 15, 2008.

Dated this 3<u>rd</u> day of April, 2008.

C. RICHARD NEWSOME, ESQUIRE
Florida Bar No.: 827258
Email: newsome@newsomelaw.com
ANDREW F. KNOPF, ESQUIRE
Florida Bar No.: 658871
Email:knopf@newsomelaw.com
Newsome Law Firm
20 N. Orange Ave., Suite 800
Orlando, Florida 32801
Telephone: (407) 648-5977
Facsimile: (407) 648-5282

DONALD E. HAVILAND, JR., ESQUIRE
Pennsylvania Bar No.: 66615
Email: haviland@havilandlaw.com
MICHAEL J. LORUSSO, ESQUIRE
Pennsylvania Bar No.: 203684
Email: lorusso@havilandlaw.com
The Haviland Law Firm, LLC
740 S. Third Street, Third Floor
Philadelphia, PA 19147
Telephone: (215) 609-4661
Facsimile: (215) 392-4400

Attorneys for Plaintiff,
Antonio Hernandez and the Class

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 3, 2008, a copy of the foregoing document is being served on all counsel of record via U.S. Mail and Facsimile:

James M. Miller
Akerman Senterfitt
1 SE 3rd Ave, Floor 28
Miami, FL 33131-1715

C. Richard Newsome
Florida Bar No.: 827258
Andrew F. Knopf
Florida Bar No.: 658871
Newsome Law Firm