UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-21403-CIV-COHN/SELTZER

ANTONIO HERNANDEZ, Individually and
on behalf of all others similarly situated,

           Plaintiff,

v.

INTERNET GAMING ENTERTAINMENT, LTD.,
a foreign corporation, and

IGE U.S. LLC.
a Delaware corporation,

           Defendants.

_____/

### DEFENDANT IGE U.S. LLC'S RESPONSES TO
### PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant, IGE U.S. LLC ("IGE U.S."), hereby responds and objects to the Request for Production of Documents (the "Requests") by Plaintiff, Antonio Hernandez ("Plaintiff" or "Hernandez"), dated April 3, 2008, as follows:

### GENERAL OBJECTIONS

1. IGE U.S. objects to each request to the extent the request seeks information that is protected against disclosure by the attorney-client privilege, the work product doctrine, the self-critical analysis privilege, the joint-defense privilege or any other privilege recognized at common law, by the Federal Rules of Civil Procedure or by any other applicable rules.

2. IGE U.S. objects to the Requests to the extent they purport to call for materials, facts or information that is not in IGE U.S.'s possession, custody, or control, or to which IGE U.S. does not have access.

3. IGE U.S. objects to Definition No. 1(a) of the Requests on the grounds that it is vague and overbroad, and inconsistent with the Federal Rules of Civil Procedure, in that it

EXHIBIT "C"

purports to cover IGE U.S.'s "predecessors," "successors," "affiliates," "any organization or entity in which [IGE U.S.] has management or controlling interests," individuals "former[ly]" associated with IGE U.S. (including "directors, officers, employees agents, representatives"), and entities or individuals that have no relationship to any matter in this lawsuit. Such information is not reasonably calculated to the lead to the discovery of admissible evidence.

4. IGE U.S. objects to Definition No. 1(a) and to Instruction Nos. 1 and 2 on the ground that they purport to impose obligations inconsistent with those imposed by the Federal Rules of Civil Procedure, and on the further grounds that they are vague and ambiguous insofar as they use the terms "employees," "agents," "representatives," "and "other persons acting, or purporting to act" on IGE U.S.'s behalf or on behalf of any person acting on IGE U.S.'s behalf.

5. IGE U.S. objects to Definition No. 1(i) to the extent it refers to defendants or parties other than IGE U.S.

6. IGE U.S. reserves all other objections, including to the relevance and admissibility of the materials, facts and information provided. Neither IGE U.S.'s agreement to answer the Requests, nor its agreement to search for facts or information responsive to any request shall imply that responsive materials, facts or information exist, or constitute an admission or acknowledgment as to the relevance or admissibility of any documents or as to the truth of any allegation or assumption contained in the Requests.

7. IGE U.S. anticipates that further discovery, independent investigation, research and analyses might prompt additions or changes to these responses. IGE U.S. therefore reserves the right to supplement or change any or all of its responses to the Requests as additional materials and facts are gathered, analyses are made, legal research is conducted and contentions are formed. These responses in no way prejudice IGE U.S. in regard to further discovery,

{M2681376;1}

research or analyses. These responses are based on the information and documents presently available to and specifically known to IGE U.S.

8. IGE U.S. does not intend to disclose information that is privileged or is otherwise protected from discovery. Disclosure of any information protected by the attorney-client privilege, work product doctrine or any other applicable privilege or protection shall be deemed inadvertent. Inadvertent disclosure shall not constitute a waiver or prejudice of any privilege or any other ground for objecting to discovery with respect to any such information; nor shall any inadvertent disclosure waive or prejudice the right of IGE U.S. to object to the use of any such information during this or any subsequent proceeding.

9. The foregoing General Objections are incorporated in full into each specific response set forth in the Objections and Responses to Requests for Production below, and will not be specifically repeated unless necessary for purposes of clarification.

## STATEMENT

IGE U.S. makes these responses without waiving its right (a) to object to the admissibility in evidence of these responses; (b) to object to further discovery relating to the subject matters encompassed within plaintiff's requests for production; (c) to supplement the objections in the event additional pre-trial preparation results in the discovery of additional grounds for such objection; or (d) to revise, correct, add to, or clarify these responses.

# OBJECTIONS AND RESPONSES TO REQUESTS FOR PRODUCTION

1. **Please produce all documents or charts sufficient to show the organization or inter-relation of each division, department, unit or subdivision of your company.**

**RESPONSE:**

IGE U.S. objects to this Request as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further responds that it does not currently have any divisions, departments, units or subdivisions.

Subject to and without waiving the foregoing objections, IGE U.S. will produce copies of non-privileged responsive documents in its possession sufficient to show the organization or inter-relation of any former divisions, departments, units or subdivisions.

