# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-21403-CIV-COHN/SELTZER

ANTONIO HERNANDEZ, Individually and
on behalf of all others similarly situated,

        Plaintiff,

v.

IGE U.S. LLC.
a Delaware limited liability company,

        Defendant.

_____/

## NOTICE OF SERVICE OF RESPONSES TO PLAINTIFF'S
## INTERROGATORIES DIRECTED TO DEFENDANT

Defendant IGE U.S. LLC ("IGE U.S.") by and through undersigned counsel, hereby

gives notice of service of its Responses to Plaintiff, Antonio Hernandez's ("Plaintiff" or

"Hernandez"), Interrogatories Directed to Defendant dated April 3, 2008.

        **AKERMAN SENTERFITT**
        One S.E. 3rd Avenue, 25th Floor
        Miami, FL 33131-1714
        Phone: (305) 374-5600
        Fax: (305) 374-5095
        Email: james.miller@akerman.com
        Email: samuel.heywood@akerman.com

By: _____
        James M. Miller
        Florida Bar Number: 201308
        Samuel S. Heywood
        Florida Bar Number: 0016604

        *Attorneys for Defendant, IGE U.S. LLC*

EXHIBIT "D"

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of IGE U.S. LLC's Answers to Plaintiff's Interrogatories Directed to Defendant has been furnished by facsimile and Federal Express to the following individuals, this <u>20th</u> day of May, 2008:

C. Richard Newsome
Andrew Knopf
**Newsome Law Firm**
20 North Orange Ave., Suite 800
Orlando, Florida 32801
Tel.: 407.648.5977
Fax: 407.648.5282

Donald E. Haviland, Jr.
**The Haviland Law Firm, LLC**
740 South Third St.
Third Floor
Philadelphia, Pennsylvania 19147
Tel.: 215.609.4661
Fax: 215.392.4400

Attorney

{M2681379;1}

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

IGE U.S. hereby responds and states its objections to Plaintiff's Interrogatories Directed to Defendant, dated April 3, 2008, as follows:

## GENERAL OBJECTIONS

1.　IGE U.S. objects to each interrogatory to the extent the interrogatory seeks information that is protected against disclosure by the attorney-client privilege, the work product doctrine, the self-critical analysis privilege, the joint-defense privilege or any other privilege recognized at common law, by the Federal Rules of Civil Procedure or by any other applicable rules.

2.　IGE U.S. objects to the Interrogatories to the extent they purport to call for facts or information that is not in IGE U.S.'s possession, custody, or control, or to which IGE U.S. does not have access.

3.　IGE U.S. objects to the Interrogatories on the ground that the number of interrogatories including all discrete subparts exceed twenty-five as prescribed by Federal Rule of Civil Procedure 33(a) and Local Rule 26.1 G.1, and Plaintiff has not sought leave of court or written stipulation to exceed that limit. Without waiving this objection, IGE U.S. will respond to this set of interrogatories but not to subsequent interrogatories in excess of twenty-five.

4.　IGE U.S. objects to Definition No. 1(a) of the Interrogatories on the grounds that it is vague and overbroad, and inconsistent with the Federal Rules of Civil Procedure, in that it purports to cover IGE U.S.'s "predecessors," "successors," "affiliates," "any organization or entity in which [IGE U.S.] has management or controlling interests," Internet Gaming Entertainment, Ltd., individuals "former[ly]" associated with IGE U.S. (including "directors, officers, employees agents, representatives"), and entities or individuals that have no relationship

3

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

to any matter in this lawsuit. Such information is not reasonably calculated to the lead to the discovery of admissible evidence.

5.      IGE U.S. objects to Definition No. 1(a) and to Instruction Nos. 1 and 2 in the Interrogatories on the ground that they purport to impose obligations inconsistent with those imposed by the Federal Rules of Civil Procedure, and on the further grounds that they are vague and ambiguous insofar as they use the terms "employees," "agents," "representatives," "and "other persons acting, or purporting to act" on IGE U.S.'s behalf or on behalf of any person acting on IGE U.S.'s behalf.

6.      IGE U.S. objects to Definition No. 1(i) to the extent it refers to defendants or parties other than IGE U.S.

7.      IGE U.S. reserves all other objections, including to the relevance and admissibility of the facts and information provided. Neither IGE U.S.'s agreement to answer the Interrogatories, nor its agreement to search for facts or information responsive to any interrogatory shall imply that responsive facts or information exist, or constitute an admission or acknowledgment as to the relevance or admissibility of any documents or as to the truth of any allegation or assumption contained in the Interrogatories.

