UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-21403-CIV-COHN/SELTZER

ANTONIO HERNANDEZ, Individually and
on behalf of all others similarly situated,

      Plaintiff,

v.

IGE U.S. LLC.
a Delaware limited liability company,

      Defendant.

_____/

## NOTICE OF SERVICE OF RESPONSES TO PLAINTIFF'S SECOND SET OF INTERROGATORIES ADDRESSED TO DEFENDANT

Defendant IGE U.S. LLC ("IGE U.S.") by and through undersigned counsel, hereby gives notice of service of its Responses to Plaintiff, Antonio Hernandez's ("Plaintiff" or "Hernandez"), Second Set of Interrogatories directed to Defendant dated April 8, 2008.

          AKERMAN SENTERFITT
          One S.E. 3rd Avenue, 25th Floor
          Miami, FL 33131-1714
          Phone: (305) 374-5600
          Fax: (305) 374-5095
          Email: james.miller@akerman.com
          Email: samuel.heywood@akerman.com

By: _____
     James M. Miller
     Florida Bar Number: 201308
     Samuel S. Heywood
     Florida Bar Number: 0016604

*Attorneys for Defendant, IGE U.S. LLC*

EXHIBIT "F"

{M2683556;1}

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of IGE U.S. LLC's Answers to Plaintiff's Second Set of Interrogatories Directed to Defendant has been furnished by facsimile and Federal Express to the following individuals, this 20th day of May, 2008:

C. Richard Newsome
Andrew Knopf
**Newsome Law Firm**
20 North Orange Ave., Suite 800
Orlando, Florida 32801
Tel.: 407.648.5977
Fax: 407.648.5282

Donald E. Haviland, Jr.
**The Haviland Law Firm, LLC**
740 South Third St.
Third Floor
Philadelphia, Pennsylvania 19147
Tel.: 215.609.4661
Fax: 215.392.4400

_____
Attorney

IGE U.S. hereby responds and states its objections to Plaintiff's Second Set of Interrogatories, dated April 9, 2008, as follows:

## GENERAL OBJECTIONS

1. IGE U.S. objects to each interrogatory to the extent the interrogatory seeks information that is protected against disclosure by the attorney-client privilege, the work product doctrine, the self-critical analysis privilege, the joint-defense privilege or any other privilege recognized at common law, by the Federal Rules of Civil Procedure or by any other applicable rules.

2. IGE U.S. objects to the Interrogatories to the extent they purport to call for facts or information that is not in IGE U.S.'s possession, custody, or control, or to which IGE U.S. does not have access.

3. IGE U.S. objects to the Interrogatories on the ground that the number of total interrogatories interposed by Plaintiff, including all discrete subparts, exceeds twenty-five as prescribed by Federal Rule of Civil Procedure 33(a) and Local Rule 26.1 G.1, and Plaintiff has not sought leave of court or written stipulation to exceed that limit. IGE U.S. will not respond to interrogatories in excess of the twenty-five limit.

4. IGE U.S. objects to Definition No. 1(a) of the Interrogatories on the grounds that it is vague and overbroad, and inconsistent with the Federal Rules of Civil Procedure, in that it purports to cover IGE U.S.'s "predecessors," "successors," "affiliates," "any organization or entity in which [IGE U.S. has] management or controlling interests," Internet Gaming Entertainment, Ltd., individuals "former[ly]" associated with IGE U.S. (including "directors, officers, employees agents, representatives"), and entities or individuals that have no relationship

to any matter in this lawsuit. Such information is not reasonably calculated to the lead to the discovery of admissible evidence.

5. IGE U.S. objects to Definition No. 1(a) of the Interrogatories on the ground that it purports to impose obligations inconsistent with those imposed by the Federal Rules of Civil Procedure, and on the further grounds that it is vague and ambiguous insofar as it uses the terms "agents," "representatives," "and "other persons acting, or purporting to act" on IGE U.S.'s behalf or on behalf of any person acting on IGE U.S.'s behalf.

6. IGE U.S. objects to Definition No. 1(j) to the extent that it asks IGE U.S. to ascertain persons or entities who "potentially could compete" in the areas specified.

7. IGE U.S. reserves all other objections, including to the relevance and admissibility of the facts and information provided. Neither IGE U.S.'s agreement to answer the Interrogatories, nor its agreement to search for facts or information responsive to any interrogatory shall imply that responsive facts or information exist, or constitute an admission or acknowledgment as to the relevance or admissibility of any documents or as to the truth of any allegation or assumption contained in the Interrogatories.

8. IGE U.S. anticipates that further discovery, independent investigation, research and analyses might prompt additions or changes to these responses. IGE U.S. therefore reserves the right to supplement or change any or all of its responses to the Interrogatories as additional facts are gathered, analyses are made, legal research is conducted and contentions are formed. These responses in no way prejudice IGE U.S. in regard to further discovery, research or analyses. These responses are based on the information and documents presently available to and specifically known to IGE U.S.

