

**THE HAVILAND LAW FIRM**
WWW.HAVILANDLAW.COM

June 9, 2008

<u>*VIA FACSIMILE AND ELECTRONIC MAIL*</u>

James Miller, Esquire
**AKERMAN SENTERFITT**
One Southeast Third Avenue, 25th Floor
Miami, Florida 33131

    **Re:**     **Antonio Hernandez v. IGE U.S., LLC.,**
              **Southern District of Florida; Case No. 07-21403-CIV**
              **IGE Discovery Deficiencies**

Dear Jim:

      I am writing to follow up on IGE's recent discovery responses to raise with you certain deficiencies we have identified, and to call for a meet and confer conference as soon as possible this week to try to resolve the issues, short of pursuing motion practice with the Court.

**<u>Document Requests</u>**

      Plaintiff has served IGE with several document requests. On May 20, 2008, IGE responded to Plaintiff's First, Second and Third Requests for Production of Documents [hereinafter collectively, "the Requests"]. IGE produced a total of just over 1600 pages of documents, consisting of mainly an obviously incomplete collection of corporate meeting documents and reports. No supplement to IGE's document production has been provided to date, despite prior representations that there would be a "rolling production."

      Some of the areas of deficiency we have identified include, but are not limited to, the following:

      1.     Tax returns, P&Ls, profit projections, and other corporate financial documents;
      2.     Documents referring or relating to PayPal, Visa/Mastercard, and other financial institutions with whom IGE and its affiliates dealt;
      3.     Records of payments received from Atlas per the royalty agreement set forth in the purchase agreement;

THE HAVILAND LAW FIRM, LLC
740 S. THIRD ST. • THIRD FLOOR • PHILADELPHIA, PA 19147 • PHONE: 215-609-4661 • FAX: 215-392-4400

Dockets.Justia.com

4. Corporate Board of Directors and other internal corporate meeting agenda, minutes, resolutions and related documents only [intermittent documents have been produced; *See, e.g.* IGE-01129];
5. Documents provided to investors, like Goldman Sachs, as part of their due diligence and continuing role on the Board of Directors;
6. Electronic discovery: email, other electronically-stored documents and data on company and company employee hard drives responsive to the Requests (a few scattered emails have been produced);
7. All documents generated and/or produced in the lawsuit *Debonneville v. Pierce*;.
8. Contracts and communications with vendors, including present of former owners and operators of IGE websites and other virtual property;
9. Communications between the company and outside persons and entities, including all those listed on Affinity/IGE's on corporate hierarchy charts at IGE-01218-1230;
10. Records relating to ownership of ZAM, thottbot, allakazam, ogaming, wowhead, playerauctions, itemmania and GamesTV;
11. Standard Operating Procedures document referenced in IGE-00706;
12. Records of the thousands of account names and passwords, referenced in IGE-00707;
13. Corporate Charter with Strategy and Objectives referenced in IGE-00772;
14. The "Key West Agreement" referenced in IGE-00872;
15. All weekly trade meeting reports. We only have a few. *See, e.g.*, IGE 00976;
16. All Affinity CEO Reports. We only have a few. *See, i.e.*, IGE-00925;
17. The "Dictionary" referenced in IGE-01006;
18. All "Priority Reports" referenced in IGE-01007;
19. All project budgets referenced in IGE-01045;
20. Annual budget and operating plan referenced in IGE-01128;
21. The rest of the organizational charts referenced in IGE-01224 that were not produced;
22. A list of the URLs for all websites owned or controlled by Affinity/ IGE and its Affiliates referenced in IGE-01255 through IGE-01347; and
23. Records relating to acquisition, operation, performance, and financials of ZAM Network. (IGE-01407).

**Interrogatories**

Plaintiff served IGE with Interrogatories on April3, 2008 and IGE responded May 20, 2008. There are several deficiencies we have identified with IGE's interrogatory responses.. First, IGE indicated at several places that we will receive supplemental information, "to be provided under separate cover". We have not received that information to date, and hereby request that appropriate identifying information be provided for all of the following: Mark Steven Salyer and Mark Steven Salyer Consulting, LLC, Topping on the Lake, LLC, Allan DeBonneville, James Clarke, and Greg Jelniker. Second, while IGE US has invoked attorney/client, work product "self-critical analysis" and joint-defense privileges, we have not received to date any privileged log and hereby demand production of the same, considering that such invocations without appropriate logging may be deemed a waiver by the Court. We also do

2

not understand or agree with your invocation of putative "self-critical analysis privilege" and would ask you to provide us some legal authority for withholding documents on such grounds. Third, while IGE objects that the interrogatories exceed the 25 allowed under Federal Rule of Civil Procedure 33(a) and Local Rule 26.1G.1, it claims that it has responded to the interrogatories despite such objection.  However, it appears to us that you simply invoked this objection to every interrogatory after #2 with respect to our second set of interrogatories (which were specifically addressed pending class certification issues).  These objections must be withdrawn, and the interrogatories answered or we will seek immediate relief from the Court given the time pressure on class certification deadlines.  Fourth, a number of interrogatories were simply answered in broad strokes, without the requisite detail we have sought.  I cite as an example Interrogatory #14 which sought the factual basis for your denials of allegations in the complaint. IGE US simply deferred its response to some future pleading, which is inappropriate considering we have interposed a discovery request now, not at some uncertain future date.  Further, IGE appears to have invoked Rule 33(d) of the Federal Rules in certain responses by citing us to nondescript documents produced in the case. If this was IGE's intention, it did not comport with the requisites of Rule 33(d) and a detailed supplemental response must be provided.  Another example is IGE's response to Interrogatory #16 which simply refused to provide any substantive response because of the number of individuals who have responsive information. Such a response is inappropriate under the Rules.

  In our anticipated meet and confer, we expect to go over each of the interrogatories with you to determine IGE's position as to whether it will provide a supplemental response or not, in order to ascertain the areas of disagreement so that we can seek relief from the Court, as appropriate. The same is true for the document requests.

  Please give me a date and time <u>this week</u> when you are available to meet and confer with the respect to IGE's discovery responses.  We will make ourselves available.  If you are unwilling or unable to resolve these issues this week, we will have to file a Motion to Compel with the Court to ensure these matters are timely resolved.  (As you know, we have just over 8 weeks to complete all fact discovery in this case).

  I look forward to hearing from you.

           Yours sincerely,

           /s/
           DONALD E. HAVILAND, JR.

DEH:kls

cc: Rich Newsome, Esquire (via facsimile)