2. **Please produce all documents in your possession referring or relating to any of the following entities or individuals:**

    a.    **Internet Gaming Entertainment, Ltd.**

    b.    **Brock Pierce;**

    c.    **Mark Steven Salyer;**

    d.    **Jonathan Yantis;**

    e.    **Alan Debonneville;**

    f.    **Randy Maslow;**

    g.    **Matthew P. Smith; and**

    h.    **Greg Jelniker.**

**RESPONSE:**

IGE U.S. objects to this Request as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further objects to this Request on the grounds that it is overly broad, unduly burdensome, harassing, and not reasonably calculated to

lead to the discovery of admissible evidence to the extent it seeks documents "referring or relating to" the above-named entities and individuals, without limitation.

Subject to and without waiving the foregoing objections, IGE U.S. will produce copies of non-privileged responsive documents in its possession, if any, relevant to the allegations in the Amended Class Action Complaint and referring or relating to the above-named entities and individuals.

3. **Please produce all of your internal and/or public annual, quarterly and monthly financial reports, including profit and loss statements, during the relevant period.**

**RESPONSE:**

IGE U.S. objects to this Request as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further objects to this Request on the grounds that it is overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "annual, quarterly and monthly financial reports, including profit and loss statements." Such materials are not relevant to the claims and defenses in this lawsuit.

4. **Please produce all annual, quarterly and/or other reports or documents reflecting the profit and/or losses of your company.**

**RESPONSE:**

IGE U.S. objects to this Request as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further objects to the extent this Request is duplicative of Request No. 3, above. IGE U.S. further objects to this Request on the grounds that it is overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks "annual, quarterly and/or other reports or documents reflecting the profit and/or losses" of IGE U.S. Such materials are not relevant to the claims and defenses in this lawsuit.

5. **Please produce all documents referring or relating to any method, practice, policy or strategy you or others proposed, considered, have used or now use for marketing, promoting, selling or distributing any product or service.**

**RESPONSE:**

IGE U.S. objects to this Request as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further objects to this Request as overly broad, unduly burdensome, vague, ambiguous, and not reasonably calculated to lead to the discovery of admissible evidence in that it seeks documents referring or relating to methods, practices, policies or strategies proposed or considered by "others" who have no connection to the issues in this lawsuit and over which IGE U.S. has no control. IGE U.S. objects on the further ground that the Request seeks information with respect to "any" product or service without limitation, when only certain products and services relating to World of Warcraft are arguably relevant to this lawsuit.

Subject to and without waiving the foregoing objections, IGE U.S. will produce copies of non-privileged responsive documents in its possession, if any, concerning IGE U.S.'s marketing, promotion, sale or distribution of World of Warcraft virtual property or currency.

6. **Please produce all documents which comprise, evidence, refer or relate to any agreement or understanding, formal or informal, or any joint actions or activities, between or among you and any defendant(s), competitor(s) or others concerning the distribution, marketing, promotion, pricing and/or sale of virtual assets or real money trade.**

**RESPONSE:**

IGE U.S. objects to this Request as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further objects to this Request on the grounds that it is overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks documents regarding "virtual assets or real money trade," without attempting to limit such information to World of Warcraft. IGE

U.S. further objects to this Request as vague and ambiguous in that it uses the terms "understanding," "joint actions or activities," "virtual assets" and "real money trade," which terms are not defined in the Requests. For purposes of these responses, IGE U.S. defines the term "real money trade" to mean the purchase of World of Warcraft virtual property or currency with real money.

Subject to and without waiving the foregoing objections, IGE U.S. will produce copies of non-privileged responsive documents in its possession, if any, concerning any agreements between IGE U.S. and others regarding the distribution, marketing, promotion, pricing and/or sale of virtual property/currency or real money trade with respect to World of Warcraft.

7. **Please produce all documents referring or relating to meetings attended by you and any other defendant(s), competitor(s) or others at which meeting there was any communication regarding the distribution, marketing, promotion, pricing or sale of virtual assets or real money trade.**

**RESPONSE:**

IGE U.S. objects to this Request as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further objects to this Request on the grounds that it is overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks documents regarding "virtual assets or real money trade," without attempting to limit such information to World of Warcraft. IGE U.S. further objects that the Request is vague and ambiguous in that it uses the terms "virtual assets" and "real money trade," which are not defined in the Requests. For purposes of these responses, IGE U.S. defines the term "real money trade" to mean the purchase of World of Warcraft virtual property or currency with real money.

Subject to and without waiving the foregoing objections, IGE U.S. will produce copies of non-privileged responsive documents in its possession, if any, that pertain to meetings involving

{M2681376;1}

IGE U.S. regarding the distribution, marketing, promotion, pricing or sale of virtual property/currency or real money trade with respect to World of Warcraft.