8.      IGE U.S. anticipates that further discovery, independent investigation, research and analyses might prompt additions or changes to these responses. IGE U.S. therefore reserves the right to supplement or change any or all of its responses to the Interrogatories as additional facts are gathered, analyses are made, legal research is conducted and contentions are formed. These responses in no way prejudice IGE U.S. in regard to further discovery, research or analyses. These responses are based on the information and documents presently available to and specifically known to IGE U.S.

{M2681379;1}

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

9.      IGE U.S. does not intend to disclose information that is privileged or is otherwise protected from discovery. Disclosure of any information protected by the attorney-client privilege, work product doctrine or any other applicable privilege or protection shall be deemed inadvertent. Inadvertent disclosure shall not constitute a waiver or prejudice of any privilege or any other ground for objecting to discovery with respect to any such information; nor shall any inadvertent disclosure waive or prejudice the right of IGE U.S. to object to the use of any such information during this or any subsequent proceeding.

10.      The foregoing General Objections are incorporated in full into each specific response set forth in the Objections and Responses to Specific Interrogatories below, and will not be specifically repeated unless necessary for purposes of clarification.

## STATEMENT

IGE U.S. makes these responses without waiving its right (a) to object to the admissibility in evidence of these responses; (b) to object to further discovery relating to the subject matters encompassed within the Interrogatories; (c) to supplement the objections in the event additional pre-trial preparation results in the discovery of additional grounds for such objection; or (d) to revise, correct, add to, or clarify these responses.

[This space left intentionally blank]

{M2681379;1}

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

<u>**RESPONSES TO INTERROGATORIES**</u>

1.      **State the following:**

        a.      **The name of the defendant answering these Interrogatories and all names by which you have been known or traded under;**

<u>**RESPONSE:**</u>

        Affinity Media Holdings, LLC, f/k/a IGE U.S., LLC

        b.      **Address or addresses where the corporation does business;**

<u>**RESPONSE:**</u>

        IGE U.S. objects to the extent this Interrogatory states or suggests that IGE U.S. is a

"corporation." IGE U.S. is a limited liability company organized under the laws of Delaware.

Subject to and without waiving this objection, IGE U.S. responds as follows:

        666 71st St., Miami Beach, FL 33141

        c.      **The date and place of incorporation;**

<u>**RESPONSE:**</u>

        April 2003, Delaware

        d.      **The names and addresses of all officers, identifying the particular offices;**

<u>**RESPONSE:**</u>

        Brock Pierce, Managing Member
        c/o James Miller, Esq., Akerman Senterfitt

        e.      **The names and addresses of all entities which hold an ownership or controlling interest in the corporation; and**

<u>**RESPONSE:**</u>

        IGE U.S. objects to the extent this Interrogatory states or suggests that IGE U.S. is a

"corporation." IGE U.S. is a limited liability company organized under the laws of Delaware.

Subject to and without waiving this objection, IGE U.S. responds as follows:

{M2681379;1}

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

<u>Brock Pierce</u> – Managing Member
c/o James Miller, Esq., Akerman Senterfitt

<u>Mark Stephen Salyer Consulting, LLC</u> – Member
*To be provided under separate cover*

<u>Topping on the Lake, LLC</u> – Member
*To be provided under separate cover*

<u>Stephen Bannon</u> – Member
Affinity Media, Inc.
2800 West Olympic Blvd.
Santa Monica, CA 90404

<u>Randy Maslow, Esq.</u> – Member
c/o Michael Solovay, Esq.
Greenberg Traurig P.A.
200 Park Avenue, 14th Floor
New York, NY 10166

<u>Alan Debonneville</u> – Member
*To be provided under separate cover*

f.   **The names and addresses of all subsidiaries owned and/or controlled by the corporation.**

<u>**RESPONSE**</u>:

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further objects to the extent the Interrogatory states or suggests that IGE U.S. is a "corporation." IGE U.S. is a limited liability company organized under the laws of Delaware.