9. IGE U.S. does not intend to disclose information that is privileged or is otherwise protected from discovery. Disclosure of any information protected by the attorney-client privilege, work product doctrine or any other applicable privilege or protection shall be deemed inadvertent. Inadvertent disclosure shall not constitute a waiver or prejudice of any privilege or any other ground for objecting to discovery with respect to any such information; nor shall any inadvertent disclosure waive or prejudice the right of IGE U.S. to object to the use of any such information during this or any subsequent proceeding.

10. The foregoing General Objections are incorporated in full into each specific response set forth in the Objections and Responses to Specific Interrogatories below, and will not be specifically repeated unless necessary for purposes of clarification.

## STATEMENT

IGE U.S. makes these responses without waiving its right (a) to object to the admissibility in evidence of these responses; (b) to object to further discovery relating to the subject matters encompassed within the Interrogatories; (c) to supplement the objections in the event additional pre-trial preparation results in the discovery of additional grounds for such objection; or (d) to revise, correct, add to, or clarify these responses.

[This space left intentionally blank]

## RESPONSES TO INTERROGATORIES

1. **State the following:**

    A. **the name of defendant answering these interrogatories and all names by which you have been known or traded under;**

**RESPONSE:**

IGE U.S. objects in that this Interrogatory is duplicative of Interrogatory No. 1(a) in Plaintiff's Interrogatories Directed to Defendant, dated April 3, 2008. Subject to and without waiving this objection, IGE U.S. responds as follows:

Affinity Media Holdings, LLC, f/k/a IGE U.S., LLC

    B. **address or addresses where you do business;**

**RESPONSE:**

IGE U.S. objects in that this Interrogatory is duplicative of Interrogatory No. 1(b) in Plaintiff's Interrogatories Directed to Defendant, dated April 3, 2008. Subject to and without waiving this objection, IGE U.S. responds as follows:

666 71st St., Miami Beach, FL 33141

    C. **the date and place of incorporation;**

**RESPONSE:**

IGE U.S. objects in that this Interrogatory is duplicative of Interrogatory No. 1(c) in Plaintiff's Interrogatories Directed to Defendant, dated April 3, 2008. Subject to and without waiving this objection, IGE U.S. responds as follows:

April 2003, Delaware

    D. **the names and addresses of all officers, identifying the particular offices;**

**RESPONSE:**

IGE U.S. objects in that this Interrogatory is duplicative of Interrogatory No. 1(d) in Plaintiff's Interrogatories Directed to Defendant, dated April 3, 2008. Subject to and without waiving this objection, IGE U.S. responds as follows:

Brock Pierce, Managing Member
c/o James Miller, Esq., Akerman Senterfitt

E. **the names and addresses of all entities which hold an ownership or controlling interest in you; and**

**RESPONSE:**

IGE U.S. objects in that this Interrogatory is duplicative of Interrogatory No. 1(e) in Plaintiff's Interrogatories Directed to Defendant, dated April 3, 2008. Subject to and without waiving this objection, IGE U.S. responds as follows:

Brock Pierce – Managing Member
c/o James Miller, Esq., Akerman Senterfitt

Mark Stephen Salyer Consulting, LLC – Member
*To be provided under separate cover*

Topping on the Lake, LLC – Member
*To be provided under separate cover*

Stephen Bannon – Member
Affinity Media, Inc.
2800 West Olympic Blvd.
Santa Monica, CA 90404

Randy Maslow, Esq. – Member
c/o Michael Solovay, Esq.
Greenberg Traurig P.A.
200 Park Avenue, 14th Floor
New York, NY 10166

Alan Debonneville – Member
*To be provided under separate cover*

F. **the names and addresses of all entities in which you hold an ownership or controlling interest.**

{M2683556;1}
CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

**RESPONSE:**

Affinity Media, Inc.

2. **Identify each person answering these interrogatories and/or providing information used in answering these interrogatories.**

**RESPONSE:**

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further objects on the ground that this Interrogatory exceeds the maximum number of written interrogatories (including discrete subparts) permitted by Federal Rule of Civil Procedure 33(a)(1).

3. **State the total number and percentage (relative to the total number in the United States) of known or potential members of the Class who reside (1) inside the State of Florida; and (2) outside the State of Florida. For members of the Class residing inside the State of Florida, for each county in Florida, identify the number and percentage (relative to the total number in the State of Florida) of Class members residing therein. Identify all documents that you contend support, rebut, or otherwise relate to your answer.**

**RESPONSE:**

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further objects on the ground that this Interrogatory exceeds the maximum number of written interrogatories (including discrete subparts) permitted by Federal Rule of Civil Procedure 33(a)(1).