8. **Please produce all documents reflecting communications between you and any defendant(s), competitor(s) or others referring or relating to the distribution, marketing, promotion, pricing or sale of virtual assets.**

RESPONSE:

IGE U.S. objects to this Request as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further objects to this Request on the grounds that it is overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks documents regarding "virtual asset," without attempting to limit such information to World of Warcraft. IGE U.S. further objects that the Request is vague and ambiguous in that it uses the term "virtual assets," which is not defined in the Requests. IGE U.S. further objects to the extent this Request is duplicative of Request No. 7, above.

Subject to and without waiving the foregoing objections, IGE U.S. will produce copies of non-privileged responsive documents in its possession, if any, reflecting communications between IGE U.S. and others regarding the distribution, marketing, promotion, pricing or sale of World of Warcraft virtual property or currency.

9. **Please produce all documents taken to, received or distributed at, or prepared in connection with or during any meeting attended by you and any defendant(s), competitor(s) or others, at which meeting there was any communication regarding the distribution, marketing, promotion, pricing or sale of virtual assets.**

RESPONSE:

IGE U.S. objects to this Request as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further objects to this Request on the grounds that it is overly broad, unduly burdensome, harassing, and not reasonably calculated to

8
{M2681376;1}

lead to the discovery of admissible evidence because it seeks documents regarding "virtual assets," without attempting to limit such information to World of Warcraft. IGE U.S. further objects that the Request is vague and ambiguous in that it uses the term "virtual assets," which is not defined in the Requests. IGE U.S. further objects to the extent this Request is duplicative of Request Nos. 7 and 8, above.

Subject to and without waiving the foregoing objections, IGE U.S. will produce copies of non-privileged responsive documents in its possession, if any, taken to, received or distributed at, or prepared in connection with or during any meeting attended by IGE U.S. regarding the distribution, marketing, promotion, pricing or sale of World of Warcraft virtual property or currency.

10. **Please produce documents sufficient to demonstrate all monies provided to any other person or entity for distributing, or selling virtual assets which originated or were at some point controlled by you.**

**RESPONSE:**

IGE U.S. objects to this Request as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further objects to this Request on the grounds that it is overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents provided to "any other person or entity," when such documents may not be relevant to any claim or defense in this lawsuit, and because it seeks information regarding "virtual assets," without attempting to limit such information to World of Warcraft. IGE U.S. further objects that the Request is vague and ambiguous in that it refers to "virtual assets," which term is not defined in the Requests, and also through its reference to materials or things allegedly "originated" or "controlled" by IGE U.S.

9

Subject to and without waiving the foregoing objections, IGE U.S. will produce copies of non-privileged responsive documents in its possession, if any, reflecting amounts paid by IGE U.S. to others for distributing or selling World of Warcraft virtual property or currency.

11. **Please produce all documents prepared by you, a defendant, competitor, or any third party, which analyze, evaluate or summarize information referring or relating to the distribution, marketing, promotion, pricing or sale of virtual assets.**

RESPONSE:

IGE U.S. objects to this Request as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further objects to this Request on the grounds that it is overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents prepared by "a defendant, competitor, or any third party," when IGE U.S. has no ability or obligation to produce such material. IGE U.S. further objects that the Request is vague and ambiguous in that it uses the term "virtual assets," which is not defined in the Requests.

Subject to and without waiving the foregoing objections, IGE U.S. will produce copies of non-privileged responsive documents in its possession, if any, containing analyses, evaluations or summaries regarding the distribution, marketing, promotion, pricing or sale of World of Warcraft virtual property or currency.

12. **Please produce all documents referring or relating to sales or profit projections for your products or services.**

RESPONSE:

IGE U.S. objects to this Request as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further objects to this Request on the grounds that it is overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks "profit projections," when such

{M2681376;1}

materials are not relevant to the claims and defenses in this lawsuit, and because it seeks documents regarding all of IGE U.S.'s "products and services," without attempting to limit the request to World of Warcraft products and services.

13. **Please produce all documents and records maintained by you in the ordinary course of your business referring to, relating to or reflecting your distribution of any products or services.**

**RESPONSE:**

IGE U.S. objects to this Request as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further objects to this Request on the grounds that it is overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks documents regarding "any products and services," without attempting to limit the request to World of Warcraft products and services. IGE U.S. further objects to the extent this Request is duplicative of Request No. 12, above.

Subject to and without waiving the foregoing objections, IGE U.S. will produce copies of non-privileged responsive documents and record in its possession, if any, referring to, relating to or reflecting IGE U.S.'s distribution of World of Warcraft products or services.