Subject to and without waiving the foregoing objections, IGE U.S. refers Plaintiff to the documents that IGE U.S. produced in this litigation or about May 6, 2008, and to the documents produced in response to Plaintiff's Second and Third Requests for Production of Documents, dated April 3 and 8, 2008, respectively. IGE U.S. further responds that since Nov. 27, 2003, it has owned or controlled numerous subsidiaries, including without limitation:

{M2681379;1}

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Internet Gaming Entertainment Ltd. ("IGE Hong Kong")
Hong Kong

OGaming Network, LLC
8900 Willshire Blvd., Suite 200
Beverly Hills, CA 90211

Player Auctions, LLC
www.playerauctions.com

2. **Identify the names and addresses of all person who have knowledge of any facts relevant to this case and indicate what facts are known by each.**

**RESPONSE:**

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further objects on the grounds that the Interrogatory is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible evidence in that it calls for identification of "all person [sic] who have knowledge of any facts relevant to this case" without limitation. Responding to the Interrogatory as stated would require IGE U.S. to identify millions of individuals who, for example, are merely aware of IGE U.S., World of Warcraft, or online virtual asset trading. IGE U.S. is not obligated to and will not identify individuals with such limited knowledge.

Subject to and without waiving the foregoing objections, IGE U.S. refers Plaintiff to its Rule 26(a) Disclosures, dated January 15, 2008, to the documents that IGE U.S. produced in this litigation or about May 6, 2008, and to the documents produced in response to Plaintiff's Second and Third Requests for Production of Documents, dated April 3 and 8, 2008, respectively. IGE U.S. further responds as follows:

Brock Pierce – Managing Member, IGE U.S.
c/o James Miller, Esq., Akerman Senterfitt
Matters alleged in IGE U.S.'s Answer and Affirmative Defenses; the relationship between IGE U.S. and its former business partners and subsidiaries.

8

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Steven Bannon – CEO, Affinity Media, Inc./ former Vice-Chairman, IGE U.S.
Affinity Media, Inc.
2800 West Olympic Blvd.
Santa Monica, CA 90404
Matters alleged in IGE U.S.'s Answer and Affirmative Defenses; the relationship
between IGE U.S. and its former business partners and subsidiaries; matters pertaining to
Affinity Media, Inc.

Paul Sams – COO, Blizzard Entertainment
Blizzard Entertainment
P.O. Box 18979
Irvine, CA 92623
Matters pertaining to World of Warcraft.

Matt Smith – CFO, Affinity Media, Inc./ former Sr. V.P. of Finance, IGE U.S.
Affinity Media, Inc.
2800 West Olympic Blvd.
Santa Monica, CA 90404
Matters alleged in IGE U.S.'s Answer and Affirmative Defenses; the relationship
between IGE U.S. and its former business partners and subsidiaries; matters pertaining to
Affinity Media, Inc.

Randy Maslow, Esq. – former general counsel and current Member, IGE U.S.
c/o Michael Solovay, Esq.
Greenberg Traurig P.A.
200 Park Avenue, 14th Floor
New York, NY 10166
Matters alleged in IGE U.S.'s Answer and Affirmative Defenses; the relationship
between IGE U.S. and its former business partners and subsidiaries.

Peter Huie, Esq. – former general counsel, IGE U.S.
*Address Unknown*
Matters alleged in IGE U.S.'s Answer and Affirmative Defenses; the relationship
between IGE U.S. and its former business partners and subsidiaries.

Jonathan Yantis – Member, Toppings on the Lake, LLC
c/o Bernard J. Rhodes, Esq.
Lathrop & Gage L.C.
2345 Grand Blvd., Suite 2800
Kansas City, MO 64108-2648
Matters pertaining to IGE U.S.'s former Trading Business, including the operation of the
www.mysupersales.com website. For purposes of these interrogatory responses, the
term "Trading Business" has the meaning set forth on page 4 of that certain Purchase
Agreement, dated April 5, 2007, among IGE U.S. and Atlas Technology Group, Inc.
(IGE-00006).

9

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

<u>Mark Stephen Salyer</u> – former President, IGE U.S. (Aug. 2004 – March 2006)
*To be provided under separate cover*
Matters alleged in IGE U.S.'s Answer and Affirmative Defenses; the relationship between IGE U.S. and its former subsidiaries.

<u>Alan Debonneville</u> – former COO, IGE U.S.
*To be provided under separate cover*
Matters alleged in IGE U.S.'s Answer and Affirmative Defenses; the relationship between IGE U.S. and its former subsidiaries.