4. **Identify every affiliate, vendor, agent, or other party ("Vendors") who, to your knowledge, marketed, distributed and/or sold products or services relating to MMORPGs, particularly WOW®, to known or potential members of the Class, including (1) the Vendor's full name and the name of any company or business association with the Vendor; (2) the location of the Vendor's place of business; (3) if different, the location(s) where the Vendor marketed, distributed and/or sold products or services to Class members.**

**RESPONSE:**

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further objects on the ground that this

8
{M2683556;1}

Interrogatory exceeds the maximum number of written interrogatories (including discrete subparts) permitted by Federal Rule of Civil Procedure 33(a)(1).

5. Identify every Vendor to whom you provided or from whom you received products or services relating to MMORPGs, particularly WOW®, and specify as to each: (1) the number of volume of product(s) or service(s) provided, by year; (2) the types product(s) or service(s) provided (as broken down in answer to Interrogatory No. 62 below); and (3) total dollar value of such product(s) and service(s), by year.

RESPONSE:

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further objects on the ground that this Interrogatory exceeds the maximum number of written interrogatories (including discrete subparts) permitted by Federal Rule of Civil Procedure 33(a)(1).

6. With respect to your denials in your Answer to the allegations in the Complaint that: (a) the proposed class is so numerous that individual joinder is impractical (Compl. ¶35); (b) Plaintiff's claims are typical of those of the Class (Compl. ¶36); (c) common questions of law and fact exist as to all members of the Class (Compl. ¶37); (d) Plaintiff will fairly and adequately represent and protect the interests of the class and has no interest antagonistic to those of the class (Compl. ¶39); and (e) the class action is superior to other available methods for the fair and efficient adjudication of the controversy (Compl. ¶42), please state each fact and identify each document that you contend supports or otherwise relates to these denials.

RESPONSE:

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further objects on the ground that this Interrogatory exceeds the maximum number of written interrogatories (including discrete subparts) permitted by Federal Rule of Civil Procedure 33(a)(1).

7. Set forth, by year (or any lesser time period for which it is maintained by you), the price(s) for your products or services relating to MMORPGs, particularly WOW®.

RESPONSE:

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further objects on the ground that this Interrogatory exceeds the maximum number of written interrogatories (including discrete subparts) permitted by Federal Rule of Civil Procedure 33(a)(1).

8. **Describe in detail any discounts, rebates and terms and conditions of sale or distribution of products or services relating to MMORPGs, particularly WOW®, for each year during the relevant time period. Identify all documents that refer or relate to such discounts, rebates and terms and conditions of sale.**

RESPONSE:

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further objects on the ground that this Interrogatory exceeds the maximum number of written interrogatories (including discrete subparts) permitted by Federal Rule of Civil Procedure 33(a)(1).

9. **For each year during the relevant time period, if you had any price, pricing rule, discount, price formula or any price adjustment clause, term or condition of sale or any other provision or clause which affected prices actually charged to or paid by purchasers of products or services relating to MMORPGs, particularly WOW®, fully describe it and state to whom and when it applied. Identify all documents that refer or relate to such price, pricing rule, discount, price formula or any price adjustment clause, term or condition of sale.**

RESPONSE:

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further objects on the ground that this Interrogatory exceeds the maximum number of written interrogatories (including discrete subparts) permitted by Federal Rule of Civil Procedure 33(a)(1).

10. **Describe any information and identify any documents available to the plaintiff or any member of the class (as defined in the Class Action Complaint) during the relevant time period, which you believe should have caused plaintiffs or any member of the putative class to investigate whether there was a fraud, conspiracy or other unlawful conduct relating to the marketing, sale or distribution of products or services relating to MMORPGs, particularly WOW®.**

**RESPONSE:**

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further objects on the ground that this Interrogatory exceeds the maximum number of written interrogatories (including discrete subparts) permitted by Federal Rule of Civil Procedure 33(a)(1).

**11. Fully describe how and where records (including computer, electronic, hard copy and microfiche) of actual sales transactions for products or services relating to MMORPGs, particularly WOW®, are recorded and maintained.**

**RESPONSE:**

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further objects on the ground that this Interrogatory exceeds the maximum number of written interrogatories (including discrete subparts) permitted by Federal Rule of Civil Procedure 33(a)(1).

**12. Identify all records relating to the sales, marketing, distribution, and pricing of products or services relating to MMORPGs, particularly WOW®, that you maintain in electronic form, and identify the computer system and software programs used to prepare and maintain the records; and describe the types of information that are recorded, the fields that are used and the record layout.**

**RESPONSE:**

IGE U.S. objects to this Interrogatory as set forth in the General Objections above, which objections are incorporated herein by reference. IGE U.S. further objects on the ground that this Interrogatory exceeds the maximum number of written interrogatories (including discrete subparts) permitted by Federal Rule of Civil Procedure 33(a)(1).