14. **Please produce all documents containing a complete or partial compilation or summary of the names, telephone numbers and last known addresses of all defendant(s), competitor(s), or other third parties, including their officers agents and employees, with whom you have dealt with respect to the distribution, marketing, promotion, pricing or sale of virtual assets.**

**RESPONSE:**

IGE U.S. objects to this Request as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further objects to this Request on the grounds that it is overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it seeks documents regarding and all

11

"virtual assets," without attempting to limit the request to World of Warcraft virtual assets. IGE U.S. further objects that the Request is vague and ambiguous in that it uses the term "virtual assets," which is not defined in the Requests.

Subject to and without waiving the foregoing objections, IGE U.S. will produce copies of non-privileged responsive documents in its possession, if any, containing compilations of the above-described entities and individuals with whom IGE U.S. has transacted businesses with respect to the distribution, marketing, promotion, pricing or sale of World of Warcraft virtual property or currency.

15. **Please produce all documents which refer, relate to or reflect the names, addresses or other identifying information about any users of virtual worlds, including all information reflection their payments for your products or services.**

**RESPONSE:**

IGE U.S. objects to this Request as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further objects to this Request on the grounds that it is overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks documents concerning "any users of virtual worlds," without limitation, and because it seeks documents regarding all of IGE U.S.'s "products and services," without attempting to limit the request to World of Warcraft products and services.

Subject to and without waiving the foregoing objections, IGE U.S. will produce copies of non-privileged responsive documents in its possession, if any, which refer, relate to or reflect the names, addresses or other identifying information of purchasers of World of Warcraft virtual property or currency from IGE U.S.

16. **Please produce all data (on disk) stored, maintained, or organized digitally through any computer-related equipment or system, containing or referring to information regarding individual invoices or other documents for purchases of virtual assets or real**

money trade, including, but not limited to, customer names and addresses, prices, quantities, payments, purchase volume and price discounts, and other discounts.

**RESPONSE:**

IGE U.S. objects to this Request as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further objects to this Request on the grounds that it is overly broad, unduly burdensome, harassing, and not reasonably calculated to lead to the discovery of admissible evidence because it seeks data regarding "purchases of virtual assets or real money trade," without attempting to limit such data to World of Warcraft purchases. IGE U.S. further objects that the Request is vague and ambiguous in that it uses the terms "virtual assets" and "real money trade," which are not defined in the Requests. For purposes of these responses, IGE U.S. defines the term "real money trade" to mean the purchase of World of Warcraft virtual property or currency with real money. IGE U.S. further objects to the extent this Request is duplicative of Request No. 15, above.

Subject to and without waiving the foregoing objections, IGE U.S. will produce non-privileged responsive data in its possession, if any, stored, maintained, or organized digitally and containing invoices or other purchasing information by purchasers of virtual property/currency or real money trade with respect to World of Warcraft.

17. **Please produce all documentation necessary to operate or run any of the programs maintained on the computer-related equipment or system utilized by you to maintain the data produced by you in response to these Document Requests.**

**RESPONSE:**

IGE U.S. will produce responsive non-privileged documents in its possession, if any.

18. **Please produce all documentation relating to, referring to, or supporting information requested in Plaintiff's Interrogatories.**

**RESPONSE:**

IGE U.S. will produce responsive non-privileged documents in its possession, if any.

19. **Please produce all documents that fall within the categories of documents identified in your Rule 26(A) Disclosures dated January 15, 2008.**

**RESPONSE:**

To the extent not already provided, IGE U.S. will produce responsive non-privileged documents in its possession, if any.

                             **AKERMAN SENTERFITT**
                             One S.E. 3rd Avenue, 25th Floor
                             Miami, FL 33131-1714
                             Phone: (305) 374-5600
                             Fax: (305) 374-5095
                             Email: james.miller@akerman.com
                             Email: samuel.heywood@akerman.com

By: _____
      James M. Miller
      Florida Bar Number: 201308
      Samuel S. Heywood
      Florida Bar Number: 0016604

*Attorneys for Defendant, IGE U.S. LLC*

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that true and correct copy of IGE U.S. LLC's Responses to Plaintiff's Request for Production of Documents has been furnished by facsimile and by Federal Express to the following individuals, this 20th day of May, 2008:

| | |
|---|---|
| C. Richard Newsome<br>Andrew Knopf<br>**Newsome Law Firm**<br>20 North Orange Ave., Suite 800<br>Orlando, Florida 32801<br>Tel. 407.648.5977<br>Fax 407.648.5282 | Donald E. Haviland, Jr.<br>**The Haviland Law Firm, LLC**<br>740 South Third St.<br>Third Floor<br>Philadelphia, Pennsylvania 19147<br>tel. 215.609.4661<br>fax 215.392.4400 |

_____
Attorney