<u>James Clarke</u> – former COO, IGE U.S.
*Address Unknown*
Matters alleged in IGE U.S.'s Answer and Affirmative Defenses; the relationship between IGE U.S. and its former subsidiaries.

<u>Greg Jelniker</u> – former Director Customer Service, IGE Hong Kong
*Address Unknown*
Matters pertaining to the customer call-in center and customer e-mail communications.

3.  **Identify the names, addresses and specialties of any and all proposed expert witnesses, including, but not limited to, those providing opinions of expert testimony with respect to liability, class certification, and damages, and state as to each such witness the subject matter on which he or she is expected to testify, and the substance of facts and opinions to which he or she is expected to testify and a summary of the grounds for each opinion. In addition, attach hereto copies of all proposed expert reports, including all drafts thereof.**

<u>**RESPONSE:**</u>

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further objects to the extent the Interrogatory seeks information protected from disclosure by Rule 26(b), Federal Rules of Civil Procedure, and the work product doctrine. IGE U.S. further objects to this Interrogatory as premature in that pretrial discovery is ongoing. In addition, IGE U.S. objects to the extent the Interrogatory calls for the production of documents, and thereby seeks to impose a duty beyond that required by Rule 33.

Subject to and without waiving the foregoing objections, IGE U.S. states that as of the date of this response it has not retained an expert witness or consultant in this litigation.

10

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

4.     **Did anyone on your behalf employ, retain or consult a proposed expert, whether that proposed expert has given a report or not, to examine, review, inspect or investigate any aspects of the factual circumstances or claims alleged in this case or any related case in state or federal court, or any damages relating thereto? If so, state the following:**

**RESPONSE:**

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further objects to the extent the Interrogatory seeks information protected from disclosure by Rule 26(b), Federal Rules of Civil Procedure, and the work product doctrine. IGE U.S. further objects to this Interrogatory as premature in that pretrial discovery is ongoing.

Subject to and without waiving the foregoing objections, IGE U.S. states that as of the date of this response it has not retained an expert witness in this litigation.

a.     **The names and address of the individual who so employed, retained or consulted the proposed expert;**

**RESPONSE:**

IGE U.S. refers Plaintiff to its response to Interrogatory No. 4, above.

b.     **the name and address of the proposed expert so employed, retained or consulted;**

**RESPONSE:**

IGE U.S. refers Plaintiff to its response to Interrogatory No. 4, above.

c.     **the date that said proposed expert was so employed, retained or consulted;**

**RESPONSE:**

IGE U.S. refers Plaintiff to its response to Interrogatory No. 4, above.

d.     **the field of expertise of said proposed expert;**

**RESPONSE:**

IGE U.S. refers Plaintiff to its response to Interrogatory No. 4, above.

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

e.     **the amount or rate of compensation promised for the services of the proposed expert; and**

**RESPONSE:**

IGE U.S. refers Plaintiff to its response to Interrogatory No. 4, above.

f.     **if that proposed expert has rendered any opinions, written or oral, preliminary or otherwise, provide the substance for such opinions and attach hereto copies of all written opinions and summaries of any oral opinions, including all drafts thereof and any related documents, correspondence, memoranda and the like.**

**RESPONSE:**

IGE U.S. objects to this Interrogatory to the extent that it calls for the production of documents, and thereby seeks to impose a duty beyond that required by Rule 33. IGE U.S. further refers Plaintiff to its response to Interrogatory No. 4, above.

5.     **In reference to Interrogatories No. 3 and 4, state with regard to each proposed expert the following:**

a.     **the name and address of each school where said expert received training;**

**RESPONSE:**

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further refers Plaintiff to its response to Interrogatory Nos. 3 and 4, above.

b.     **the dates when he/she attended each such institution of learning; and**

**RESPONSE:**

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further refers Plaintiff to its response to Interrogatory Nos. 3 and 4, above.

c.     **a description of the degree received.**

**RESPONSE:**

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further refers Plaintiff to its response to Interrogatory Nos. 3 and 4, above.

6. **In reference to Interrogatory Nos. 3 and 4, has said expert received any specialized training in his/her field? If so, state:**

    a.     **the type of training received;**

**RESPONSE:**

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further refers Plaintiff to its response to Interrogatory Nos. 3 and 4, above.

    b.     **name and address of the institution or place where training was received; and**

**RESPONSE:**

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further refers Plaintiff to its response to Interrogatory Nos. 3 and 4, above.

    c.     **the date or dates when said training was received.**

**RESPONSE:**

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further refers Plaintiff to its response to Interrogatory Nos. 3 and 4, above.

7. **In reference to Interrogatory Nos. 3 and 4, state with regard to said proposed expert the following for the past ten years:**

    a.     **whether the proposed expert was self-employed;**

**RESPONSE:**

{M2681379;1}

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further refers Plaintiff to its response to Interrogatory Nos. 3 and 4, above.

       b.     **if not self-employed, state by whom the expert was employed, giving names;**

**RESPONSE:**

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further refers Plaintiff to its response to Interrogatory Nos. 3 and 4, above.

       c.     **dates of employment; and**

**RESPONSE:**

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further refers Plaintiff to its response to Interrogatory Nos. 3 and 4, above.

       d.     **type of work performed during employment.**

**RESPONSE:**

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further refers Plaintiff to its response to Interrogatory Nos. 3 and 4, above.

8.     **In reference to Interrogatory No. 7, if the proposed expert has not practiced or worked in that expert's field of expertise, state what the nature of the expert's work, retention, consultancy or employment was.**

**RESPONSE:**

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further refers Plaintiff to its response to Interrogatory Nos. 3, 4 and 7, above.

{M2681379;1}

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

9.    **In reference to any proposed experts referred to above, state whether those proposed experts have ever written any other reports, evaluations or summaries on anyone's behalf dealing with the same or similar matters for which the expert was hired, retained or consulted in this case. If so, set forth the following:**

a.    **name and address of the person who hired the expert;**

**RESPONSE:**

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further refers Plaintiff to its response to Interrogatory Nos. 3 and 4, above.

b.    **a description of the facts of the incident for which the expert was so hired;**

**RESPONSE:**

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further refers Plaintiff to its response to Interrogatory Nos. 3 and 4, above.

c.    **if there was a lawsuit filed, set forth a complete caption indicating counsel who were involved;**

**RESPONSE:**

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further refers Plaintiff to its response to Interrogatory Nos. 3 and 4, above.

d.    **attach hereto a copy of said report, evaluation or summary, including all drafts thereof and any related documents, correspondence, memoranda and the like.**

**RESPONSE:**

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. In addition, IGE U.S. objects to the extent the Interrogatory calls for the production of documents, and thereby seeks to impose a duty beyond

{M2681379;1}

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

that required by Rule 33. IGE U.S. further refers Plaintiff to its response to Interrogatory Nos. 3 and 4, above.

10. **Have any proposed experts referred to above testified at trial, in depositions, or any other proceeding. If so, state the following with respect to each proposed expert:**

**RESPONSE**:

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. Subject to and without waiving the foregoing objections, IGE U.S. states that as of the date of this response it has not employed, retained or consulted with a proposed expert in this litigation.

a. **the date and place of testimony;**

**RESPONSE:**

IGE U.S. refers Plaintiff to its response to Interrogatory No. 10, above.

b. **the caption of the proceeding;**

**RESPONSE:**

IGE U.S. refers Plaintiff to its response to Interrogatory No. 10, above.

c. **the name and address of court reporting service and court reporter; and**

**RESPONSE:**

IGE U.S. refers Plaintiff to its response to Interrogatory No. 10, above.

d. **the name and address of all counsel of record, including the name of the party for whom the proposed expert was engaged, retained or consulted.**

**RESPONSE:**

IGE U.S. refers Plaintiff to its response to Interrogatory No. 10, above.

11. **As to any proposed expert who prepared a report for you and/or whom you may call as a witness in this case, or any other case relating to the real money trade, state whether that proposed expert reviewed, relied upon, or considered any books, treatises, circulars, commentaries, gazettes, newspapers, notices, pamphlets, journals, quotations, registers, reports, tables, blogs, statutes, codes, ordinances,**

{M2681379;1}

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**rules, regulations, administrative codes, or any other document. If so, for each, state:**

**RESPONSE**

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further objects to the extent the Interrogatory seeks information protected from disclosure by Rule 26(b), Federal Rules of Civil Procedure, and the work product doctrine. IGE U.S. further objects to this Interrogatory as premature in that pretrial discovery is ongoing.

Subject to and without waiving the foregoing objections, IGE U.S. states that as of the date of this response it has not employed, retained or consulted with an expert in this litigation.

a.    **a description everything reviewed, relied upon, or considered;**

**RESPONSE:**

IGE U.S. refers Plaintiff to its response to Interrogatory No. 11, above.

b.    **the title and subject matter of any materials reviewed, relied upon, or considered;**

**RESPONSE:**

IGE U.S. refers Plaintiff to its response to Interrogatory No. 11, above.

c.    **author and date of distribution or publication of any such materials;**

**RESPONSE:**

IGE U.S. refers Plaintiff to its response to Interrogatory No. 11, above.

d.    **name and address of publisher or distributor of any such materials; and**

**RESPONSE:**

IGE U.S. refers Plaintiff to its response to Interrogatory No. 11, above.

e.    **attach a copy of same hereto.**

**RESPONSE:**

17

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

IGE U.S. objects to this Interrogatory to the extent that it calls for the production of documents, and thereby seeks to impose a duty beyond that required by Rule 33. IGE U.S. further refers Plaintiff to its response to Interrogatory No. 11, above.

12. **Identify all potential witnesses who are expected to provide lay (non-expert) opinions and/or fact witness testimony in this action, and state the subject matter of each witness' testimony. As to each opinion, state all facts that this witness has considered or will rely upon in support of said lay opinions and the grounds for each opinion. If any such opinions are in written form, attach to these interrogatory answers a copy of said opinions.**

**RESPONSE:**

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further objects to this Interrogatory as premature in that pretrial discovery is ongoing. IGE U.S. also objects on the grounds that the Interrogatory is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible evidence in that it asks IGE U.S. to "state all facts that this witness has considered or will rely upon in support of said lay opinions and the grounds for each opinion" without limitation. In addition, IGE U.S. objects to the extent the Interrogatory calls for the production of documents, and thereby seeks to impose a duty beyond that required by Rule 33.

Subject to and without waiving the foregoing objections, IGE U.S. states that as of the date of this response it has yet to identify the witnesses it expects to provide lay (non-expert) opinions and/or fact witness testimony in this action. In further response, IGE U.S. refers Plaintiff to its Rule 26(a) Disclosures, dated January 15, 2008, to the documents that IGE U.S. produced in this litigation or about May 6, 2008, to the documents produced in response to Plaintiff's Second and Third Requests for Production of Documents, dated April 3 and 8, 2008, respectively, and to its response to Interrogatory No. 2, above.

18

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

13. **Identify any statements of actual or potential witnesses in your care, custody or control, or about which you are aware, relating to the subject matter of this lawsuit, or the claims or defenses asserted by the parties.**

**RESPONSE:**

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further objects to this Interrogatory as vague and ambiguous to the extent it uses the term "statements," which term is not defined. For purposes of these interrogatory responses, IGE U.S. interprets the term "statements" to mean written statements made under oath, such as sworn affidavits or declarations.

Subject to and without waiving the foregoing objections, IGE U.S. states it is not aware of any statements by actual or potential witnesses pertaining to the subject matter of this lawsuit or to the claims or defenses herein.

14. **As to each and every allegation in the Complaint that you have you denied or plan to deny, set forth the factual basis upon which that denial is predicated, together with the identity of those persons who possess factual knowledge upon which such denial is asserted, and attach hereto copies of each and every document that has been relied upon in setting forth each such denial.**

**RESPONSE:**

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further objects to this Interrogatory as premature in that pretrial discovery is ongoing. IGE U.S. further objects on the grounds that the Interrogatory is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible evidence in that it calls for the "factual basis" for each and every denial interposed to Plaintiff's Nine-Count, 97-paragraph Complaint. In addition, IGE U.S. objects to the extent the Interrogatory calls for the production of documents, and thereby seeks to impose a duty beyond that required by Rule 33.

{M2681379;1}

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Subject to and without waiving the foregoing objections, IGE U.S. responds that it will likely set forth its position with respect to the merits of Plaintiff's claims and any issues pertaining to class certification in its forthcoming motions, memoranda and supporting materials. In further response, IGE U.S. refers Plaintiff to its Rule 26(a) Disclosures, dated January 15, 2008, to the documents that IGE U.S. produced in this litigation or about May 6, 2008, and to the documents produced in response to Plaintiff's Second and Third Requests for Production of Documents, dated April 3 and 8, 2008, respectively.

15.     **As to each and every one of your affirmative defenses, set forth separately as to each defense the factual bases upon which the defense is predicated, together with the name(s) and address(es) of those persons who possess factual knowledge upon which each defense is asserted, and attach hereto copies of each and every document that has been relied upon in setting forth each such affirmative defense.**

**RESPONSE:**

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further objects to this Interrogatory as premature in that pretrial discovery is ongoing. IGE U.S. further objects on the grounds that the Interrogatory is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible evidence in that it calls for the "factual basis" for each of the 44 Affirmative Defenses set forth in IGE U.S.'s Answer and Affirmative Defenses. In addition, IGE U.S. objects to the extent the Interrogatory calls for the production of documents, and thereby seeks to impose a duty beyond that required by Rule 33.

Subject to and without waiving the foregoing objections, IGE U.S. responds that it will likely set forth its position with respect to the merits of Plaintiff's claims in its forthcoming motions, memoranda and supporting materials. In further response, IGE U.S. refers Plaintiff to its Rule 26(a) Disclosures, dated January 15, 2008, to the documents that IGE U.S. produced in this litigation or about May 6, 2008, to the documents produced in response to Plaintiff's Second

20

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

and Third Requests for Production of Documents, dated April 3 and 8, 2008, respectively, and to its response to Interrogatory Nos. 2 and 12, above.

16.    **Identify each person who has knowledge or information regarding the allegations of the Complaint and/or the injuries and damages of the Plaintiff and the Class.**

**RESPONSE:**

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further objects on the grounds that the Interrogatory is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible evidence in that it calls for identification of "each person who has knowledge or information regarding the allegations of the Complaint and/or the injuries and damages of the Plaintiff and the Class" without limitation. Responding to the Interrogatory as stated would require IGE U.S. to identify millions of individuals who, for example, are merely aware of IGE U.S., World of Warcraft, or online virtual asset trading. IGE U.S. is not obligated to and will not identify individuals with such limited knowledge. In addition, IGE U.S. objects to the extent the Interrogatory states or suggests that a "Class" has been certified in this litigation, or that any such putative class has suffered damages and/or injuries of any kind. IGE U.S. also objects to the extent this Interrogatory is duplicative of Interrogatory No. 2, above.

Subject to and without waiving the foregoing objections, refers Plaintiff to the documents that IGE U.S. produced in this litigation or about May 6, 2008, to the documents produced in response to Plaintiff's Second and Third Requests for Production of Documents, dated April 3 and 8, 2008, respectively, and to its response to Interrogatory No. 2, above.

17.    **Identify each witness who may provide testimony regarding class certification, and state the subject matter of each witness' testimony.**

**RESPONSE:**

{M2681379;1}

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further objects to this Interrogatory as premature in that pretrial discovery, including class discovery, is ongoing. IGE U.S. also objects to the extent this Interrogatory is duplicative of Interrogatory No. 12, above.

Subject to and without waiving the foregoing objections, IGE U.S. refers Plaintiff to its Rule 26(a) Disclosures, dated January 15, 2008, to the documents produced by IGE U.S. in response to Plaintiff's Request for Production of Documents, dated April 3, 2008, and to its response to Interrogatory No. 2, above.

18. **Identify all known or potential members of the Class, including full name, current residential address, business address, and date of birth.**

**RESPONSE:**

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further objects to this Interrogatory as premature in that pretrial discovery, including class discovery, is ongoing. IGE U.S. further objects on the grounds that the Interrogatory is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible evidence in that it calls for identification (including the address and date of birth) of "all known or potential members of the Class" without limitation. Responding to the Interrogatory as stated would potentially require IGE U.S. to identify millions of individuals, since by Plaintiff's estimate there are some two million individuals in the putative class. In addition, IGE U.S. objects to the extent the Interrogatory states or suggests that a "Class" has been certified in this litigation.

Subject to and without waiving the foregoing objections, IGE U.S. refers Plaintiff to the documents that IGE U.S. produced in this litigation or about May 6, 2008, and to the documents

{M2681379;1}

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

produced in response to Plaintiff's Second and Third Requests for Production of Documents, dated April 3 and 8, 2008, respectively.

19.    **Please list each question of fact or law that you contend will have to be adjudicated on an individual basis. As part of your answer, please identify all documents that you contend support, rebut, or otherwise relate to your answer.**

**RESPONSE:**

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further objects to this Interrogatory as premature in that pretrial discovery is ongoing. IGE U.S. also objects to this Interrogatory as calling for a legal conclusion and requires the disclosure of attorney work product. IGE U.S. further objects on the grounds that the Interrogatory is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible evidence in that it calls for IGE U.S. to list every "question of law or fact" regarding individual issues in this lawsuit, and potentially calls for the identification of innumerable documents. In addition, IGE U.S. objects to the extent the Interrogatory states or suggests that a "Class" has been certified in this litigation.

Subject to and without waiving the foregoing objections, IGE U.S. responds that it will likely set forth its position with respect to the merits of Plaintiff's claims and any issues pertaining to class certification in its forthcoming motions, memoranda and supporting materials. In further response, IGE U.S. refers Plaintiff to the documents that IGE U.S. produced in this litigation or about May 6, 2008, and to the documents produced in response to Plaintiff's Second and Third Requests for Production of Documents, dated April 3 and 8, 2008, respectively.

20.    **For each year in the relevant time period, state your gross and net revenues and profits for the sales of your products and/or services, and what percentage of your gross and net profits came from sales within the United States.**

23

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE:**

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further objects on the grounds that the Interrogatory is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible evidence. IGE U.S.'s gross and net revenues and profits (and any geographical breakdown of those figures) are irrelevant to this litigation.

21. **Fully describe how and where records (including digital and hard copy) of actual sales transactions for your products and services are recorded and maintained.**

**RESPONSE:**

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. Subject to and without waiving the foregoing objections, IGE U.S. responds that it does not currently record or maintain such records, and does not know how and where such records are recorded and maintained, if at all.

22. **Identify all records relating to the sales, marketing, promotion, distribution, and pricing of your products and services that you maintain in digital form, and identify the computer system and software programs used to prepare and maintain the records; and describe the types of information that are recorded, the fields that are used and the record layout.**

**RESPONSE:**

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further objects on the grounds that the Interrogatory is overly broad, unduly burdensome, harassing and not reasonably calculated to lead to the discovery of admissible evidence in that it calls for identification of "all records relating to the sales, marketing, promotion, distribution, and pricing of your products and services that you maintain in digital form[.]"

{M2681379;1}

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Subject to and without waiving the foregoing objections, IGE U.S. responds that it does

not currently maintain such records, and does not know how and where any such records are

maintained, if at all. In further response, IGE U.S. refers Plaintiff to the documents produced in

response to Plaintiff's Second and Third Requests for Production of Documents, dated April 3

and 8, 2008, respectively.

23. **Identify each of your current and former employees having any responsibilities or duties concerning the marketing, sale, pricing or distribution of your products and services, including, but not limited to, the authority to make, assist in making, recommend or approve decisions with respect to the marketing, sale, pricing or distribution of your products and services, and specify all those to whom they have reported and when.**

**RESPONSE:**

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which

objections are incorporated herein by reference. IGE U.S. further objects on the grounds that the

Interrogatory is overly broad, unduly burdensome, harassing and not reasonably calculated to

lead to the discovery of admissible evidence in that it calls for the identification of all "current

and former employees having responsibilities or duties concerning the marketing, sale, pricing or

distribution" of IGE U.S.'s products or services, without limitation. IGE U.S.'s former

subsidiaries and sister companies employed hundreds of individuals.

Subject to and without waiving the foregoing objections, IGE U.S. responds that it does

not currently have any employees. In further response, IGE U.S. refers Plaintiff to its Rule 26(a)

Disclosures, dated January 15, 2008, to the documents that IGE U.S. produced in this litigation

or about May 6, 2008, and to the documents produced in response to Plaintiff's Second and

Third Requests for Production of Documents, dated April 3 and 8, 2008, respectively. IGE U.S.

also refers Plaintiff to Schedule 23 of the Purchase Agreement, dated April 5, 2007, among IGE

U.S. and Atlas Technology Group, Inc. (IGE-00042 through IGE-00050).

{M2681379;1}

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

24. **Identify each person answering these interrogatories and/or providing information used in answering these interrogatories.**

<u>**RESPONSE**</u>:

Brock Pierce with assistance of counsel.

{M2681379;1}

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**